IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1603 (LMB/MSN) |
| ) | |
| STEFAN A. HALPER, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PETITION FOR REASONABLE ATTORNEYS' FEES**

On May 5, 2021, this Court granted Defendant Stefan A. Halper's ("Prof. Halper") motion for sanctions. In granting the motion, the Court dismissed the case (hereinafter *Lokhova II*) and ordered the that the "defendant file a petition for reasonable fees incurred after issuance of his Rule 11 letter." D.E. 16. As explained below, Prof. Halper respectfully requests that the Court award a total of $33,875.00 in attorney's fees.

**Factual Background**

Plaintiff filed her suit against Defendant Harper on December 31, 2020. D.E. 1. On February 12, 2021, counsel for Defendant served a draft Rule 11 motion to Plaintiff and Plaintiff's counsel on February 12, 2021, pursuant to the safe harbor provisions of Rule 11(c)(2). Exhibit 1; Reed Declaration, ¶ 10.

The February 12th letter and accompanying draft motion and memorandum demanded that, "unless Plaintiff agrees, within the next twenty-one days, to dismiss the above-captioned lawsuit against Defendant Halper," the Rule 11 motion would be filed. Exhibit 1; Reed Declaration, ¶ 11.

1

The complaint was not dismissed by Plaintiff within the next 21 days (by March 5, 2021). Reed Declaration, ¶ 12. Instead, on March 9, 2021, Plaintiff and Plaintiff's counsel served a copy of the summons and complaint upon Defendant and his counsel. D.E. 5.

In accordance with the February safe-harbor letter, on March 26, 2021, Defendant Halper filed the Rule 11 motion seeking dismissal of the Complaint and an award of fees. D.E. 6. The motion was fully briefed (*see, e.g.*, D.E. 6, 12, 13), and was granted by this Court after hearing on May 5, 2021. D.E. 16.

## GOVERNING STANDARD

Pursuant to the Court's Order, its inherent authority, and Fed. R. Civ. P. 11, Prof. Halper may recover reasonable attorneys' fees and costs, and "may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion." Fed. R. Civ. P. 11(c)(2).

The Court's sanction ruling limited a fee award to the amounts expended after Defendant served its Rule 11 safe harbor demand upon Plaintiff. Accordingly, this application does not include time or expenses prior to February 12, 2021 in this case. It also does not include time nor expenses from the related prior litigation in this Court between the parties (docketed as *Lokhova v. Halper*, No. 1:19-cv000632-LMB-JFA (E.D. Va.) ("*Lokhova I*")) or from the appeal or cross-appeals to the Fourth Circuit Court of Appeals (*Lokhova v. Halper*, Case Nos. 20-1368 & 1437 (4th Cir.)).

This Court has previously described the method for calculating reasonable fee awards as follows:

> First, a court must determine a lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). "Hours that are 'excessive, redundant, or otherwise

2

> unnecessary' must be excluded from the [lodestar] calculation as they were not 'reasonably expended' on the litigation. *Page v. Virginia State Bd. of Elections*, No. 3:13-cv-678, 2015 WL 11256614, at *2 (E.D. Va. Mar. 11, 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). There is a "strong presumption" that the lodestar figure is reasonable. *Id*. (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).
>
> In assessing the reasonability of the lodestar figure, the Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). These factors include:
>
>> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> *Id*. at 226 n.28. The Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Randolph v. PowerComm Constr., Inc.*, No. 18-1728, 2019 WL 3072555, at *4 (4th Cir. July 11, 2019) (*per curiam*) (internal quotation marks and citation omitted). Finally, the Court must "take into account the degree of success obtained and award some percentage of the remaining amount based on that assessment." *Matias Guerra v. Teixeira,* No. 16-cv-0618, 2019 WL 3927323, at *4 (D. Md. Aug. 20, 2019).

*Cho v. Joong Ang Daily News Washington, Inc.*, 2020 WL 1056294, *3-4 (E.D. Va. March 4, 2020) (footnote omitted).  *Accord*, *Zamora v. Enterprise Rac of Maryland, LLC*, 2020 WL 7488200, *4 (E.D. Va. Dec. 7, 2020) (Brinkema, J.) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)).

Here, Defendant's fee application suggests a lodestar of $33,875.00, (hours times hourly rates for two attorneys).  Defendant is not seeking recovery of out of pocket expenses.  The presumption of its reasonableness that attaches to the lodestar is not called into question by examination of the so-called *Kimbrell* factors.

3

## ARGUMENT

### I.   Defendant Seeks Reimbursement of Reasonable Fees.

Defendant claims the reasonable attorneys' fees which were incurred: (1) researching, drafting and filing the Motion for Sanctions after February 12, 2021; and (2) analyzing Plaintiff's Opposition brief; (3) researching, drafting and filing the Reply in Support of the Motion to Dismiss; (4) appearing in Court to argue the Motion.

#### A.   Defendant's Attorneys' Rates Are Reasonable.

The two lawyers who performed the legal work are Terrance G. Reed and Robert K. Moir.  Mr. Reed has approximately 36 years of litigation experience, and Mr. Moir has 23 years of litigation experience.  *See* Reed Declaration, ¶ 10; Moir Declaration, ¶ 8.

Under the widely used *Vienna Metro* fee award standard, a reasonable attorney fee rate for lawyers with a minimum of 20 or more years of legal experience would fall within the range of $505 to $820 per hour.  *Vienna Metro LLC v. Pulte Home Corp.*, 2011 WL 13369780, *6 (E.D. Va. August 24, 2011) (Lee, J.).[1]  Defendant suggests that an hourly rate of $500 is reasonable here, and it is below the lowest possibly applicable *Vienna Metro* rate.

The total attorney time expended after February 12th until May 5th was 67.75 hours, representing 49 hours for Mr. Reed, and 18.75 hours for Mr. Moir.  *See* Reed Declaration ¶ 14; Moir Declaration, ¶ 8.

---

[1] Followed in *Zamora*, 2020 WL 7488200, *5; *United States ex rel. Maxwell v. Anham USA, Inc.*, 2020 WL 4460364, *2 (E.D. Va. August 3, 2020) (Hilton, J.); *Bowden v. Forest River, Inc.*, 2020 WL 3584792, *2 (E.D. Va. June 30, 2020) (Hilton, J.); *P5 Solutions, Inc. v. Steinke*, 2020 WL 3259793, *2 (E.D. Va. June 15, 2020) (Hilton, J.); *Schmidt v. FCI Enterprises LLC*, 2020 WL 2748500, *4 (E.D. Va. January 3, 2020) (Alston, J.).

      **B.**      **Defendant's Attorneys' Hours Are Reasonable.**

The hours expended on the matter were also reasonable. As a result of Plaintiff's filing of this suit, Defendant was forced to analyze and respond to the Complaint; examine the ongoing record of relevant litigation under the factors outlined in *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990); investigate the undisclosed issues involved in the bar membership of Mr. Biss; draft and file Reply; and prepare for and attend a hearing on the Motion.

      **C.**      **The Twelve *Kimbrell* Factors Favor the Suggested Award.**

The *Kimbrell* factors, taken as a whole, do not support a departure from the lodestar.

- **Novelty and Difficulty**. While the core legal issues relevant to a determination of the legal insufficiency of the complaint are not especially novel or difficult, their context is both. Their complexity begins with their unusual procedural context. At the relevant time, the sanctions issue were before three separate courts—the Fourth Circuit on cross-appeal, this Court upon denial of sanctions in *Lokhova I* "without prejudice," and this Court before another judge because of Plaintiff's failure to designate *Lokhova II* as a related case. Second, the scope of relevant evidence and argument was broad. The Fourth Circuit has held generally that the entire litigation history of counsel and client may be considered in determining the need for sanctions. *Kunstler*, 914 F.2d at 518. That broad scope was reaffirmed by the Fourth Circuit in its affirmance of this Court's sanctions ruling in *Lokhova I*. The broad scope was reaffirmed in this Court's decision to adopt what the Fourth Circuit described as a "wait and see approach" to evaluating the conduct of Plaintiff and her counsel. Third, the scope of relevant litigation history was expanded by the frequency and tenor of the lawsuits being initiated or prosecuted by Plaintiff's counsel.

- **Skill required**. The overarching privilege and immunity issues that justified dismissal of the Complaint, and to overcome Plaintiff's meritless opposition, required at least the level of skill associated with defense counsel's practice before this Court.

- **Opportunity costs**. Because the suit should never have been brought, any and all responsive effort by defense counsel and this Court are opportunity costs—the time would have been better spent dealing with real cases on issues that were viable or mattered. Indeed, one of the reasons cited for seeking sanctions was to deter such squandering of legal resources by Plaintiff and her counsel, for the benefit of Defendant and others.

5

- **The customary fee**. As demonstrated by the Vienna Matrix, the customary fee for similar work in this Court is from $505 to $820 per hour.

- **Attorney expectations**. Defense counsel's expectations were that Plaintiff and her counsel would continue to pursue litigation and false claims against Defendant unless told by a Court that such a campaign would cost them money, rather than make them money and garner false celebrity. Second, defense counsel appreciated that one of the ulterior purposes of the litigation was to promote Plaintiff's book, and to secure the discovery opportunities that Plaintiff was unsuccessful in securing in *Lokhova I*. Resolving such disputes would take months, if not years, of legal resources, all of which Plaintiff and her counsel were willing to invest because they would be punitive as to Defendant.

- **Time limits**. The circumstances imposed only one significant time limitation—that if Plaintiff were successful in moving this case past a motion to dismiss, the amount of time needed to defend the case would be substantial

- **The amount in controversy, and results obtained**. Plaintiff's suit against Defendant in *Lokhova I* sought $25 million in damages. It is unlikely that Plaintiff or her counsel would place a lower estimation of damages in *Lokhova II*. The results obtained, however, are more than just the elimination of claimed damage exposure, as Plaintiff and her counsel have been shown that warnings unheeded will result in sanctions.

- **The experience, reputation and ability of the attorney**. Defense counsel Reed and Moir have submitted declarations describing their experience. Their reputation belongs to others to say.

- **The undesirability of the case within the legal community**. This factor is not at issue in this matter. The case was an unnecessary rematch of *Lokhova I*, and was necessary to undertake to fulfill the warnings of this Court in *Lokhova 1*.

- **The nature and length of the professional relationship between attorney and client.** This factor is an issue only in the sense that pursuit of sanctions was important to the end of personal attacks upon the Defendant by Plaintiff and her counsel through misuse of the judicial system.

- **Attorneys' fees in similar cases**. Earlier this month, another court imposed sanctions upon Plaintiff's counsel for filing a meritless amended

6

complaint in *Harvey v. Cable News Network, Inc.*, 2021 WL 1751121 (Md. May 4, 2021). The fee sanctions was $21,437.50. *Id.* at *3,

## Conclusion

For the foregoing reasons, this Court should enter a Rule 11 and inherent authority fee sanctions of $33,875.00.

        Respectfully Submitted
        _____/s/_____
        Terrance G. Reed (VA Bar 46076)
        Robert K. Moir (VA Bar 42359)
        Lankford & Reed PLLC
        120 N. St. Asaph St.
        Alexandria, VA 22314
        Phone: (703) 299-5000
        Facsimile: (703) 299-8876
        tgreed@lrfirm.net
        rkmoir@lrfirm.net

        Robert D. Luskin (*pro hac vice*)
        Paul Hastings LLP
        875 15th ST NW
        Washington, DC 20005
        Phone: (202) 551-1966
        Facsimile: (202) 551-0466
        robertluskin@paulhastings.com

        *Counsel for Stefan A. Halper*

**Certificate of Service**

I hereby certify that on May 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to all counsel of record.

_____/s/_____
Robert K. Moir