UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA, <br><br> Plaintiff, <br><br> v. <br><br> STEFAN A. HALPER, <br><br> Defendant. | No: 1:20−cv−01603−LMB−TCB |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, by and through undersigned counsel, and Opposes the Defendant's motion to dismiss, and in support thereof states as follows.

### BACKGROUND

This case is before the Court on remand from the Fourth Circuit, which upheld the viability of the defamation and tortious interference claims alleged in the original complaint. The Court of Appeals summarized those claims as follows:

> The complaint's core allegations stated that in March 2020, when [defendant] Halper learned of [plaintiff Lokhova's] book, he directed his counsel, Terry Reed, to contact Post Hill Press and Simon & Schuster solely for the purposes of "quash[ing] publication and cancel[ling] the Book Contract." It alleged that Reed then "contacted [Simon & Schuster] and [Post Hill Press] and falsely accused [them] of defaming Halper in the marketing materials." The complaint stated that "Halper requested that [the publishers] issue a public, written retraction of the defamation." Furthermore, it alleged that through the letters, Halper also

"defamed and disparaged" Lokhova to the publishers, falsely accusing her of "knowingly publishing" statements that were "false" and "inciteful" and that generated "hatred and threats" against Halper and his family. The complaint also alleged that "Halper escalated the threats and intimidation to [Simon & Schuster's] parent company, CBS Corporation." The complaint concluded that Halper's accusations were untrue and that "[t]he sole purpose of Halper's actions was to interfere with [Lokhova's] Book Contract and induce [Post Hill Press] to terminate the Contract," which it ultimately did after facing irresistible pressure from Simon & Schuster.

*Lokhova v. Halper*, 30 F.4th 349, 355 (4th Cir. 2022).

The Circuit noted that "[i]t is not disputed that the complaint adequately stated claims under Virginia law for defamation and tortious interference with contract." *Id.* at 356. Rather, the issue was whether the two Halper letters were protected by the absolute litigation privilege. The Court ruled that "[o]nly after discovery and the development of a fuller record can it be determined whether Halper is able to show that the letters qualify for absolute privilege under Virginia law …." *Id.* at 357.

Notwithstanding the Fourth Circuit's decision, defendant Halper moves to dismiss the complaint -- which has been amended -- and asks this Court to rule that it fails to state claims for defamation or tortious interference, or that the statements at issue are cloaked by a privilege or immunity other than the litigation privilege. Halper's arguments, while excessively long,[1] are meritless.

---

[1] Defendant's Memorandum violates Local Rule 7(F)(3): "All briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins. Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced and rebuttal briefs shall not exceed twenty (20) such pages." The Memorandum is 33 pages long, and would likely be longer if the first two pages and the last page were in Roman 12 point style, but they appear to be in Roman 11 point style.

2

ARGUMENT

A.     The Amended Complaint States A Defamation Claim

   1.     **Defamatory sting**

As the Fourth Circuit noted, the complaint alleges that Halper defamed and disparaged Ms. Lokhova to her publishers, falsely accusing her of "knowingly publishing" statements that were "false" and "inciteful" and that generated "hatred and threats" against Halper and his family. In Virginia, a statement is defamatory if it "tend[s]so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin v. Knight-Ridder, Inc.* 993 F.2d 1087, 1092 (4th Cir. 1993) (quoting *Restatement (Second) of Torts* § 559). The statements alleged are defamatory -- they "clearly would tend to damage [plaintiff's] business reputation with its customers. Indeed, the statements were designed to discourage [plaintiff's] customers from dealing with [her]." *Maggio v. Liztech Jewelry*, 912 F.Supp. 216, 219-20 (E.D. La. 1996).

   2.     **Falsity**

The Amended Complaint explicitly alleges that the defamatory statements were false. Halper spends multiple pages of his motion disputing this issue, but resolution of this factual dispute is not the function of a motion to dismiss.

   3.     **The statements are "of and concerning" plaintiff**

Halper argues that the alleged defamatory statements were not about Ms. Lokhova but instead were about the description of him in the marketing materials for the book. This

contention simply misstates the allegations in the Amended Complaint, which alleges that Halper defamed Ms. Lokhova in the letters to the publishers by falsely accusing her of lying about him and of defaming him, and by disparaging her in defamatory language. He is complaining about the marketing materials, but the language he used to lodge his complaint defames Ms. Lokhova.

### 4. The statements are not opinions

The amended complaint alleges that Halper defamed and disparaged Ms. Lokhova – a historian, educator, and author - to the publishers by falsely accusing her of knowingly publishing statements about him that were false. Halper's false accusation is an actionable statement of fact, not a non-actionable opinion. Accusations of misconduct or statements that impugn a person's fitness, ethics, honesty, or other character traits associated with their field of employment or profession, such as these, are actionable defamation. *See Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 715 (2006) (statement that plaintiff lawyer "just takes people's money" is actionable); *Government Micro Res., Inc. v. Jackson*, 271 Va. 29, 37 (2006) (statement that plaintiff company president had "mismanaged" a company and lost an "exorbitant amount of money" is actionable); *Ziglar v. Media Six, Inc.*, 61 Va. Cir. 173, 179 (Roanoke City 2003) (statement that plaintiff prosecutor had "trumped up" charges against a defendant for personal reasons is actionable). In an effort to avoid the inescapable conclusion that his statements are actionable defamation, Halper repeatedly mischaracterizes the nature of the defamation claim.

### 5. Actual malice

Halper's motion, which was filed in response to the original complaint, contends that it failed to plead actual malice. However, the Amended Complaint specifically pleads actual malice, so this argument is moot.

### 6. Publication

To be actionable, a defamatory communication must be conveyed to a third person. Here, the Amended Complaint alleges that the letters at issue were conveyed to Ms. Lokhova's publishers and others. This requirement is plainly satisfied.

### B. The Amended Complaint States A Claim For Tortious Interference

Halper contends that the claim for tortious interference with contract must be dismissed because it is inextricably intertwined with the defamation claim and the defamation claim is defective. This argument fails because both its premises are wrong: (1) the defamation claim is not defective for the reasons stated above, and (2) the tortious interference claim does not require that Ms. Lokhova prove or prevail on her defamation claim; it only requires the she prove "improper methods" were used to interfere with her contract, which can consist of both illegal and legal conduct, including deceit, unfounded litigation, threats, and even unethical conduct, among others, all of which is alleged in the Amended Complaint, in addition to defamation. *See Duggin v. Adams*, 234 Va. 221, 226 (1987)(citing to the Restatement of Torts).

### C.     The Amended Complaint Is Not Barred By Privilege Or Immunity

#### 1.     The qualified privilege of self-defense is a factual issue for trial

Halper argues that his alleged defamatory statements are protected by a qualified privilege to make a reasonable response to Ms. Lokhova's accusations about him. This is a factual issue for the jury to resolve and does not form a basis to dismiss the Amended Complaint.

A qualified privilege can be lost or abused if: (1) the statements were made with knowledge that they were false or with reckless disregard for their truth; (2) the statements were communicated to third parties who have no duty or interest in the subject matter; (3) the statements were motivated by personal spite or ill will; (4) the statements included strong or violent language disproportionate to the occasion; or (5) the statements were not made in good faith. *Cashion v. Smith*, 286 Va. 327, 339 (2013). The Amended Complaint specifically alleges that Halper has lost or abused any qualified privilege that he may have. Amended Complaint, ¶ 137.

The Virginia Supreme Court "has repeatedly recognized that the question of whether a statement was made in good faith is a question of fact for the jury to decide when determining whether a qualified privilege has been lost or abused, and is not a question of law for the court to answer in deciding whether a privilege has attached." *Id.* at 338. "The question of whether a defendant has lost or abused the privilege is a question of fact for the jury." *Id.* at 339. In sum, "[t]he existence of qualified privilege is … a question of law; however, the question of whether a defendant has lost or abused a privilege is a question of fact." *Goulmamine v. CVS Pharmacy, Inc.*, 138 F.Supp.3d 652, 659 (E.D. Va. 2015).

Accordingly, a claim of qualified privilege cannot be resolved on a Rule 12(b)(6) motion if the plaintiff has set forth a sufficient allegation of malice to survive a motion to dismiss. *See*

6

*Meredith v. Nestle Purina Petcare Co.*, 516 F.Supp.3d 542, 557 (E.D. Va. 2021). Ms. Lokhova has done so here as she has sufficiently alleged that Halper acted with actual malice, and that he abused any alleged privilege.

### 2. Statutory immunity does not apply

Halper next claims that he is immune from liability for his statements by virtue of Va. Code § 8.01-223.2. This statute was amended in 2017 to grant a form of "immunity" to persons alleged to have made certain defamatory statements regarding matters of *public* concern:

> A person shall be immune from civil liability for ... a claim of defamation based solely on statements (i) regarding matters of public concern that would be protected under the First Amendment to the United States Constitution made by that person that are communicated to a third party .... The immunity provided by this section shall not apply to any statements made with actual or constructive knowledge that they are false or with reckless disregard for whether they are false.

Va. Code § 8.01-223.2(A). Because Ms. Lokhova has plausibly alleged defamation with actual malice against Halper, this provision is inapplicable. *See Gilmore v. Jones*, 370 F.Supp.3d 630, 682 (W.D. Va. 2019).[2]

Furthermore, Halper's defamatory statements and letters at issue do not involve matters of *public* concern protected by the First Amendment. They were not intended to, and did not, enter the public sphere. Halper did not submit them to any public body or agency. Rather, they were addressed to private parties concerning a *private* issue -- stopping publication of Ms. Lokhova's book -- rather than any *public* issue. *See Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, 500 F.Supp.3d 1104, 1115 (C.D. Cal. 2020) (lawyer's letters were

---

[2] In addition, "whether the privilege is overcome by virtue of the defendant's improper mental states (*i.e.*, a reckless disregard for the truth or actual or constructive knowledge of a statement's falsity) is a jury question." *Alexis v. Kamras*, 2020 WL 7090120, at *21 (E.D. Va. 2020). Thus, this argument does not furnish a basis for dismissal on a Rule 12(b)(6) motion.

not made to further public discussion where they were not intended to and did not enter the public sphere and did not advocate for a change in general policies that would affect the public but instead requested only the cancellation or termination of individual contracts).

### 3. *Noerr-Pennington* immunity does not apply

Venturing even farther afield, Halper invokes the *Noerr-Pennington* doctrine, which he terms "First Amendment immunity," as an affirmative defense. "Under the *Noerr–Pennington* doctrine … defendants are immune from <u>antitrust liability</u> for engaging in conduct (including litigation) aimed at influencing <u>decisionmaking by the government</u>." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555-56 (2014) (emphasis added). However, "activity ostensibly directed toward influencing governmental action' does not qualify for *Noerr* immunity if it 'is a mere sham to cover ... an attempt to interfere directly with the business relationships of a competitor." *Id.* (internal quotation marks & citation omitted). The *Noerr-Pennington* doctrine is patently inapplicable here. The case has nothing to do with anti-trust issues. The claims in this case are not based on any alleged effort by Halper to influence governmental action. Instead, they are based on his successful efforts to unlawfully influence the conduct of private publishers who had agreed to publish Ms. Lokhova's book. Halper's *Noerr-Pennington* argument is frivolous.

D. **The Amended Complaint Is Not Barred By Res Judicata**

Finally, Halper contends that the Amended Complaint is barred under the doctrine of issue preclusion, by this Court's decision in *Lokhova v. Halper*, 441 F.Supp.3d 238 (E.D. Va. 2020), *aff'd*, 995 F.3d 134 (4th Cir. 2021) ("*Lokhova I*"). He asserts that "Plaintiff's reputational defamation claim against Halper arising out of the alleged Russian hoax was … litigated in *Lokhova I* and is now precluded." (Def's. Memo. At 30). However, as the Fourth Circuit pointed out in its recent decision, although this case involves "the same cast of characters, accusing each other of making defamatory statements about some of the same historical events" as appeared in *Lokhova I*, the complaint in this case "present[s] claims based on new, distinct facts." *Lokhova v. Halper*, 30 F.4th at 358. Halper's *res judicata* claim is manifestly frivolous.

WHEREFORE, it is respectfully submitted that the Motion to Dismiss should be denied.

Dated: July 6, 2022                                        Respectfully Submitted,


_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

9

## CERTIFICATE OF SERVICE

  I hereby certify that, on July 6, 2022, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

                _____/s/_____
                Leslie McAdoo Gordon