IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Svetlana Lokhova,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) Civil Action No. 1:20-cv-1608 (LMB) |
| **Stefan Halper,** | ) ) |
| **Defendant.** | ) ) ) |

# JOINT RULE 26(f) DISCOVERY PLAN

Pursuant to Local Rule 26 of the Local Rules for the United States District Court for the Eastern District of Virginia, Plaintiff Svetlana Lokhova ("Plaintiff") and Defendant Stefan Halper ("Defendant"), by and through undersigned counsel, submit the following Joint Rule 26(f) Discovery Plan.

### I. Certification of Rule 26(f) Conference

The parties conferred on Wednesday, August 17, 2022, regarding the matters in Rule 26(f).

### II. Settlement Discussions

The parties have not conducted settlement discussions. The parties agree to participate in settlement discussions with either the assigned Magistrate or a private mediator.

### III. Proposed Discovery Plan

In the Rule 26(f) conference, the parties made the following arrangements regarding discovery.

1. **General:** The parties will conduct discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Orders.

2. **Initial Disclosures.** The parties will submit the disclosures required by Rule 26(a)(1) by September 30, 2022.

3. **Subject Matter of Discovery.** The parties will conduct discovery on subjects related to the claims and defenses raised in the Amended Complaint and Answer and Counterclaims.

4. **Limitations on Discovery.** Pursuant to this Court's Order of August 3, 2022 (Docket Entry 66), the Parties shall serve no more than thirty interrogatories, including parts and subparts, without leave from the Court.

5. **Depositions.** Pursuant to this Court's Order of August 3, 2022 (Docket Entry 66), the Parties shall take no more than five non-party/non-expert depositions without leave of Court.

6. **Subpoenas.** Pursuant to Fed. R. Civ. P. 45, the Parties expressly reserve their rights to conduct additional discovery through using subpoenas as indicated by each party's investigation of, discovery in, and litigation of this case. The parties agree to provide within five (5) business days of receipt of materials in response to a subpoena, the materials so received and any written communication between the party or representative of the party and the third-party that was subpoenaed.

7. **Consent to Magistrate Judge.** The parties do not consent to dispositive motions or trial being assigned to a magistrate judge.

8. **Discovery Cut-Off Date**. Pursuant to this Court's Order of August 3, 2022 (Docket Entry 66) the discovery deadline is December 8, 2022.

9. **Deadline for Motions for Leave to Amend**. The parties agree that neither party shall seek leave to amend its then operative pleading after October 17, 2022.

10. **Expert Disclosures**. Pursuant to Fed. R. Civ. P. 26(a)(2), the parties agree to exchange expert witness reports and information on their experts as scheduled by this Court. The parties will otherwise follow the Local Rules and Orders regarding expert witnesses.

11. **Preservation of Discoverable Information.** The parties agree to ensure discoverable information is preserved. The parties acknowledge and know their obligations to preserve discoverable information.

12. **Claims of Privilege or Protection.** Pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Local Civil Rule 5, the parties agree to work in good faith to resolve any issues of privilege or protection of sensitive or confidential information produced during discovery. The parties anticipate entering into a stipulated Protective Order regarding the disclosure of any confidential business or personal information.

The parties recognize that any motion to file a document under seal must comply with Local Civil Rule 5.

The parties agree to provide a privilege log upon a schedule determined by the Court. The parties agree that they will assert claims of privilege protection through privilege logs. The logs will set forth (i) a description of any privileged document/thing, including any identifying number/label, (ii) its date (if known), (iii) its author (if applicable and known), (iv) its recipient, and (v) the basis for the assertion of privilege/protection.

Inadvertent production of privileged material shall not be deemed a waiver of any privilege, and, if it is discovered that a party has produced privileged material, the receiving party shall promptly notify the other of the same and as applicable, return or destroy the inadvertently produced material. The parties further agree that if privileged or other protected information is inadvertently produced, the producing party may by timely notice assert the privilege and obtain return of the material without a waiver.

13. **Electronically Stored Information.** Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the parties recognize their obligation, under the Federal Rules of Civil Procedure and the Local Rules, to preserve and produce, if requested in discovery, all relevant non-privileged documents including those stored electronically. The parties shall work cooperatively to resolve any issues concerning the disclosure and discovery of electronically stored information. The parties may produce electronically stored data in a searchable format to be agreed upon at a later time:

(a) Absent an instruction to the contrary by a party seeking discovery, any requested information shall be produced in the standard hard-copy format or in a format reasonably useable, such as a searchable format to be agreed upon at a later time.

(b) Absent an agreement of the parties or an order of the Court, a party shall have no obligation to transfer information not stored in an electronic format into an electronic format for discovery. To the extent that information contained in ESI is or becomes relevant to the proceedings, (*e.g.*, metadata, or other embedded information), the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form that does not unduly burden either party. If the ESI exists only in a form readable via proprietary software, the

producing party will identify the software by name, but is under no obligation to provide the requesting party access to use of that software in violation of the terms of use of any licensing agreements; it shall remain the sole obligation of the requesting party to obtain the necessary licenses or authorizations to view the native ESI data produced by the producing party.

14. **Authentication of Documents**: The parties agree not to object to the authenticity of a document produced by the other party, unless there are reasonable grounds for such an objection.

15. **Final Pre-Trial Conference and Rule 26(a)(3) Disclosures.** The final pre-trial conference is set for December 15, 2022 at 10 AM under the August 3, 2022 Order of the Court.

16. **Trial Date.** The parties have conferred regarding their availability for trial and submit that they are available for trial during the time frame provided in this Court's August 3, 2022 Order.

Dated: August 17, 2022

/s/
Terrance G. Reed (VSB No. 46076)
Lankford & Reed, P.L.L.C.
120 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 299-5000
Facsimile: (703) 299-8876
Email: tgreed@lrfirm.net

/s/
Robert D. Luskin (pro hac vice)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant Stefan Halper*

/s/
Leslie McAdoo Gordon (VSB No. 41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W., Suite 300.
Washington, DC 20006
Telephone: (202) 704-7388
Email: leslie.mcadoo@mcadoolaw.com.

*Counsel for Plaintiff Svetlana Lokhova*