UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA,   Plaintiff, v. STEFAN A. HALPER,   Defendant. | No: 1:20-cv-01603-LMB-WEF |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)(1)

Plaintiff seeks a Protective Order from the Court pursuant to Fed.R.Civ.P. 26(c)(1) for relief from the vexatious tactics of the Defendant's counsel in propounding discovery, and refusing to agree to reasonable requests for extensions, to gain a tactical advantage based on Plaintiff's counsel's trial schedule.

Specifically, Defendant's counsel has propounded discovery with due dates in August despite knowing that Plaintiff's counsel (a solo practitioner) was out of pocket for the first half of August in pre-trial preparation and trial in a felony criminal matter in the U.S. District Court for the District of Maryland, which was tried from August 8 to August 15, 2022, inclusive. Plaintiff's counsel had requested that the discovery due dates be extended by 15 days to accommodate her trial schedule, but Defendant's counsel did not do so. Defense counsel also noticed the

deposition of the Plaintiff without coordination with Plaintiff's counsel.  Finally, Defense counsel has not agreed to renewed requests by Plaintiff's counsel for reasonable accommodations of the discovery requests in order to obviate the need to file this motion.

## BACKGROUND

The history of this 2020 case is fraught, and the rhetoric, accusations, and tactics used in it prior to Summer 2022 were too often incendiary, hyper-aggressive, and sometimes unprofessional, but that situation existed between Plaintiff's *prior* counsel and Defendant's counsel.

Plaintiff's *current*, undersigned, counsel came into this case only 2 months ago, while the Defense Motion to Dismiss was pending.  She amended the Complaint and opposed a renewed Motion to Dismiss from the Defendant.  The District Court denied the Defendant's Motion to Dismiss on July 15, 2022.  At the conclusion of the hearing on the Motion to Dismiss, the District Court admonished the parties to "properly litigat[e]" this case in light of its fraught history and the personal animosity between the real parties in interest.  *See* Transcript Excerpt, attached as Exhibit A.  Against this backdrop, the parties have now proceeded to the discovery stage of the case.

The Scheduling Order of July 15, 2022 directed that the Initial Pretrial Conference in this case be conducted on August 10, 2022.  That same day, Plaintiff's counsel advised Defendant's counsel that she would be in trial on that date and asked for his consent to seek a continuance of Initial Pretrial Conference for a date

after the conclusion of her trial. She informed the Defendant's counsel that the trial in Maryland was scheduled to begin on August 8th, and last at least a full week, with a high likelihood of carrying over into the start of the following week (as ultimately happened). After a week of delays, Defendant's counsel agreed to the continuance request and Plaintiff filed a consent motion for continuance. {ECF #63}

The Magistrate Judge assigned to this matter granted the consent motion and continued the Initial Pre-Trial Conference to August 23, 2022. The District Court thereafter *sua sponte*: (1) extended the discovery period in this matter by nearly a month, continuing the deadline from November 11, 2022 to December 9, 2022, and (2) reset the Final Pre-Trial Conference from November 17, 2022 to December 15, 2022.

## DISCOVERY PROPOUNDED BY DEFENDANT

Knowing that Plaintiff's counsel would be substantially unavailable during the end of July and first half of August due to her upcoming trial, Defendant's counsel emailed Requests for Documents (consisting of 50 separate requests),[1] and Interrogatories (consisting of 18 questions),[2] to Plaintiff's counsel on July 25, 2022, with the ordinary 15-day deadline for the serving of objections and 30-day deadline for substantive responses.[3]

---

[1] Defendant's original Request for Production of Documents is attached as Exhibit G.

[2] Defendant's original Interrogatories are attached as Exhibit H.

[3] Defendant's discovery requests themselves are improper in multiple respects and will be the subject of a separate Motion for Protective Order if Plaintiff's counsel is unsuccessful in efforts to get Defendant's counsel to substantially modify/withdraw them.

3

As emailing of discovery does not constitute service under FRCP 5(b)(2) without the express, written consent of the other party, Plaintiff's counsel wrote to Defendant's counsel on July 30, 2022 noting that his service was ineffective and reminding him that she was currently preoccupied with the criminal trial. Plaintiff's counsel suggesting that if the defense wanted to (properly) serve document requests at that juncture, that the deadlines for the objections and responses to this discovery be set to 30 and 45 days respectively, or that Defendant's counsel provide in the cover letter to the discovery that the ordinary periods were extended by consent for 15 days, since it would be impossible for Plaintiff's counsel to meet the ordinary deadlines due to her trial.  *See* Plaintiff's counsel's email of July 30, 2022, attached as Exhibit B.

Defendant's counsel, instead, simply served the Document Requests and Interrogatories on August 1, 2022 with the ordinary 15- and 30- day deadlines. Plaintiff's counsel did not personally receive and review these discovery requests until Wednesday, August 17, when she began opening the mail and packages accumulated by her office for her during the course of the Maryland trial.

Meantime, on the Friday before the Maryland trial, August 5, 2022, Defendant's counsel emailed Plaintiff's counsel a letter threatening a "renewed motion to compel the production of documents" and demanding to know by Thursday, August 11th, whether Plaintiff would "still" decline to produce documents that Defendant had requested in discovery in 2021, which were the subject of a

4

motion to compel at that time. *See* Defense counsel's letter of August 5, 2022, attached as Exhibit C.

Plaintiff's counsel replied on Sunday evening – the night before her Maryland trial was to commence –that the 2021 requests were obviously moot and not the proper subject of a motion to compel because they had been propounded in aid of the District Court's 2021 judgment which was subsequently reversed by the Fourth Circuit.[4] Plaintiff's counsel also requested that the Defendant's counsel cease engaging in gamesmanship. *See* Plaintiff's counsel's email of August 7, 2022, attached as Exhibit D. Defendant has yet to file a "renewed" motion to compel.

Finally, on August 1, 2022, Defendant's counsel noticed up the deposition of Plaintiff for September 6, 2022 without any co-ordination with Plaintiff's counsel, who did not even see the notice until August 17th due to her trial.[5] As Defendant's counsel knows full well, Plaintiff is a UK citizen living in the UK. She is also the full-time caregiver for her pre-school age child. It will require significant planning and coordination by counsel in order to arrange for Plaintiff to travel to the U.S. to appear at a deposition here and to attend the deposition of the Defendant. Professional courtesy dictates that the depositions of the parties be coordinated with counsel even in cases where all parties are local, much less international. Further, this case is at the early stage of discovery; there is no apparent reason to

---

[4] The District Court had also previously ordered a stay of execution and suspension of the judgment on December 22, 2021, as Plaintiff's former counsel had posted a bond to secure the judgment. {ECF #37.}

[5] Defendant's Notice of Deposition is attached as Exhibit I.

take the deposition of the Plaintiff at this early juncture when document discovery will barely have begun.

On Thursday, August 18, 2022, Plaintiff's counsel wrote to Defendant's counsel and requested that he extend the deadlines for the discovery and treat the Deposition Notice for Ms. Lokhova as a placeholder while counsel seek to establish an appropriate, mutually agreeable date. Plaintiff's counsel explained that she would seek relief from the Court if counsel could not resolve these issues between themselves. *See* Plaintiff's counsel's emails of August 18, 2022, attached as Exhibit E.

Defendant's counsel has declined to change his position. *See* email of August 19, 2022, attached as Exhibit F. Contrary to Defendant's counsel's claims in this email, Plaintiff's counsel has given the Defense absolutely no indication that Plaintiff will decline to participate in appropriate discovery in this matter, and the District Court did not order "fast track" discovery in this case. *See* Exhibit A (transcript). Rather, the Court permitted discovery to commence upon the denial of the motion to dismiss – not an unusual decision given the overall age of the case – but also later *sua sponte* extended the discovery period, evidently as an accommodation in response to Plaintiff's counsel's trial schedule.

Plaintiff's counsel has taken no steps to avoid discovery in this matter and has simply sought an accommodation in the timing of discovery due to her trial schedule, and the reasonable, customary co-ordination of discovery between counsel, particularly for the scheduling of depositions.

ARGUMENT

The discovery tactics that Defendant's counsel has engaged in since the denial of the Motion to Dismiss are inappropriate. They are apparently designed to try to gain leverage in this litigation, without regard to civility and professional courtesy. "Counsel for each party are entitled to civility and professional courtesy in discovery, including—when possible—that a deposition be scheduled on a date which does not conflict with counsel's other obligations and allows counsel to prepare." *HP Tuners, LLC v. Sykes-Bonnett*, 2019 WL 9828399, at *1 (W.D. Wash. 2019). Plaintiff's counsel has not encountered such behavior by opposing counsel in any case in this Court or the federal courts in DC and Maryland in 25 years of litigation practice.

The behavior plainly violates of the code of conduct expected in this Court. The Court on its website directs all counsel practicing before it to The Code of Pretrial and Trial Conduct published by the American College of Trial Lawyers as a model for conducting litigation in this District. That Code states:

## Motions and Pretrial Procedure

> A lawyer has an obligation to cooperate with opposing counsel as a colleague in the preparation of the case for trial. Zealous representation of the client is not inconsistent with a collegial relationship with opposing counsel in service to the court. Motions and pretrial practice are often sources of friction among lawyers, which contributes to unnecessary cost and lack of collegiality in litigation. The absence of respect, cooperation, and collegiality displayed by one lawyer toward another too often breeds more of the same in a downward spiral. Lawyers have an obligation to avoid such conduct and to promote a respectful, collegial relationship with opposing counsel.

7

### Scheduling and Granting Extensions for Pretrial Events

(a) A lawyer should schedule pretrial events cooperatively with other counsel as soon as the event can reasonably be anticipated. Lawyers scheduling an event should respect the legitimate obligations of colleagues and avoid disputes about the timing, location and manner of conducting the event.

. . .

## Discovery

A lawyer must conduct discovery as a focused, efficient, and principled procedure to gather and preserve evidence in the pursuit of justice. Discourtesy, obfuscation, and gamesmanship have no proper place in this process.

### Discovery Practice:

(a) In discovery, as in all other professional matters, a lawyer's conduct must be honest, courteous, and fair.
. . .
(7) Unless there are compelling reasons to deny a request for additional time to respond to discovery, an opposing lawyer should grant the request without necessitating court intervention. Compelling reasons to deny such a request exist only if the client's legitimate interests would be materially prejudiced by the proposed delay.

Unfortunately, Defendant's counsel is not conducting himself in accord with these standards, notwithstanding the expectations of the Court, Plaintiff's Counsel's requests, and the District Court's specific admonition at the conclusion of the July 15, 2022 hearing.

**WHEREFORE**, Plaintiff requests that the Court issue an order:

(1) extending the deadline for objections and responses to all discovery requests propounded by the Defendant to the later of: (a) 15 days from their stated respective deadlines, or (b) 15 days after the entry of the order granting this Motion for objections and 30 days after the entry of the order granting this Motion for responses;

(2) quashing the extant deposition notice for Plaintiff Lokhova's deposition;

(3) ordering Defendant's counsel to co-ordinate with Plaintiff's counsel on the scheduling of all depositions prior to issuing any deposition notices.


Dated: August 19, 2022                                   Respectfully submitted,


                                                    _____/s/_____
                                                    Leslie McAdoo Gordon (VA Bar #41692)
                                                    McAdoo Gordon & Associates, P.C.
                                                    1629 K Street, N.W.
                                                    Suite 300
                                                    Washington, DC  20006
                                                    (202) 704-7388
                                                    leslie.mcadoo@mcadoolaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that, on August 19, 2022, I electronically filed the foregoing Plaintiff's Motion for Protective Order Under Rule 26(c)(1), using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

_____/s/_____
Leslie McAdoo Gordon