# EXHIBIT B

### Lokhova v. Halper; 20-cv-1603 (EDVA) - Discovery

Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
Sat 7/30/2022 7:45 PM

To: Terry Reed <tgreed@lrfirm.net>

Bcc: Postmaster McAdoolaw <postmaster@mcadoolaw.com>

Terry: I was in trial prep all this past week, as you know, for my felony case in the U.S. District Court (Greenbelt) that begins on August 8th; that included the Final PreTrial Conference for that case. The judge now agrees that the case will likely go over into the next week for a total of six or maybe seven trial days. So, it's very likely that I won't be truly free until that next Wednesday, the 17th, as I had predicted.

I see that your office emailed me some discovery documents this week. Delivery by email is not effective service under the rules unless the party has previously consented to it in writing, *see* FRCP 5(b)(2)(E), which I have not done and will not do. My experience has been that that is not a good idea.

I was also surprised to see that you would be attempting to serve discovery on Plaintiff this week with a 30-day deadline, as you know that I am in pre-trial preparation and will be in trial from August 8th onward because I previously told you so when requesting your consent to adjust the Initial Pre-Trial Conference in this case. Clearly that matter is/will prevent me from devoting the necessary time to any discovery in the Halper case for at least 3 weeks at a minimum here in late July and early August. Perhaps you thought we would work out an extension. I suggest that if you actually serve the discovery before August 17th, that you put a 45-day deadline on it and a 30-day deadline for objections, or, if you wish to keep the formal 30-day deadline for the discovery pleading, that you reflect in your cover letter or email that we have agreed to a 15-day extension of the objection and response deadlines.

As our Initial PreTrial Conference has been reset to August 24th, I think the filing of our discovery plan is due on or before the 17th. At this time, I believe I can make that work around my trial prep and trial. Do you have an example from another case that we can use to work from, or a proposal that you can send me for what you think would be an appropriate plan to get started with that I can edit and send back to you? As you mentioned in our last call, the Court's Scheduling Order somewhat obviates the need for much more of a plan as it addresses discovery already in some ways.

Next week, I can spend some time during the work-day on that; after the 5th, my time will be limited to evenings and weekends as I will be in trial during the work-days until the trial concludes.

*Leslie*

**Leslie McAdoo Gordon**
**McAdoo Gordon & Associates, P.C.**
1629 K Street, N.W.
Suite 300
Washington, DC  20006

(202) 704-7388
mcadoolaw.com