# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEFAN A. HALPER )<br>)<br>)<br>Defendant. )<br>)| Civil Action No. 1:20-cv-1603(LMB)(WF) |

## DEFENDANT HALPER'S FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Stefan Halper, by counsel, pursuant to Rules 11, 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26 of the United States District Court for the Eastern District of Virginia, propounds this First Set of Requests for Production of Documents to Plaintiff Svetlana Lokhova, while reserving all rights to serve supplemental requests for production. Defendant requests that Plaintiff respond fully and in writing to this First Set of Request for Production of Documents within 30 days. The documents should be made available for inspection at the offices of Lankford & Reed PLLC, 120 N. St. Asaph St., Alexandria, VA 22314. The documents requested are to be produced according to the definitions and instructions herein.

## DEFINITIONS

1

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the following definitions shall be considered a part of each Request:

1. "And" and "or" mean "and/or" and shall be construed conjunctively and disjunctively as necessary to require the broadest possible response and bring within the scope of the discovery Requests all responses that might otherwise be construed to be outside of its scope. Similarly, "either" and "either ... or" shall refer inclusively to one or more items, instances, matters, or Persons in question.

2. "Any" shall be construed to mean each and every.

3. "You," "Your," or "Plaintiff" means Svetlana Lokhova and her agents, including but not limited to her litigation counsel Leslie Gordon and Steven Biss, her bankruptcy trustee, her publishing agents, and all other persons or entities acting on behalf of, at the direction of, or for the benefit of Plaintiff.

4. "Plaintiff" or "Plaintiff's" means Svetlana Lokhova.

5. Defendant or Halper means Stefan Halper.

6. The term Lokhova I refers to *Lokhova v. Halper*, 1:19-cv-632 (LMB)(JFA) (E.D. Va. 2019) ("*Lokhova I*"), and its Fourth Circuit appeal.

7. The term *Lokhova II* refers to the above-captioned case *Lokhova v. Halper*, No. 1:20-cv-1603 (AJT)(MSN) ("*Lokhova II*"), and its Fourth Circuit

appeal.

8. The term "Coup Book" is the manuscript or "Book" which Plaintiff identified in paragraph 57 of the Amended Complaint entitled The Spider: Stefan A. Halper and the Dark Web of a Coup.

9. The term "Spygate Book" is the manuscript or book which Plaintiff identified in paragraph 118 of the Amended Complaint entitled Spygate Exposed: The Conspiracy to Topple President Trump.

10. The term "media companies" means companies that publish material for themselves or third parties and specifically includes: Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in *Lokhova I*, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

11. "Communication" or "Communications" shall mean without limitation, any transmission by any means of documents, conversations, electronic means, discussions, meetings, negotiations, or any other oral or written exchange, including emails, text messages sent on any platform, and voicemails, out of or concerning the subject matter addressed, whether with representatives or third

persons.

12. The terms "relate to," "relating to," or "related to" shall mean and refer to directly or indirectly mentioning or describing, pertaining to, reflecting, memorializing, referring to, being connected with, or reflecting upon a stated subject matter and shall be given the broadest meaning possible, and shall include the terms "pertain to," "bear upon," "in support of," "refute," "provide evidence of," "affect," "concern," "touch upon," and "involve." All conjugations of the verb "relate" shall be interpreted in the same manner.

13. The term "including" shall mean "including, but not limited to."

14. "Identify" when used in reference to an individual person means to state his or her full name, present address, telephone number, and last known position or business affiliation.

15. "Identify" with respect to an entity means to furnish the full name, address, and telephone number of any such entity.

16. "Identify" with respect to a document means to furnish the date, author, and subject matter of the document and its present location and custodian.

17. "Person" or "persons" means any individuals, firms, partnerships, corporations, ventures, or other form of organization or association.

18. "Russian" means any individual who was born in Russia, is a citizen of Russia, including but not limited to employees or agents of the Russian

government.

19. Russian intelligence members means employees or agents of Russian government intelligence services, including but not limited to the FSB, the KGB, the GRU, the SVR, the Internet Research Agency, and Vysacheslav Trubnikov.

20. "Your Twittersite" means your Twitter account wherein you offer or receive comments on topics, and includes all related direct messages.

21. "Document" or "Documents" means writings and electronic information as defined by Rule 1001 of the Federal Rules of Evidence and Rule 4 of the Federal Rules of Civil Procedure and includes, but is not limited to, any writing, recording, or photograph of any kind or character in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to: papers, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, telex messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of conferences or other meetings, affidavits, statements, opinions, reports, studies, analysis, evaluations, financial statements, prospectuses, circulars, certificates, press releases, annual reports, quarterly

reports, magazine articles, newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and dated, produced, generated or received at any time prior to and including the date of production herein.

22. The term "D.E." refers to docket entries in *Lokhova I or II*.

## INSTRUCTIONS

The following instructions apply to each request set forth herein.

1. These Requests incorporate all definitions and rules of construction set forth in the Local Rules for the United States District Court for the Eastern District of Virginia.

2. Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession or custody of the Document, or the right to obtain the Document or a copy thereof

upon demand from one or more of Your representatives, agents, consultants, independent contractors, attorneys, accountants, or any other person or public or private entity.

3. Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed or relating to the period January 1, 2018 to the present.

4. If You object to any of these Requests, state in writing with specificity the grounds of Your objection. Any such objection must comply with Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26 of the United States District Court for the Eastern District of Virginia. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

5. These Requests are deemed continuing and should be supplemented immediately based upon the receipt of any and all information or documents obtained after Your initial response to these Requests.

6. If a Document is partially responsive, the whole Document shall be produced with no redactions for responsiveness.

7. With respect to the Documents produced, You shall produce them as they are kept in Your usual course of business.

8. A draft of a Document is unique and separate from the final version of that Document. All drafts of each Document are to be produced, without abbreviation or redaction.

9. Each Request seeks production of each Document in its entirety, without abbreviation or redaction, including, without limitation, all attachments, transmittal sheets, notes, cover letters, exhibits, enclosures and all drafts and non-identical copies of each Document. Documents attached to each other shall not be separated, and shall be produced together.

10. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is a separate, unique Document and is not and shall not be deemed to be identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any Document if there is no actual original.

11. All electronically stored information ("ESI") should be preserved and produced in native format and named with a bates number preceding the original native filename (*i.e.,* BATES_ORIGINAL FILE NAME.ext). Files shall be collected and produced in a manner so that all metadata is preserved and provided to Plaintiffs. All documents that originate in paper form shall be produced in .pdf format with a bates number, unique for each page, and a prefix that can be readily attributed to a party.

12. Selection of Documents from files and other sources, and the numbering of such Documents, shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

13. File folders with tabs or labels, or directories of files identifying Documents, must be produced intact with such Documents.

14. If You withhold any responsive information on the grounds that it is privileged or otherwise excludable from discovery, identify: (1) the nature of the privilege claimed (the term "privilege" as used herein shall include work product); (2) the identity and position of the person(s) who made the statement or prepared the Document; (3) the date the Document or statement was prepared; (4) a description or type of Document or communication (*e.g.*, letter memo, etc.); (5) the identity of the person(s) to whom the Document was intended, sent, or copied, including the names of any attorneys; and (6) a brief description or summary of the contents or substance of the communication or Document sufficient to explain the basis for the claim of privilege.

15. You are further requested to provide all non-privileged portions of Documents containing material over which a claim of privilege has been asserted by excising, concealing, or otherwise protecting the portions for which a privilege is asserted, but only to the extent that such excise,

concealment, or other protection is strictly necessary for the purposes of the claim of privilege.

16. If any responsive Document is no longer in existence, cannot be located, or is not in Your possession, custody, or control, please identify it, describe its subject matter, describe its disposition, and identify the person having knowledge of the Document's disposition. Please specifically state in your response that You are aware of its existence or former existence but do not have any such responsive Document in your possession, custody, or control.

17. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

18. If no Documents are responsive to a particular Request, You are to state that no responsive Documents exist for that particular Request.

19. Whenever appropriate, verb tenses shall be interpreted to include past, present, and future tenses.

20. As used herein, the singular of any word or phrase includes the plural, and the use of the masculine includes the feminine and vice versa, except as the context may otherwise require.

21. Objection will be made at the time of a hearing or trial to any attempt to introduce evidence which is directly sought by these Requests and to

which no disclosure has been made.

## REQUESTS

Please produce:

1. All documents upon which Plaintiff relies to make the allegations in the original Complaint in *Lokhova II*, which is docketed as D.E. 1.

2. All documents upon which Plaintiff relies to make the allegations in the Amended Complaint in *Lokhova II*, which is docketed as D.E. 52.

3. All documents upon which Plaintiff relied to make the allegations in the original Complaint in *Lokhova I*, which was docketed as D.E. 1.

4. All documents upon which Plaintiff relief to make the allegations in the Amended Compliant in *Lokhova I*, which is docketed as D.E. 52.

5. All documents upon which you rely to deny any allegation in Defendant's counterclaims.

6. All documents upon which you rely to answer any Interrogatory propounded upon Plaintiff.

7. All documents containing communications relating to the publication of the Coup Book, or the related metadata, including but not limited to any communications with the following:

   a. Simon & Schuster or its agents or employees;
   b. Post Hill Press or its agents or employees;

    c. Media companies.

8. All documents containing communications relating to the publication of the Spygate Book, or the related metadata, including but not limited to any communications with the following:

    a. Simon & Schuster or its agents or employees;

    b. Post Hill Press or its agents or employees;

    c. Media companies

9. All documents containing communications about agreements Plaintiff proposed, sought, or obtained regarding either the Coup Book or the Spygate Book, including but not limited to any Author Profit Participation or contracts.

10. All documents containing communications between publishers and Plaintiff regarding a potential book relating to Stefan Halper.

11. All documents containing or referring to diplomas or degrees awarded to Plaintiff by Cambridge University.

12. All documents containing grades for Plaintiff's graduate studies at Cambridge.

13. All documents containing communications between You and any university related to your application to become a PhD (doctoral) student.

14. All documents containing communications between You and any university related to your admittance as a PhD (doctoral) student.

15. Any and all copies of any dissertation or thesis prepared by Plaintiff for submission to a doctoral committee.

16. All documents containing communications between You and any media company related to Stefan Halper.

17. All documents containing communications between You and any media company about *Lokhova I*.

18. All documents containing communications between You and any media company about *Lokhova II*.

19. All documents containing communications by you about Stefan Halper, including but not limited to communications with the following: Twitter users, Michael Flynn, members of Michael Flynn's family, Devin Nunes, Kash Patel, Derek Harvey, Dan Bongino, Margot Cleveland, Maria Bartiromo, Mollie Hemingway, Mark Hemmingway, Barbara Ledeen, Michael Ledeen, Sidney Powell, Barbara Redgate, Chuck Ross, John Solomon, John Batchelor, Sara Carter, Catherine Herridge, or Senator Grassley.

20. All documents containing communications between You and Michael Flynn or Flynn family members.

21. All documents relating to monies, including donations, ad revenue, interview payments, or book revenues, You have obtained from communications about Stefan Halper.

22. All documents containing any edits of the Coup Book.

23. All documents containing any edits of the Spygate Book.

24. All documents containing any allegation that Plaintiff has defamed anyone.

25. All documents containing communications between You and any publisher or distributor related to promotional material or advertising of the Coup Book.

26. All documents containing communications between You and any publisher or distributor related to promotional material or advertising of the Spygate Book.

27. All documents containing communications that Defendant Stefan A. Halper "did, in fact, manufacture and publish to third parties "dishonest accusations … that [Plaintiff] was General Flynn's paramour and a Russian spy."

28. All documents containing communications about "Thousands of copies of Plaintiff's book were pre-ordered online" before cancellation of the book contract.

29. All documents containing communications relating to Plaintiff's alleged involvement with the FBI from 2013 to 2016 as alleged in paragraph 26 of the Amended Complaint.

30. All documents relating to communications by You with media companies about Stefan Halper, including your records and notes of such communications.

14

31. All documents relating to interviews You have given to media companies about yourself.

32. All documents relating to interviews You have given to media companies about Stefan Halper.

33. All documents relating to communications by You relating to Stefan Halper with William Foster, Christopher Andrew, Neil Kent, or Steven Schrage.

34. All documents relating to "all previously planned or expected endorsement of the Book, from prominent, national figures," as alleged in paragraph 114 of the Amended Complaint.

35. All documents relating to Your bankruptcy proceedings in England, including any financial statements or asset inventories.

36. All documents relating to any passport issued to You, regardless of the name used to identify You.

37. All documents containing communications by Russians by or to You about Your Twittersite.

38. All documents relating to Stefan Halper on Your Twittersite.

39. All documents containing communications between You and any representative or agent of the Russian government, including but not limited to:

    a. Documents relating to any Russian passport application or issuance;

  b. Documents relating to Your access to, and review of, the archives of RGASPI, as alleged in paragraph 27 of the *Lokhova I* Complaint.

  c. Documents relating to Your access to, and review of, the "official Stalin Archive," as alleged in paragraph 132 of the *Lokhova I* Complaint;

  d. All documents relating to Your employment by Troika Dialog;

  e. All documents relating to Your employment by Sberbank;

40. All documents relating to Your communications about Stefan Halper transmitted to or from Russia.

41. All documents relating to communications with Russian intelligence members regarding the 2016 U.S. Presidential election.

42. All documents relating to communications with Russian intelligence members regarding Stefan Halper.

43. All documents relating to Your father's shipping business, including as described in paragraph 50 of the Amended Complaint.

44. All documents containing information about Your father loaning money or otherwise financing *Lokhova I, Lokhova II*, the Coup Book, the Spygate Book, or Your lawsuit against Sberbank.

45. All documents containing communications between You and your father about Stefan Halper, *Lokhova I, Lokhova II*, the Coup Book, the Spygate Book, Your employment at Troika Dialog or Sberbank, or Your lawsuit against Sberbank.

46. All documents relating to bank accounts used to receive or to disburse monies obtained from fundraising for *Lokhova I* or *Lokhova II*.

47. All documents relating to bank accounts used to receive or to disburse monies obtained from publishing the Spygate Book.

48. All documents containing information about monies obtained from fundraising for *Lokhova I* or *Lokhova II*.

49. All documents containing information about monies obtained from fundraising for the Spygate Book.

50. All documents relating to the allegations in paragraphs 125 to 128, including but not limited the allegations involving Mark Hemmingway.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2022, I electronically served the foregoing Defendant's First Set of Document Requests by email upon Leslie McAdoo Gordon of MCADOO GORDON & ASSOCIATES, P.C. VA Bar# 41692, 1629 K Street, N.W., Suite 300. Washington, DC  20006, @ leslie.mcadoo@mcadoolaw.com

By: ____/s/_____

Robert Luskin
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

Terrance G. Reed (VA Bar No.46076)
Lankford & Reed PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
Phone: (703) 299-5000
Facsimile: (703) 299-8876

Email: tgreed@lrfirm.net

*Attorneys for Stefan A. Halper*