# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEFAN A. HALPER )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 1:20-cv-1603(LMB)(WF) |

## DEFENDANT HALPER'S FIRST SET OF INTERROGATORIES

Defendant Stefan Halper, by counsel, pursuant to Rules 11, 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26 of the United States District Court for the Eastern District of Virginia, propounds this First Set of Interrogatories to Plaintiff Svetlana Lokhova, while reserving all rights to serve supplemental interrogatories. Defendant requests that Plaintiff respond fully and in writing to this First Set of Interrogatories within 30 days. The interrogatory answers should be provided to the offices of Lankford & Reed PLLC, 120 N. St. Asaph St., Alexandria, VA 22314. The information requested is to be provided according to the definitions and instructions herein.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be

accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Interrogatories, the following definitions shall be considered a part of each Interrogatory:

    1.    "And" and "or" mean "and/or" and shall be construed conjunctively and disjunctively as necessary to require the broadest possible response and bring within the scope of the discovery Requests all responses that might otherwise be construed to be outside of its scope. Similarly, "either" and "either … or" shall refer inclusively to one or more items, instances, matters, or Persons in question.

    2.    "Any" shall be construed to mean each and every.

    3.    "You," "Your," or "Plaintiff" means Svetlana Lokhova and her agents, including but not limited to her litigation counsel Leslie Gordon and Steven Biss, her bankruptcy trustee, her publishing agents, and all other persons or entities acting on behalf of, at the direction of, or for the benefit of Plaintiff.

    4.    "Plaintiff" or "Plaintiff's" means Svetlana Lokhova.

    5.    Defendant or Halper means Stefan Halper.

6.    The term <u>Lokhova I</u> refers to *Lokhova v. Halper*, 1:19-cv-632 (LMB)(JFA) (E.D. Va. 2019) ("*Lokhova I*"), and its Fourth Circuit appeal.

7. The term *Lokhova II* refers to the above-captioned case *Lokhova v. Halper*, No. 1:20-cv-1603 (AJT)(MSN) ("*Lokhova II*"), and its Fourth Circuit appeal.

8. The term "Coup Book" is the manuscript or "Book" which Plaintiff identified in paragraph 57 of the Amended Complaint entitled The Spider: Stefan A. Halper and the Dark Web of a Coup.

9. The term "Spygate Book" is the manuscript or book which Plaintiff identified in paragraph 118 of the Amended Complaint entitled Spygate Exposed: The Conspiracy to Topple President Trump.

10. The term "media companies" means companies that publish material for themselves or third parties and specifically includes: Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in *Lokhova I*, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

11. "Communication" or "Communications" shall mean without limitation, any transmission by any means of documents, conversations, electronic means, discussions, meetings, negotiations, or

any other oral or written exchange, including emails, text messages sent on any platform, and voicemails, out of or concerning the subject matter addressed, whether with representatives or third persons.

12. The terms "relate to," "relating to," or "related to" shall mean and refer to directly or indirectly mentioning or describing, pertaining to, reflecting, memorializing, referring to, being connected with, or reflecting upon a stated subject matter and shall be given the broadest meaning possible, and shall include the terms "pertain to," "bear upon," "in support of," "refute," "provide evidence of," "affect," "concern," "touch upon," and "involve." All conjugations of the verb "relate" shall be interpreted in the same manner.

13. The term "including" shall mean "including, but not limited to."

14. "Identify" when used in reference to an individual person means to state his or her full name, present address, telephone number, and last known position or business affiliation.

15. "Identify" with respect to an entity means to furnish the full name, address, and telephone number of any such entity.

16. "Identify" with respect to a document means to furnish the date, author, and subject matter of the document and its present location

and custodian.

17.     "Person" or "persons" means any individuals, firms, partnerships, corporations, ventures, or other form of organization or association.

18.     "Document" or "Documents" means writings and electronic information as defined by Rule 1001 of the Federal Rules of Evidence and Rule 4 of the Federal Rules of Civil Procedure and includes, but is not limited to, any writing, recording, or photograph of any kind or character in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to: papers, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, telex messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of conferences or other meetings, affidavits, statements, opinions, reports, studies, analysis, evaluations, financial statements, prospectuses, circulars,

certificates, press releases, annual reports, quarterly reports, magazine articles, newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and dated, produced, generated or received at any time prior to and including the date of production herein.

19. "Russian" means any individual who is a citizen of Russian, including but not limited to employees or agents of the Russian government.

20. "Russian intelligence members" means employees or agents of Russian government intelligence services, including but not limited to the FSB, the KGB, the GRU, the SVR, the Internet Research Agency, and Vysacheslav Trubnikov.

21. "Your Twittersite" means your Twitter account wherein you offer or receive comments on topics, and includes all related direct messages.

22. The term "D.E." refers to docket entries in *Lokhova I or II*.

## **INSTRUCTIONS**

The following instructions apply to each request set forth herein.

1. These Interrogatories incorporate all definitions and rules of construction set forth in the Local Rules for the United States District Court for the Eastern District of Virginia.

2. Unless otherwise indicated, the information requested include all information in Your possession, custody, or control. Without limiting the meaning of the terms "possession, custody, or control" as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession or custody of the Document, or the right to obtain the Document or a copy thereof upon demand from one or more of Your representatives, agents, consultants, independent contractors, attorneys, accountants, or any other person or public or private entity.

3. Unless otherwise stated in a specific Interrogatory, these interrogatories seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed or relating to the period January 1, 2018 to the present.

4. If You object to any of these interrogatories, state in writing with specificity the grounds of Your objection. Any such objection must comply with Rule 33 of the Federal Rules of Civil Procedure and Local Rule 26 of the United

States District Court for the Eastern District of Virginia. If You object to a particular portion of any interrogatory, You shall respond to any other portions of such interrogatory as to which there is no objection and state with specificity the grounds of the objection.

5. These Interrogatories are continuing and should be supplemented immediately based upon the receipt of any and all information or documents obtained after Your initial response to these Interrogatories.

6. If You withhold any responsive information on the grounds that it is privileged or otherwise excludable from discovery, identify: (1) the nature of the privilege claimed (the term "privilege" as used herein shall include work product); (2) the identity and position of the person(s) who made the statement or prepared the Document; (3) the date the Document or statement was prepared; (4) a description or type of Document or communication (*e.g.*, letter memo, etc.); (5) the identity of the person(s) to whom the Document was intended, sent, or copied, including the names of any attorneys; and (6) a brief description or summary of the contents or substance of the communication or Document sufficient to explain the basis for the claim of privilege.

7. You are further requested to provide all non-privileged portions of information containing material over which a claim of privilege has been

asserted by excising, concealing, or otherwise protecting the portions for which a privilege is asserted, but only to the extent that such excise, concealment, or other protection is strictly necessary for the purposes of the claim of privilege.

8. If any responsive information is no longer in existence, cannot be located, or is not in Your possession, custody, or control, please identify it, describe its subject matter, describe its disposition, and identify the person having knowledge of the information's disposition. Please specifically state in your response that You are aware of its existence or former existence but do not have any such responsive information in your possession, custody, or control.

9. Each Interrogatory shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

10. If no information is responsive to a particular Interrogatory, You are to state that no responsive information exists for that particular Interrogatory.

11. Whenever appropriate, verb tenses shall be interpreted to include past, present, and future tenses.

12. As used herein, the singular of any word or phrase includes the

plural, and the use of the masculine includes the feminine and vice versa, except as the context may otherwise require.

13. Objection will be made at the time of a hearing or trial to any attempt to introduce evidence which is directly sought by these Interrogatories and to which no disclosure has been made.

### Interrogatories

1. Identify all persons involved in responding to Defendant's First Set of Interrogatories, including but not limited to persons from whom You obtained information to answer any interrogatory.

2. Identify all persons with knowledge of any defamation of Plaintiff Lokhova by Defendant Halper.

3. List each and every false statement made by Defendant Halper of or concerning Plaintiff, and for each such statement describe the time, place, and manner of the statement, and why it is false.

4. Identify each person whom you intend to call as a fact or expert witness at the trial of this matter, and describe the person's knowledge of the subjects at issue in the case. In your answer, please state the subject matter on which the person is expected to testify, and provide a detailed summary of the substance and facts

about which the person is expected to testify.

5. Set forth a detailed and itemized statement of all damages that you claim to have sustained as a consequence of any action alleged in the Amended Complaint and expect to provide in this action as damages; include the basis for the damages you claim, the calculations used to determine such damage amounts, and every fact that supports each claim for damages.

6. List all monies obtained from Your publication of any book.

7. Identify each person or witness who can corroborate the allegations of each paragraph in the Amended Complaint.

8. State all facts upon which you rely to deny any allegation in Defendant's counterclaims.

9. List all donations or financial support provided to the prosecution of either *Lokhova I* or *Lokhova II*.

10. Identify each employer or Entity for whom you have worked since 2008, including the name, address, and telephone number of the employer or Entity, the name of your supervisor, the position you held, your rate of pay, the dates of your employment, and your reasons) for leaving such employment.

11. Identify any and all e-mail account(s), whether personal or work-

related that you have had in your name or on your behalf from January 1, 2008 to the present.

12. Identify by URL or web address any and all account(s) and/or webpage(s) with any social networking websites, including but not limited to Twitter, Facebook, MySpace, LinkedIn or any other webpage(s), website(s), and or weblog(s) wot which you have subscribed and/or have made comments on such site since on or about January 1, 2018, and state whether you have searched these social media sites for documents and information requested in Defendant's first sets of Document Requests and of Interrogatories.

*13*. Identify all persons to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II*.

14. Identify all media companies to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II*, and for each such company identify the persons with whom you communicated.

15. Identify each representative, employee, or agent of the Russian government with whom you have communicated since January 1, 2008.

16. Identify any Russian with whom you have discussed Stefan Halper, and state when and where this occurred.

17. Identify any Russian intelligence member with who you have discussed Stefan Halper and state when and where this occurred.

18. Identify any Russian intelligence member with whom you have discussed the 2016 U.S. Presidential election and state when and where this occurred.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2022, I electronically served the foregoing Defendant's First Set of Interrogatories by email upon Leslie McAdoo Gordon of MCADOO GORDON & ASSOCIATES, P.C. VA Bar# 41692, 1629 K Street, N.W., Suite 300. Washington, DC  20006, @ leslie.mcadoo@mcadoolaw.com

By: ____/s/_____

Robert Luskin
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

Terrance G. Reed (VA Bar No.46076)

Lankford & Reed PLLC

120 N. St. Asaph St.
Alexandria, VA  22314
Phone: (703) 299-5000
Facsimile: (703) 299-8876
Email: tgreed@lrfirm.net

*Attorneys for Stefan A. Halper*