UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA, | ) |
| Plaintiff, | ) |
| v. | ) No: 1:20−cv−01603−LMB−WEF |
| STEFAN A. HALPER, | ) |
| Defendant. | ) |

PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIMS, AND/OR
FOR SUMMARY JUDGMENT AS TO DEFAMATION COUNTERCLAIM

COMES NOW, the Plaintiff, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(2) and (6) and Fed.R.Civ.P 56, and moves the Court to dismiss the Defendant's counterclaims and in the alternative, for summary judgment as to Defendant's first counterclaim. In support thereof, Plaintiff states as follows.

BACKGROUND

Plaintiff Lokhova brought this suit against Defendant Halper for defamation and tortious interference with contract based on Halper's actions in the spring of 2020 to stop publication of Ms. Lokhova's book about him and induce her publisher to terminate her contract. After unsuccessfully moving to dismiss Ms. Lokhova's Amended Complaint, Halper has filed tit-for-tat counterclaims against Ms. Lokhova

alleging claims for defamation, tortious interference, and violation of Va. Code § 8.01-223.2.

These counterclaims fail to state claims on which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Further, insofar as these counterclaims rely on allegedly defamatory statements made by Ms. Lokhova to other persons in England, they must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) for lack of jurisdiction. Finally, summary judgment should be granted pursuant to Fed.R.Civ.P. 56 as to the first counterclaim, alleging defamation, because the undisputed facts show that it is time-barred.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendant Halper filed his Counterclaim sounding in Defamation on July 29, 2022. Answer and Counterclaims, {ECF #65.}

2. The Defamation Counterclaim does not allege the dates of any of the allegedly defamatory statements constituting the claimed defamation, including the date of the publication of Plaintiff's book. *Id.* at ¶¶ 1 to 73, inclusive.

3. Plaintiff's book was published on her personal website in June 2020 and on Amazon.com for sale to the public on November 23, 2020. Amended Complaint ¶ 81 and footnote 3 {ECF #52}; Lokhova Declaration, attached as Exhibit 1, at ¶¶ 5, 6.

4. Paragraph 70 of the Answer and Counterclaims alleges that in addition to the book, Plaintiff defamed Defendant by publishing remarks to specified and unspecified persons at Cambridge University, England. Answer and Counterclaims, {ECF #65}, ¶ 70.

5. Paragraph 70 does not specify when these allegedly defamatory remarks were made. *Id.*

6. Any statements of the nature described by the Defendant in paragraph 70 of his Counterclaims, including to the persons listed or described in that paragraph, were made in the year 2018. Lokhova Declaration, at ¶ 9.

7. Plaintiff Lokhova gave an interview to the London Sunday Times that was published on May 27, 2018 describing some of the interactions referenced or described in paragraph 70 of the Answer and Counterclaims, which had taken place prior to the Sunday Times interview. Lokhova Declaration, at ¶ 10.

8. Plaintiff has not made any remarks of the kind described in Paragraph 70 of the Answer and Counterclaims or to the person described in paragraph 70 in the one-year period preceding the filing of the Defamation Counterclaim, or indeed for some time before that. Lokhova Declaration, at ¶ 11.

# ARGUMENT

### A. The Defamation Claim in Counterclaim I Should Be Dismissed or Summary Judgment Entered On It

#### 1. *The Defamation Counterclaim is Time-Barred*

After Ms. Halper's publisher, Post Hill Press, terminated its contract with Ms. Lokhova, she proceeded to self-publish her book under the title *Spygate Exposed, The Conspiracy to Topple President Trump*, (the "Book"). *See* Lokhova Declaration, attached as Exhibit 1, at ¶ 3.

The copyright date of the Book is 2020. See Exhibit A to Lokhova Declaration. The Book was first published in June 2020 on Plaintiff's personal website. Amended Complaint {ECF #52} ¶ 81. *See* also Lokhova Declaration, at ¶ 5.

The Book was thereafter published and offered for sale on Amazon on November 23, 2020. Amended Complaint {ECF #52} ¶ 81 and footnote 3, linking to Amazon listing showing publication date, found at: https://www.amazon.com/dp/B08NXFRL1K/ref=cm_sw_em_r_mt_dp_mJW6FbW4X9VNB.[1]  *See* also Lokhova Declaration at ¶ 6.

Yet Halper, having threatened a defamation suit against Post Hill Press if it published the book, did not file a defamation suit against Ms. Lokhova based on her self-publication of the book. Ms. Lokhova points to this failure in her Amended

---

[1] A copy of the Amazon listing is also attached as Exhibit B to the Lokhova Declaration.

4

Complaint as evidence that Halper's demand letters alleging claims for defamation were actually bad faith tactics to induce the breach of her book contract with her publisher.

Specifically, Ms. Lokhova alleged:

> 122. Halper never took any action against Plaintiff for publication of the Book, despite claiming to [Simon & Schuster] and [Post Hill Press] that the Book defamed him and would cause him damage to the tune of multiple millions of dollars.
>
> 123. He never initiated any case for defamation against Plaintiff even though she used the same marketing language and sold copies of the Book as advertised on Amazon.
>
> 124. The statute of limitations for filing such a suit has now passed.

Amended Complaint, {ECF #52.}

In his Answer, Defendant Halper denies all four of these allegations and simultaneously files for the first time a defamation claim against Ms. Lokhova based on the self-published book, (Counterclaims {ECF #65} ¶ 69), and her alleged publication of "the same defamatory allegations" to various people at Cambridge University in England (*Id.* ¶ 70). Halper studiously avoids stating in his counterclaim when these allegedly additional defamatory statements were made.

The statute of limitations for defamation, as Defendant Halper and his counsel well know, is one year. Va. Code § 8.01-247.1.

A cause of action for defamation arises on the date of publication. *See Jordan v. Shands*, 255 Va. 492, 498 (1998) ("Any cause of action that the plaintiff may have

had for defamation against any of the defendants accrued on ... the date she alleges ... that the defamatory acts occurred.").

Because the book was published in June 2020 and on November 23, 2020, Halper's defamation claim is time-barred and must be dismissed. *See Delavan v. N. American Co. for Life and Health Ins.*, 2007 WL 9808081, at *11 (E.D. Va. 2007) (complaint deficient where it fails to allege any publication of the allegedly defamatory information within the one-year limitations period prior to the filing date).

Alternatively, the Court should grant summary judgment on the defamation counterclaim based on the foregoing Statement of Undisputed Material Facts and the attached declaration of Plaintiff Lokhova, which establishes the publication date through her own knowledge, through the Amazon listing, and through copies of the copyright date of a printed version of the Book. *See Morrissey v. William Morrow & Co., Inc.*, 739 F.2d 962, 968 (4th Cir. 1984) (district court properly resolved issue of the date of publication based upon sworn statement).

### 2. *The Court Lacks Personal Jurisdiction over Plaintiff*

In addition to being time-barred, insofar as Halper's defamation counterclaim is premised on alleged defamatory statements that Ms. Lokhova, a British citizen and resident, made to persons in England, it is subject to dismissal under Fed.R.Civ.P. 12(b)(2) because the Court lacks jurisdiction over Ms. Lokhova. The Defendant has the burden of showing that jurisdiction exists. *See New Wellington*

6

*Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). He cannot satisfy this burden.

"A federal district court may exercise personal jurisdiction over a foreign [person] only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro* AR, *S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). None of the bases for exercising personal jurisdiction set forth in Virginia's long-arm statute, VA Code § 8.01-328.1, is satisfied by Ms. Lokhova allegedly defaming Halper through communications in England. As a Virginia Circuit Court recently noted, Virginia "is not the world's defamation court." *Mireskandari v. Daily Mail & General Trust PLC*, 105 Va. Cir. 370, 2020 WL 8837630, at *12 (Fairfax July 27, 2020). "Virginia's Long Arm Statute provides no basis for Virginia to reach across the Atlantic Ocean, grab the UK Defendants, and hale them into [court in] Virginia, USA." *Id.* at *6.

As Defendant Halper's defamation counterclaim is time-barred and the Court does not have personal jurisdiction over Plaintiff to adjudicate it, the Court should dismiss the claim with prejudice or in the alternative award summary judgment on it.

## B. The Tortious Interference Claim Should Be Dismissed with Prejudice

Halper's tortious interference claim is also defective. Under Virginia law, a plaintiff pursuing a claim for tortious interference with contracts must allege facts sufficient to show: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F.Supp.2d 610, 616 (E.D.Va. 2009) (quoting *Duggin v. Adams*, 234 Va. 221, 226 (1987)). In addition, a plaintiff alleging a claim for tortious interference with business expectancies must also allege and prove a reasonable certainty that the plaintiff would have realized the expectancy absent the defendant's conduct. *See Glass v. Glass*, 228 Va. 39 (1984).

Halper alleges merely that "[b]y 2016, Halper had accumulated multiple national security consulting contracts" (Counterclaims ¶ 59); "Lokhova knew of Halper's Defense Department contracts and intentionally interfered with Halper's contractual and business expectancy rights by defaming Halper (*Id.* ¶ 76); and "[a]s a direct and proximate result of Lokhova's defamation of Halper, he has suffered damage to his reputation and lost his DOD contract research revenue" (*Id.* ¶ 60). These allegations are patently insufficient.

To establish a *prima facie* case of the tort, [plaintiff] must allege a 'specific, existing contract or business expectancy or opportunity that has been interfered

8

with in a tortious manner.'" *Supinger v. Virginia*, 167 F.Supp.3d 795, 821-22 (W.D. Va. 2016) (quoting *Masco Contractor Servs. East, Inc. v. Beals*, 279 F.Supp.2d 699, 710 (E.D.Va. 2003)). Vague or conclusory allegations do not suffice. *See id.* at 822; *Stout v. Gremillion*, 2019 WL 4261122, at *8 (W.D. Tex. 2019) (tortious interference claim not plausible where it does not allege any specific facts regarding how defendant's conduct impacted plaintiff's contractual relationship).

Here, Halper alleges only the formulaic statements of the elements of the tort of interference with contract, but no facts on which the elements are satisfied so as to constitute his claim. He does not identify the contract or specific business expectancy that is at issue. Nor does her explain how any allegedly defamatory statement by Ms. Lokhova came to the attention of anyone at the DOD in a position to affect his supposed contract or expectancy, and if (or how) in fact the allegedly defamatory statement(s) caused the loss of that contract or expectancy.

Further with respect to the tort of interference with business expectancy, Halper does not allege any "interference" <u>contact</u> by Ms. Lokhova occurred with the DOD in relation to any supposed business expectancy, or that he and Ms. Lokhova are in a "competitive relationship" for the alleged expectancy(ies). Without allegations and a factual basis for these two additional elements, a claim for tortious interference with business expectancy does not lie in Virginia. *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F.Supp. 2d 584 (E.D.Va. 2005).

The general allegations of the Counterclaims for tortious interference with contract and business expectancy are too nebulous to survive a Motion to Dismiss, and they should be dismissed with prejudice.

### C.   The "Counterclaim" Under VA Code § 8.01-223.2 Should Be Dismissed

Finally, Halper's "counterclaim" under VA Code § 8.01-223.2 is legally defective.  This provision is Virginia's anti-SLAPP (strategic lawsuit against public participation) statute.  Its purpose is "to weed out and deter lawsuits brought for the improper purpose of harassing individuals who are exercising their protected right to freedom of speech." *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021).

The statute's title announces that it provides "Immunity of persons for statements made at public hearing or communicated to third party."  By its terms, the statute provides *a defense* to certain claims of tortious interference or defamation; it does not create a cause of action.  It permits, but does not require, a court (not the jury) to award attorney's fees to a prevailing *defendant*.  The statute does not create a presumption in favor of such a fee award.  See *Fairfax v. CBS Corp.*, 2 F.4th at 297.  Thus, Halper's counterclaim based on this statute must be dismissed with prejudice as it is not a counterclaim at all.

In sum, all three of Defendant's Counterclaims are frivolous.

WHEREFORE, it is respectfully requested that this Motion be granted and that all of Defendant Halper's counterclaims be dismissed with prejudice or, in the alternative, that summary judgment be granted with respect to the counterclaim for defamation.

Dated: August 19, 2022                     Respectfully submitted,


                                            _____/s/_____
                                            Leslie McAdoo Gordon (VA Bar #41692)
                                            1629 K Street, N.W.
                                            Suite 300
                                            Washington, DC  20006
                                            (202) 704-7388
                                            leslie.mcadoo@mcadoolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 19, 2022, I electronically filed the foregoing Plaintiff's Motion to Dismiss Defendant's Counterclaims And/Or For Summary Judgment as to Defamation Counterclaim, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

_____/s/_____
Leslie McAdoo Gordon