# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SVETLANA LOKHOVA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-1603 |
| | ) | |
| | ) | |
| STEFAN A. HALPER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# OBJECTIONS AND RESPONSES TO DEFENDANT'S NOTICE OF DEPOSITION AND SUBPOENA

Steven S. Biss, pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure (the "Rules"), hereby makes, notes and preserves the following Objections and Responses to defendant, Stefan A. Halper's, notice of deposition and subpoena to testify at deposition in a civil action (the "Discovery Requests").

## General Objections

1. This case was dismissed with prejudice on April 5, 2021. The Clerk entered final judgment on July 9, 2021. The matter is on appeal. Discovery may not be conducted in this matter pursuant to Rules 30 and 45 now that this case is closed.

2. The Discovery Requests do not accord with the procedures of the Commonwealth of Virginia.

3. Mr. Biss objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines. Subject to and

1

without waiving the privilege as to any document, Mr. Biss represents that the only information and documents being withheld are communications between Mr. Biss and his client (Ms. Lokhova), documents prepared in anticipation of the closed case and appeal, and related work-product of Mr. Biss. The privileged materials consist almost entirely of email communications between Mr. Biss and Ms. Lokhova and legal analysis of claims and defenses prepared by Mr. Biss. Mr. Biss does not intend to produce a privilege log as to these documents.

4. Mr. Biss objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal and/or financial information and material that is not generally known to the public and that is the subject of efforts by Mr. Biss that are reasonable under the circumstances to maintain the confidentiality of such material. Mr. Biss will produce responsive information subject to entry of an appropriate Protective Order.

5. Mr. Biss objects to the Discovery Requests on the ground and to the extent that the information requested is not in Mr. Biss's possession or control, but is in the possession and control of others, including, without limitation, Ms. Lokhova, the United States Government and its agencies, John Durham, Special Counsel appointed pursuant to ORDER NO. 4878-2020, Michael E. Horowitz, Inspector General of the United States, and others.

6. Mr. Biss objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, not proportional to the needs of any case,

and would subject Mr. Biss to annoyance, embarrassment, oppression, or undue burden or expense.

7. Mr. Biss objects to the Discovery Requests to the extent that the Discovery Requests require Mr. Biss to create documents for Halper to take action not required by Rules 26, 34 or 45 of the Federal Rules of Civil Procedure.

8. Mr. Biss was not consulted about the date of the deposition, and is not available on November 22, 2021. Counsel for Halper was notified of Mr. Biss's unavailability on November 1, 2021.

9. The subpoena violates Rule 45(c)(1) and (c)(2) because it requires Mr. Biss to attend a deposition and produce documents more than 100 miles from where Mr. Biss resides, is employed or regularly transacts business in person.

**Specific Objections and Responses to Subpoena for Documents**

> 1. All documents relating to payments made on behalf of Svetlana Lokhova to Steven Biss.

**ANSWER:** Objection – relevance; overbroad and not proportional to the needs of the case; attorney-client privilege. Mr. Biss further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

3

> 2. All documents relating to monies payable to Steven Biss for work performed on behalf of Svetlana Lokhova.

**ANSWER:** Objection – relevance; overbroad and not proportional to the needs of the case; attorney-client privilege. Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 3. All documents relating to monies or assets held in trust for Svetlana Lokhova.

**ANSWER:** Mr. Biss has no documents.

> 4. All documents relating to any revenue from Spygate Exposed: The Conspiracy to Topple President Trump, including but not limited to any contract providing entitlement to such revenues.

**ANSWER:** Mr. Biss has no documents.

> 5. All documents relating to any revenue from *Spygate Exposed*, including but not limited to any contract providing entitlement to such revenues.

**ANSWER:** Mr. Biss has no documents.

> 6. All documents relating to any revenue from *The Spider: Stefan A. Halper and the Dark Web of a Coup*.

**ANSWER:** Mr. Biss has no documents.

> 7. All documents relating to any revenue from GOFUNDME for the benefit of Svetlana Lokhova or Steven Biss.

**ANSWER:** Mr. Biss has no documents.

> 8. All documents sufficient to quantify the revenue earned by Steven Biss for the taxable year 2019.

**ANSWER:** Objection – relevance; not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 9. All documents sufficient to quantify the revenue earned by Steven Biss for the taxable year 2020.

**ANSWER:** Objection – relevance; not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 10. All documents sufficient to quantify to the revenue earned by Steven Biss of the taxable year 2021.

**ANSWER:** Objection – vague and confusing; relevance; not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 11. A copy of any and all financial statements for Steven Biss compiled or used from 2019 until the present.

**ANSWER:** Objection – relevance; overbroad and not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 12. All documents relating to payments due and owing Steven Biss from his clients since January 2019.

**ANSWER:** Objection – relevance; overbroad and not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 13. All documents relating to any bank accounts, wherever located, in which You currently have monies or assets on deposit.

**ANSWER:** Objection – relevance; overbroad and not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 14. All documents relating to any brokerage account, wherever located, in which Your currently have monies or assets on deposit.

**ANSWER:** Objection – vague and confusing; relevance; overbroad and not proportional to the needs of the case; confidential subject to Rule 26(c). Plaintiff further objects pursuant to Rule 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

> 15. All documents related to any third party financing you have obtained for the Litigation.

**ANSWER:** Mr. Biss has no documents.

> 16. All unpaid invoices or billing statements for legal services provided or costs from January 1, 2019 until the present.

**ANSWER:**   Mr. Biss has no documents.

## Reservation of Rights

Mr. Biss reserves the right to amend and/or supplement these Objections and Responses to the Discovery Requests.

DATED:   November 17, 2021

STEVEN S. BISS

By: */s/ Steven S. Biss*
 Steven S. Biss (VSB # 32972)
 300 West Main Street, Suite 102
 Charlottesville, Virginia 22903
 Telephone:   (804) 501-8272
 Facsimile:   (202) 318-4098
 Email:   stevenbiss@earthlink.net

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021 a copy of the foregoing was served via email in PDF on counsel for Defendant, Stefan A. Halper.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:         stevenbiss@earthlink.net

*Counsel for the Plaintiff*