# EXHIBIT 1

# LANKFORD & REED, P.L.L.C.

V. Thomas Lankford, Jr. | Terrance G. Reed | Robert K. Moir

www.LRfirm.net

Of Counsel

MICHAEL S. BEARSE

March 13, 2020

Veronica Jordan, Esq.
Executive Vice President and General Counsel
Simon & Shuster
1230 Avenue of the Americas
New York, New York  10020

Dear General Counsel Jordan:

I am writing on behalf of my client, Professor Stefan Halper, to give notice to Simon & Shuster that it has defamed the Professor, and to demand that it cease and desist from doing so and issue a public, written retraction of the defamation. Specifically, I refer to the marketing material published on the Simon & Shuster website (www.simonandshuster.com/books/The-Spider/Svetlana-Lokhova/9781642935981) for the soon-to-be-published book of Svetlana Lokhova entitled: *The Spider: Stefan A. Halper and the Dark Web of a Coup.*  The marketing material contains numerous false and defamatory statements about Professor Halper, and promises that the book, to be distributed by Simon & Schuster, will contain additional, similar defamatory statements.

Professor Halper holds PhDs from Oxford University (1971) and Magdalene College, Cambridge University (2004), and was a senior fellow at Cambridge University from 2000 to 2016 where he was elected a life fellow.  His distinguished work in the area of political science and international affairs has been published by Oxford University Press, Cambridge University Press, Hatchette Publishing and Basic Books.  Nothing he has done in his professional and academic career warrants the vile attacks contained in the marketing materials, which are promised for future publication in Ms. Lokhova's book.  Your marketing material indicates that his offense, apparently, is that he has been publicly identified as having participated on behalf of the FBI in counter-intelligence operations directed towards some of the most dangerous conduct by Russia directed at elections in the United States.

No one can be blind to the fact that we now live in an age in which vile personal attacks against individuals engaged in public service have become the

1

norm.  We are shocked, however, to see a publishing house with the distinguished history and reputation of Simon & Schuster market such disparagement.

Make no mistake.  The marketing materials on your web site have caused, and will continue to cause, Professor Halper personal disgrace, reputational harm, and risk to the personal safety of himself and his family.  I trust, however, that upon further review, you will take appropriate steps to mitigate the harm that Simon & Schuster has already caused and limit the damage that would follow from the publication of Ms. Lokhova's book.

In particular, the marketing material falsely states that Professor Halper is a "spy, an evil spider at work within and around the Trump campaign."  The material falsely states that Professor Halper earned "a huge payday from a contract" signed by James Baker of the Defense Department, and falsely insinuates that this contract was for work as a "spider" and spy within and around the Trump campaign.  The marketing materials falsely claim that, in his alleged spider spy capacity, Professor Halper "initially targeted the important Trump advisor, Lt. General Michael Flynn."

The false statements continue with the assertion that "[d]uring the 2016 Trump campaign, Professor Halper—the spy also known as the 'Spider'— schemed, lied, and ensnared members of the Trump team into his web, including the future president."  As Svetlana Lokhova knows full well, neither General Flynn nor President Trump was the subject of any scheme, lie, target, or "web" by Professor Halper.  Ms. Lokhova previously made such claims against Professor Halper in a $25 million federal lawsuit in the United States District Court for the Eastern District of Virginia (*Lokhova v. Halper, et al*. No. 1:19-cv-632 (LMB/JFA), which was dismissed with prejudice by a federal trial judge on numerous grounds, including the failure of Ms. Lokhova and her counsel to plead facts to support her claims against Professor Halper, and for making baseless claims for defamation.  *Id.* (Docket Entry 90).  This federal judgment places you on notice that Ms. Lokhova has previously failed to plead or to prove in a court of law the very same allegations for which she is now using Simon & Shuster to continue to defame Professor Halper.

Your marketing material also falsely asserts that Professor Halper "fabricated and sustained the fantastical narrative of the Russian hoax," and that he did so by "collaborat[ing] with the intelligence establishment to take the 'kill shot on Flynn,' leaking classified information to his associates in the press."  Shooting

people and leaking classified information is a crime, and are totally false statements when directed at Professor Halper, as your marketing material unambiguously does.  Falsely claiming that Professor Halper manufactured fabricated and fantastical narratives is also defamatory.

Simon & Schuster's publication of such malicious defamation about Professor Halper has and will continue to damage to his reputation in this country and abroad.  These damages are not limited to financial injuries.  The false statements of Ms. Lokhova have been used to foment hatred and threats against the Professor and his family, including death threats.  Simon & Schuster's distribution, publication, and republication of such inciteful false statements by Ms. Lokhova pose a direct threat to the safety of Professor Halper and his family, for which it will be held responsible.

Because it may be relevant to your liability, versus that of the author, I am hereby asking you to put a litigation hold on:

- All documents, files, or communications, whether digital or paper, relating to the aforementioned marketing material or to the publication of the book it markets;
- All documents, files, or communications, whether digital or paper, relating to the factual allegations made by Svetlana Lokhova made in her Amended Complaint (Docket Entry 52) in *Lokhova v. Halper*, *et al*. No. 1:19-cv-632 (LMB/JFA);
- All documents, files, or communications, whether digital or paper, relating to Professor Halper, Svetlana Lokhova, General Michael Flynn, Department of Defense contracts with Professor Halper;
- All documents, files, or communications, whether digital or paper, relating to Steven Biss, Barbara Ledeen, Michael Ledeen, Charles Ross, Devin Nunes, Derek Harvey, or Margot Cleveland;
- All documents, files, or communications, whether digital or paper, relating to any communication with or about an American intelligence representative;
- All documents, files, or communications, whether digital or paper, relating to any communication with or about a Russian intelligence representative, and,

3

- All documents, files or communications, whether digital or paper, relating to any communication with or about a journalist and Ms. Lokhova.

Please also advise me within two weeks how you propose to proceed. We expect that Simon & Schuster will immediately cease to publish the defamatory statements on its website and agree to discuss an appropriate retraction, apology, and settlement.

Yours truly,

Terrance G. Reed
Counsel for Stefan Halper

4

Of Counsel

MICHAEL S. BEARSE

# LANKFORD & REED, P.L.L.C.

V. Thomas Lankford, Jr. | Terrance G. Reed | Robert K. Moir

www.LRfirm.net

April 2, 2020

Mr. Anthony Ziccardi
anthony@posthillpress.com
Michael Wilson
michael@posthillpress.com
Post Hill Press
8115 Isabella Lane, Suite 4
Brentwood, TN 37027

Dear Messrs. Ziccardi and Wilson:

I am writing on behalf of my client, Professor Stefan Halper, to give notice to Post Hill Press that it has defamed Professor Halper, and to demand that it cease and desist its wrongful conduct and issue a public, written retraction of the defamation.   Specifically, I refer to the marketing material published by Post Hill on the Post Hill Press website (https://posthillpress.com/book/the-spider-stefan-a-halper-and-the-dark-web-of-a-coup) for the soon-to-be-published book of Svetlana Lokhova entitled: *The Spider: Stefan A. Halper and the Dark Web of a Coup.*

The marketing material contains numerous false and defamatory statements about Professor Halper, and promises that these defamatory statements will be contained in the upcoming book publication.  Post Hill Press has disseminated the same set of defamatory marketing material to companies that have identified themselves to be future distributors of the book, including Simon & Shuster.   They have, in turn, republished this defamatory marketing material for the benefit of Post Hill Press.

In particular, the marketing material falsely states that Professor Halper is a "spy, an evil spider at work within and around the Trump campaign."  The material falsely states that Professor Halper earned "a huge payday from a contract" signed by James Baker of the Defense Department, and falsely insinuates that this contract was for alleged work as the aforementioned "spider" spy within and around the Trump campaign.  The falsehoods continue with the claim that, in his alleged "spider" spy capacity, Professor Halper "initially targeted the important Trump advisor, Lt. General Michael Flynn."

1

The false statements include the assertion that "[d]uring the 2016 Trump campaign, Halper—the spy also known as the 'Spider'—schemed, lied, and ensnared members of the Trump team into his web, including the future president." As Svetlana Lokhova knows full well, neither General Flynn nor President Trump was the subject of any scheme, lie, target, or "web" by Professor Halper.  Ms. Lokhova previously made such claims against Professor Halper in a $25 million federal lawsuit (*Lokhova v. Halper, et al.*, No. 1:19-cv-632 (LMB-JFA), which was dismissed with prejudice by a federal trial judge on numerous grounds, including the failure of Ms. Lokhova and her counsel to plead plausible facts to support any of her legal claims against Professor Halper, including for defamation. *Id.* (Docket Entry 90).  This federal judgment places you on notice that Ms. Lokhova has failed to sufficiently plead or to prove the very same allegations for which she is now using Post Hill Press to defame Professor Halper.

Your marketing material falsely continues by asserting that Professor Halper "fabricated and sustained the fantastical narrative of the Russian hoax," and that he did so by "collaborat[ing] with the intelligence establishment to take the 'kill shot on Flynn,' leaking classified information to his associates in the press."  Shooting people and leaking classified information is a crime, and are totally false statements when directed at Professor Halper.   Falsely claiming that Professor Halper manufactured fabricated and fantastical narratives is also defamatory *per se*.

We obviously do not have a copy of the unpublished book.  But it would be hard to outdo the libel-per-syllable quotient of your marketing material. Professor Halper has had numerous books published by reputable publishers, including Oxford University Press, Cambridge University Press, Hatchette Publishing, and Basic Books.  His reputation is material to the sales of these and future books, and it has been impaired by your false marketing for the upcoming Lokhova book.

In her dismissed defamation suit against Professor Halper, Ms. Lokhova placed a monetary value on her reputation of $25 million, even though she has been an off-and-on Cambridge graduate student of Russian studies since 1999, and underwent personal bankruptcy in England from 2018 to 2019.  Professor Halper holds PhDs from Oxford University (1971) and Magdalene College, Cambridge University (2004), and was a senior fellow at Cambridge University from 2000 to 2016 where he was elected a life fellow.  Post Hill Press' publication of such malicious defamation about Professor Halper will cause broad-reaching and

extensive damage to his reputation in this country and abroad.  The resulting damages can fairly be estimated to be in multiples of Ms. Lokhova's estimation of her own self-worth.

The resulting and foreseeable damages are not limited to financial injuries. The false statements of Ms. Lokhova have foreseeably generated hatred and threats against the Professor and his family, including death threats and threats of personal injury.  Your publication and republication of such inciteful false statements by Ms. Lokhova pose a direct threat to the safety of Professor Halper and his family, for which you will be held responsible.

The use of the derogative term "Spider" to defame Professor Halper is an addition from the allegations of Ms. Lokhova's dismissed complaint.  As a result, it may become relevant to distinguish the original content authored by Ms. Lokhova from the editorial content added by Post Hill Press.

Because it may be relevant to your liability, I am hereby asking you to put a litigation hold on:

- All documents, files, or communications, whether digital or paper, relating to the aforementioned marketing material or to the publication of the book it promotes, including communications with the author or her agents;
- All documents, files, or communications, whether digital or paper, relating to the factual allegations made by Svetlana Lokhova made in her Amended Complaint (Docket Entry 52) in *Lokhova v. Halper*, *et al*. No. 1:19-cv-632 (LMB/JFA);
- All documents, files, or communications, whether digital or paper, relating to Professor Halper, Svetlana Lokhova, General Michael Flynn, Department of Defense contracts with Professor Halper;
- All documents, files, or communications, whether digital or paper, relating to Steven Biss, Barbara Ledeen, Michael Ledeen, Charles Ross, Devin Nunes, Sidney Powell, Derek Harvey, or Margot Cleveland;
- All documents, files, or communications, whether digital or paper, relating to the following Cambridge Professors:  Professor Richard Dearlove, Christopher Andrew, Professor Peter Martland, Professor Allen Dawson, and Vice-Chancellor Stephen J. Trope;

3

- All documents, files, or communications, whether digital or paper, relating to the "intelligence establishment" with which Professor Halper allegedly collaborated, which would encompass any and all American intelligence representatives;
- All documents, files, or communications, whether digital or paper, relating to any communication with or about a Russian intelligence representative; and,
- All documents, files or communications, whether digital or paper, relating to any communication with or about a journalist and Ms. Lokhova.

Please also advise me within two weeks whether you have ceased and desisted publishing the marketing material on your website, and agree to undertake settlement negotiations for the damages inflicted to date.

Yours truly,

Terrance G. Reed
Counsel for Stefan Halper

cc:   Veronica Jordan, General Counsel, Simon & Schuster
veronica.jordan@simonandschuster.com

Felice Javit, VP, Senior Counsel
felice.javit@simonandschuster.com