```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                        ALEXANDRIA DIVISION

 3    --------------------------x
      SVETLANA LOKHOVA,         :      Civil Action No.:
 4                              :      1:20-cv-1603
                 Plaintiff,     :
 5        versus                :      Wednesday, August 24, 2022
                                :
 6    STEFAN A. HALPER,         :
                                :
 7                 Defendant.   :
      --------------------------x
 8

 9         The above-entitled motion was heard before the
      Honorable William E. Fitzpatrick, United States Magistrate
      Judge.  This proceeding commenced at 11:38 a.m.
10

11                      A P P E A R A N C E S:

12    FOR THE PLAINTIFF:    LESLIE MCADOO GORDON, ESQUIRE
                            MCADOO GORDON & ASSOCIATES, PC
13                          1140 19th Street, NW
                            Suite 602
                            Washington, D.C.  20036
14                          (202) 293-0534

15    FOR THE DEFENDANT:    TERRANCE REED, ESQUIRE
                            LANKFORD & REED PLLC
16                          120 N Saint Asaph Street
                            Alexandria, Virginia  22314
17                          (703) 299-5000

18    COURT REPORTER:      STEPHANIE M. AUSTIN, RPR, CRR
                            Official Court Reporter
19                          United States District Court
                            401 Courthouse Square
20                          Alexandria, Virginia  22314
                            (571) 298-1649
21                          S.AustinReporting@gmail.com

22       (PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING,
         TRANSCRIPT PRODUCED BY COMPUTERIZED TRANSCRIPTION.)
23

24

25
                                                            1
```

```
 1                    P R O C E E D I N G S
 2          THE DEPUTY CLERK:  Lokhova versus Halper
 3   1:20-cv-1603.
 4          MS. GORDON:  Good morning, Your Honor.  Leslie
 5   McAdoo Gordon on behalf of Ms. Lokhova.
 6          THE COURT:  Ms. Gordon, good morning.  How are
 7   you?
 8          MS. GORDON:  I'm very well, Judge.  And you?
 9          THE COURT:  Good.  Thank you.
10          MR. REED:  Good morning, Your Honor.
11   Terrance Reed on behalf of the defendant Stefan Halper.
12          THE COURT:  Good morning, Mr. Reed.  How are you?
13          MR. REED:  Fine.
14          THE COURT:  And let me start off by saying, I
15   apologize for the late start.  That is usually just not how
16   we do things here.  There were just a few other matters that
17   took longer than I thought this morning.  So I apologize for
18   keeping you all waiting.
19          Let's begin with the easy stuff.  The joint
20   discovery plan looks completely fine to me.  It looks like
21   you all have agreed on that, so I'll go ahead and enter an
22   order adopting your joint discovery plan.
23          MS. GORDON:  Your Honor, if you would belay that
24   momentarily, please.
25          THE COURT:  Okay.
```

2

1           MS. GORDON:  We've talked this morning, and we

2    have inadvertently left out the provision that we both had

3    about entering into a protective order.

4           THE COURT:  Okay.

5           MS. GORDON:  So we would like to --

6           MR. REED:  Confidentiality.

7           MS. GORDON:  I beg your pardon?

8           MR. REED:  Confidentiality.

9           MS. GORDON:  Oh, confidentiality.  For --

10   confidentiality for documents.

11          THE COURT:  Okay.

12          MS. GORDON:  So we would like to amend the joint

13   order to put that provision back in, and then we think we'll

14   be able to work out between ourselves an agreed protective

15   order to also hand up for the Court to enter.

16          THE COURT:  Okay.  That's fine.  So why don't we

17   do this.  If there is -- I'll hold off on entering the

18   order.  Why don't you all submit proposed language, and I'll

19   make sure that if you agree on the language, we'll insert

20   that language into the order.

21          MS. GORDON:  There are two other issues on that,

22   Your Honor, as well.

23          On paragraph 12 with respect to privilege, there's

24   a small change that we would like to make.  We had a

25   disagreement, which we've been able to resolve.  The one

3

1    thing we would ask the Court to address is the question of

2    experts.

3              THE COURT:  Okay.

4              MS. GORDON:  There's one paragraph we had left the

5    language that that would -- the schedule for that was to be

6    determined by the Court.

7              THE COURT:  Okay.  We do have -- the court rules

8    have standard discovery deadlines.  It's usually, if I'm

9    working off of memory, 60 days for initial plaintiff's

10   disclosures, then 30 days after that, then 15 for defense,

11   then 15 days after that for any rebuttal reports.  So that's

12   by court rule, so we're happy to insert those dates in.  And

13   it's -- I'll make sure that we do the math and we can

14   circulate that to you all.  But it's -- the counting begins

15   from the entry of the initial scheduling order by

16   Judge Brinkema.

17             MS. GORDON:  The issue, Your Honor, was that with

18   counterclaims, we're both going to have competing experts.

19   And so what I had proposed is that we basically have the

20   same schedule for both of us advancing our own claims.  So I

21   would disclose my expert for my claims, while at the same

22   time he would disclose his expert for his claims.

23             THE COURT:  Do you have any objection to that?

24             MR. REED:  Yes, Your Honor.  I wouldn't call it an

25   objection.  I think the sequential order that's in the rules

                                                          4

 1   and is pretty standard should apply.  They identify their

 2   expert, we then respond and also identify our experts, and

 3   they would have the last round there to -- both sides to do

 4   rebuttals.

 5          THE COURT:  I mean, that is typically how we do

 6   it, but I think -- you know, in this situation, I do think

 7   it's not unreasonable.  It does give -- it does give one

 8   party a little bit of a smaller window if there are

 9   standalone counterclaims here.

10          So what's -- I'll go with Ms. Gordon's suggestion

11   here, that each side will identify the experts as to

12   their -- their affirmative claims in 60 days, any experts

13   with respect to the defense of those claims within -- I

14   believe it's within 30, and then 15 days for any rebuttal.

15          MS. GORDON:  So I think that covers the issues on

16   the joint plan.  We also discussed mediation.  We have, as

17   part of the plan, that we would agree to mediate the claim

18   before Your Honor or before a private mediator, so we

19   wondered if we might ask the Court if there's any schedule

20   that the Court would like to use for that.

21          THE COURT:  Absolutely.  And so we're going to

22   discuss that at the end, but absolutely.

23          So all you need to do is, if you want me to

24   conduct a settlement conference, I am more than happy to do

25   it, and I will be very flexible to work around your

                                                             5

```
 1    schedules.  All you need to do is to reach out to my
 2    chambers.  If you all can meet and confer and come up with
 3    some dates that work with your schedule, talk to my judicial
 4    assistant, and I'm sure we'll be able to find a
 5    mutually-convenient date for everybody.  And I will make
 6    sure I set aside everything else so that when we pick that
 7    date, this will be the only thing that we'll focus on.
 8              MR. REED:  Thank you.
 9              THE COURT:  Okay.
10              MS. GORDON:  I guess I'm running the place here,
11    so ...
12              THE COURT:  You're running.  You're up.
13              MS. GORDON:  So I think that only leaves my motion
14    for a protective order, and I'm only asking for 15 days
15    extension on the discovery that's been propounded to date,
16    and also for coordination on the deposition notice for my
17    clients.  So I'm sure the Court has read my brief on that.
18    I don't want to belabor those points.
19              Does the Court have any questions about it?
20              THE COURT:  Okay.  Well, I don't think so.  I've
21    read everybody's briefs.
22              Is there anything else on those points you want to
23    say?
24              MR. REED:  No, Your Honor.  Other than just
25    repeating the points in the briefs, there are three issues.
```
                                                              6

```
1    One is whether to excuse the default under the local rule.
2    We don't think there's a basis for doing so.  We also would
3    urge the Court not to quash the deposition -- the notice of
4    deposition of the plaintiff.  And, quite frankly, we think
5    that's the purpose of seeking the additional time for
6    responding to the outstanding discovery, which has been in
7    their possession since July 25.
8            We are now in a situation where, on Friday, we've
9    been -- the plaintiff filed a motion for summary judgment,
10   and it makes it all the more incumbent to move this along in
11   accordance with the schedule.
12           THE COURT:  I understand, and I wish I had -- I
13   don't have my calendar right in front of me, but we'll be
14   able to do this.
15           So with respect to the objections that you have to
16   the discovery that's been propounded, the -- I certainly
17   understand the difficulties of being a solo practitioner and
18   prosecuting a case like this, and I also certainly
19   understand the fact that when you are in a criminal trial,
20   it is all consuming.  And I am not -- I am going to allow
21   you to make whatever objections you think are appropriate.
22           I will find that there is excusable neglect, and I
23   will find that there is a sufficient basis to allow the
24   objections to be made, but we are going to do it under a
25   very short turnaround.
```

1              What I'm going to order is that you all meet and
2    confer about those objections, see if you can resolve them,
3    or at least see if you can narrow the issues.  All right.
4    If you can't, then any objections -- and they have -- they
5    can't just be generalized objections.  They have to be
6    specific, narrowly-tailored objections.  File your brief by
7    5:00 this Friday.
8              Under the court rules, your response is due
9    Wednesday by 5:00.  Any reply to that would be due Thursday,
10   next Thursday, by noon, and we'll have an oral argument on
11   your objections a week from Friday.
12             MS. GORDON:  Which is?
13             THE COURT:  Which is the --
14             MR. REED:  The 2nd.
15             THE COURT:  Which is the 2nd, September 2nd.
16             All right.  I assume you have -- now, I don't know
17   what the objections are; I don't know what the discovery
18   requests have been.  Right.  So this is in no way, shape or
19   form -- this is in no way, shape or form a -- you know,
20   telegraphing what's going to happen, because I don't know.
21   But if I rule that you must comply with some or all of the
22   discovery requests, you're going to have to do so very
23   quickly.  There certainly will not be the full 30 days to
24   respond.  Okay.
25             Do you need the -- is that information necessary

8

```
 1    for the deposition?
 2              MR. REED:  Your Honor, the discovery was
 3    propounded in order to obtain the documents in advance of
 4    the deposition.  Currently -- the current due date is either
 5    the 25th or the 2nd of September.  The current deposition
 6    date is the 6th of September.  So if we were to have a
 7    hearing on the 2nd to adjudicate the objections, which we
 8    have not seen, that would require, in order to be useful for
 9    purposes of a September 6th deposition, pretty substantial
10    production.  Now -- quick production, in other words.
11              If the Court is going to require production
12    subject to the -- subject to the adjudication of objections,
13    that's fine.  We can --
14              THE COURT:  I do want her to have the option -- or
15    the opportunity to object, and I want to be able to have --
16    and I do want to hold that September 6th date.
17              MR. REED:  Okay.
18              THE COURT:  I'm perfectly -- I'm perfectly happy
19    to hold the September 6th date.  You know, I'd be -- look,
20    I'm -- I also want to work with the parties' schedules, and
21    I don't want you to be -- you know, I don't want you to be
22    unduly burdened.  Right.  I don't want -- so if --
23              MR. REED:  I could respond before Wednesday if it
24    helps the Court.
25              THE COURT:  Okay.  Why don't we do that.
```

```
 1              MR. REED:  I could respond Monday.

 2              THE COURT:  Okay.  So why don't we do this, why

 3   don't we -- if you were to file your motion by Friday at 5,

 4   if you can respond by Monday.

 5              MR. REED:  I can.

 6              THE COURT:  And then -- can you pull up our

 7   calendar for Tuesday or Wednesday?

 8                   (Off-the-record discussion.)

 9              THE COURT:  I can't hear it Tuesday, I've got a

10   trial that's going to go all day.  But I can advance the

11   hearing to Wednesday, the 24th.

12              So why don't we do this, we'll have any objections

13   filed by Friday the 19th.

14              MR. REED:  I'm sorry, the 26th.

15              MS. GORDON:  Today is the 24th, Your Honor.

16              THE COURT:  I'm sorry, the 26th.  I'm sorry.

17   Sorry about that.  This Friday, the 26th.

18              MR. REED:  The 29th is the response?

19              THE COURT:  The 29th is the response.  If there's

20   a reply that's necessary, by the 30th.  And then we'll hear

21   the motion, any objections on the 24th.

22              MR. REED:  The 31st.

23              THE COURT:  I'm sorry.  I'm sorry.  On the 31st at

24   2 p.m.

25              MR. REED:  Thank you, Your Honor.
```

```
1              THE COURT:  We'll do that at 2 p.m.

2              And, again, I don't know what the discovery

3    requests are, I don't know what the volume of documents

4    we're dealing with, but there would have to be a very quick

5    turnaround in terms of what, if any, production is ordered.

6              MS. GORDON:  Right.  There are 50 document

7    requests, Your Honor.  So there are a number of them, I was

8    working on them last night, that are not objectionable, and

9    we've been working on those.  But there are a large number

10   of them that are very objectionable outside the scope of the

11   case, and I think designed to oppress and harass the

12   plaintiff.

13             The parties in this case, I think despise is too

14   light of a word for the feelings between the parties, not

15   necessarily between counsel.  And so I am definitely of the

16   view that this kind of rush to depose the plaintiff early in

17   the matter, knowing that I'm unavailable to work on the

18   discovery, to pick a date for deposition without

19   consultation with counsel, when my client is a citizen of

20   the U.K., will have to travel here, she has a preschool

21   child that she needs to take care of, to just unilaterally

22   pick that date without consultation with me I think is

23   completely inappropriate, and I would ask the Court not to

24   hold us to the September 6th date.

25             I'm very agreeable to having her discovery -- her
```

                                                            11

1    deposition taken early in the case, whereas normally it

2    comes later, the parties.  I'm not opposed to having her

3    deposed early, but I think this is pushing it too hard, too

4    fast, given all of the logistical issues.

5              THE COURT:  Why isn't it that your client can't be

6    here on the 6th?  I understand that --

7              MS. GORDON:  Well, I suppose she could be here.  I

8    mean, in theoretical possibility, she can be here.  But I

9    just think that it is inappropriate for lawyers to notice

10   the deposition of a party, especially one who's not a U.S.

11   resident, without consulting with their lawyers.  For all

12   Mr. Reed knew, I had a court date on September 6th.  He

13   didn't bother to even ask me.  For all he knows, Ms. Lokhova

14   has a medical appointment that day.

15             The lack of coordination is the problem.  And I

16   can't help but think -- because it is not usual to be

17   pushing the deposition of the parties this early in

18   litigation in the -- in the discovery period, I cannot help

19   but think that this was an effort to take advantage of my

20   unavailability due to my criminal trial.  Which defense

21   counsel has known about since the day we left

22   Judge Brinkema's courtroom on the motion to dismiss, because

23   when the order came out setting this hearing for the 10th, I

24   immediately contacted him to say that's right in the middle

25   of a trial, the whole trial week that I have set for the

                                                              12

```
 1    rest of the year, and that's the date that this is set.

 2              THE COURT:  I understand.

 3              MS. GORDON:  So I would ask for some leeway in

 4    terms of letting me get the documents to him.  He has asked

 5    for a large volume of documents.  If he really wants those

 6    in advance to prepare for her deposition, then the sensible

 7    thing to do would be to set off her deposition for a period

 8    of time, a few weeks.

 9              I will tell the Court, unfortunately, we have

10    another scheduling difficulty, but it is mine, which is that

11    I have had a vacation planned for two weeks starting on

12    September 10th running until the 24th.  And that's been

13    planned all year with my husband.  We're going to

14    New York State, and I set it in September because I had this

15    trial in October that I knew was going to go.  So I've spent

16    all summer working on that trial and this case and set my

17    vacation off until later.

18              So what I would propose to do -- I'm happy to

19    comply with the Court's schedule for the objections, because

20    I agree, we can get those resolved this week through the

21    course of the following coming ten days -- seven days, but

22    then I will need some time to put together all of the

23    documents, depending on the Court's ruling, get those to

24    him, and prepare her for the deposition.  So I really see no

25    reason why we can't set off the deposition for three or four
```
                                                              13

```
 1    weeks.
 2              THE COURT:  Well, I think -- I do think -- I
 3    understand your position, and nobody's going to -- you know,
 4    it sounds like you've been working hard, you deserve a
 5    vacation.  Nobody's going to interfere with that.
 6              I do think this is -- the timing of the deposition
 7    is really going to be plaintiff -- I'm sorry, the defense's
 8    call.  Right.  It is not -- you know, everybody should meet
 9    and confer, everybody should be as professional as they can,
10    everybody has clients they have to represent.  But, you
11    know, we all need to do this in a thoughtful, respectable,
12    professional manner, no question about it.  But an early
13    deposition -- given the history of the case, given I think
14    how narrow, really, these issues are, the fact that summary
15    judgment has already been filed on -- by the plaintiff, I
16    think an early deposition is not at all unreasonable, but it
17    really is plaintiff's call about what --
18              MS. GORDON:  Defendant's.
19              THE COURT:  I apologize.
20              The defense's call about when in the process they
21    want to hold it.  And if -- and if the 6th is -- if the 6th
22    is doable, that's when they've noticed it, you're not
23    otherwise in trial, so we're going to hold it to the 6th
24    and --
25              MS. GORDON:  I'd like to address, Your Honor, the
```

14

1    question of narrowness.

2          So if the deposition of the plaintiff is going to

3    be about her claims, then I would agree that it's a narrow

4    set of issues.  But I don't think that's what the defense

5    intends to depose her about.

6          The case is about the scotching of the book deal.

7    The counterclaims are about way, way, way more than that.

8    They are the full sort of panoply of issues.  The discovery

9    requests ask for all documents that relate to *Lokhova I*, the

10   case that's already over and done with.  The document

11   request asks for her entire file for her discrimination

12   lawsuit which was in England and was the longest

13   discrimination lawsuit in the history of the English courts.

14   I mean, the document requests -- and I attached them as one

15   of my exhibits -- are tremendously expansive, as are the

16   counterclaims.

17         If we were only doing a deposition on the two

18   claims that I have brought, I think it would make sense, but

19   I don't think that's what we're doing.  And what I don't

20   want to do, unless the Court thinks that it's absolutely

21   necessary, is have more than one deposition of the

22   plaintiff.  I would like to have one deposition that covers

23   all of the issues.  But I suppose we could possibly do one

24   deposition now that covers only plaintiff's claims, we could

25   do that, and that, I think, would be doable by the 6th.

1          The other thing is, the motion to dismiss is on

2   exactly this issue.  The defendant is expanding the --

3   vastly the scope of the case with his counterclaims.  And so

4   if the deposition is going to concern all of those as well,

5   then I absolutely object, because I think those claims are

6   time-barred, they are not properly brought.  The motion for

7   summary judgment is based on -- primarily on the statute of

8   limitations.  And so -- but if the discovery is going to go

9   into all of those claims that I think are time-barred, I

10  think that is completely inappropriate.

11         So I would ask the Court to either delay the

12  deposition until we get a resolution about whether the

13  counterclaims are in or out; or, in the alternative, limit

14  this deposition in -- to plaintiff's claims with the

15  understanding that if the counterclaims are to remain in the

16  case -- and that is set to be heard on September 9th.  That

17  if the -- if those claims are to remain in the case, that

18  plaintiff would agree to a further deposition on defendant's

19  claims.

20         THE COURT:  Your -- has Judge Brinkema ordered

21  oral argument on the -- on the motion to dismiss?

22         MS. GORDON:  We've noticed it -- it's a

23  combination of a motion to dismiss and for summary judgment.

24  We've noticed it up for the 9th.  The clerk confirmed that

25  this morning.

                                                              16

Stephanie Austin, RPR, CRR USDC/EDVA (571) 298-1649

1           THE COURT:  Okay.  Counsel.

2           MR. REED:  Your Honor, in terms of the scope of

3   deposition, there is a defense in this case of res judicata,

4   which essentially is that the issues in this case were

5   effectively decided in the first case, the *Lokhova I* case.

6   So the evidence relevant to both cases is relevant to a

7   deposition of the plaintiff who brought both cases seeking

8   $30 million in damages collectively between the cases.  So

9   I'm persuaded that there's some reason to, you know,

10  bifurcate a deposition.

11          The plaintiff appealed the dismissal of this

12  case -- of this case to the Fourth Circuit claiming that she

13  needed discovery, and that's the basis that it was sent back

14  to this court.

15          I don't think it's inappropriate to depose the

16  plaintiff, who has a -- then, in *Lokhova I*, and now in

17  *Lokhova II*, a sprawling conspiracy claim where she alleges

18  that the FBI, the CIA, the Defense Department, Cambridge

19  University or -- and eight different media organizations are

20  all -- have all conspired to complete a coup of the Trump

21  administration.  That's pretty broad territory, and it's the

22  territory of both cases.  And, again, just the mere res

23  judicata defense demonstrates the relevance of a deposition

24  of the plaintiff that is as expansive, or at least

25  coextensive with her claims.

                                                            17

1          So I don't -- and, more importantly, that's a

2   primary reason why we need to take her deposition first.

3   With all due respect, we don't think there are any facts to

4   support such a far-reaching conspiracy, which in the first

5   case, both the District Court judge and the Fourth Circuit

6   determined was implausible as a matter of law.  But she's

7   raising the same arguments here, and we're entitled to probe

8   the facts that she has to support such a far-flown

9   conspiracy theory.

10          THE COURT:  Well -- I'm sorry.  I didn't mean to

11   interrupt.  I'm sorry.  Go ahead.

12          MR. REED:  That's all right.

13          So I think that a deposition early is essential in

14   order to determine who else we need to depose to see if

15   there's any substance to this international conspiracy.

16          THE COURT:  Yeah.  I just -- I'm not going to, at

17   this point, limit his ability to conduct a full-thrown

18   deposition.

19          What I will do is -- and I -- obviously I can't

20   adjudicate every objection during the deposition real-time,

21   but I will make myself -- if there really is an emergency,

22   if there really is a major issue or a major stumbling block

23   on the 6th, I will make myself available for a call from

24   counsel to resolve anything along those lines.  But, at this

25   point, I'm not going to put any boundaries on the scope of

                                                      18

1    the deposition.

2         MS. GORDON:  Your Honor, in light of that, I would

3    say that there is no conspiracy count in this case.  We have

4    two counts, one is for defamation by Mr. Halper for sending

5    letters to the publishers.  That's it.  The second is for

6    tortious interference with her book contract for sending

7    those same letters to the publishers.

8         We are not claiming this conspiracy that Mr. Reed

9    just told you about.  The complaint in the first case

10   alleged that conspiracy.  But that was *Lokhova I*.  This is

11   not *Lokhova I*.  Judge Brinkema told us that at the last

12   hearing.  This is *Lokhova II*.  It is a narrower set of

13   claims.  It has nothing to do with whether Mr. Halper spoke

14   to the FBI, with whether Mr. Halper engaged in a coup to

15   prevent the Trump administration.  Those are issues, as I

16   said, that the defense is trying to bring into the case.

17   That is not the plaintiff's claim in this case.

18        And I would say what Judge Brinkema told us at the

19   last hearing was, and I quote:  "My biggest concern about

20   this case is making sure that it remains focused and that

21   the discovery is not a ridiculously broad discovery.  I am

22   not going to permit that."  And the reason that she said

23   that is because the case is narrow.

24        The defense wants to keep bringing back *Lokhova I*.

25   We're not doing *Lokhova I*; we're just doing *Lokhova II*,

                                                            19

1    which is narrow claims.  And I'm concerned that -- and

2    you'll see from the objections that I'll raise, that really

3    what is going on is the defense is the one that's trying to

4    expand the scope of the case; not the plaintiff.  And it's

5    not appropriate to say, I want to do discovery on an

6    expansive claim when the plaintiff isn't bringing an

7    expansive claim, when you're the one expanding the claim.

8              THE COURT:  I understand.  I understand your

9    position.  And I will tell you, you know, based on the claim

10   and the counterclaims, the one thing I -- for both sides,

11   and this is not a comment on either party or either argument

12   or either side.  Let's stay focused, and it is my job to

13   make sure that the discovery process both proceeds timely,

14   efficiently and is properly tailored to the claims that the

15   parties have brought.

16             So that is clearly something that the Court is

17   tuned into, but I'm not in a position today to exactly

18   establish what those boundaries are.  I'm going to give the

19   lawyers a chance to lawyer their case.  I'm going to give

20   the defense a chance to depose the plaintiff, and I'm not

21   going to tell them now what they can or cannot do during

22   that deposition.  If there is an objection during the

23   deposition, we have a process for it.  If there's a major

24   issue, there's a major stumbling block, I can assure you I

25   will make myself available as needed to resolve it so the

1    parties can keep pushing forward with that deposition.

2            But, you know, other than just generally saying

3    that you are going to stay closely more to the theories that

4    are alleged, we are going to say -- we're going to make sure

5    that all discovery is going to be properly tailored.  That's

6    just how we do it in every case.  But I'm not, at this

7    point, going to necessarily give an advisory opinion about

8    where those boundaries are drawn.

9            The -- so the bottom line is, I think we have a

10   schedule for -- to resolve your objections to the pending

11   discovery.  We're going to hold the deposition for the 6th.

12   I'll make sure that -- just make sure that you have my

13   chamber's contact information.  If there's anything we need

14   to resolve on the 6th, I'm here, I'll make myself available

15   as needed.

16           You note that you have a hearing before

17   Judge Brinkema on the 9th.  Again, I'll leave it up to the

18   parties, but I can make myself available on the 8th for a

19   settlement conference.  There's nothing I have on the 8th

20   that I can't move around.  Unfortunately on the 7th -- oh, I

21   can make myself available on the 7th in the afternoon.

22           MR. REED:  Your Honor, I am -- I'm going to

23   surgery on the 8th.

24           THE COURT:  That's all right.  I was just throwing

25   out those dates in case they fit.

                                                              21

```
 1              MR. REED:  The 7th is fine.

 2              THE COURT:  I'm available -- if your client is

 3    going to be here for the deposition, you know, we're just

 4    trying to find something that fit for everybody's schedules.

 5              But, again, I'll leave that up to you all.

 6    Just -- if you can come up with a good date or a series of

 7    dates, just reach out to my chambers, and we'll see what we

 8    can do there.

 9              MR. REED:  Thank you, Your Honor.

10              THE COURT:  Okay.  Did we cover everything that we

11    needed to tackle today?

12              MR. REED:  I think so.

13              THE COURT:  Okay.  Okay.  Great.  Okay.  Thank you

14    all very much.

15              MR. REED:  Thank you.

16              THE COURT:  We're adjourned.

17                 (Proceedings adjourned at 12:07 p.m.)

18              ----------------------------------

19    I certify that the foregoing is a true and accurate

20    transcription of my stenographic notes.

21                                   Stephanie Austin

22                        Stephanie M. Austin, RPR, CRR

23

24

25
                                                              22
```