UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SVETLANA LOKHOVA,

Plaintiff,

v.

STEFAN A. HALPER,

Defendant.

No: 1:20–cv–01603–LMB–WEF

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RULING REGARDING DISCOVERY PRODUCTION AND DEPOSITION NOTICE**

COMES NOW, the Plaintiff, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 72(a), and respectfully objects to the Magistrate Judge's ruling refusing to extend the time for production of discovery responses, and permitting the deposition of Plaintiff to go forward before plaintiff's pending motion to dismiss Defendant's counterclaims is decided.

**INTRODUCTION**

As the Court knows, this case has a long and fraught history. Plaintiff Lokhova originally sued defendant Halper for defamation in 2019, *Lokhova v. Halper*, 1:19-cv-632 (E.D. Va. 2019) ("*Lokhova I*") and that suit was dismissed as time-barred. This case ("*Lokhova II*") is distinct from *Lokhova I* and centers on two letters that Halper's counsel sent to Ms. Lokhova's publisher and distributor in March and April of 2020 that caused them to terminate Ms. Lokhova's contract with

the publisher. The Court on July 15, 2022, denied Halper's motion to dismiss this action; it noted that *Lokhova I* would not be re-litigated herein and that counsel should behave professionally in litigating the claims actually at issue.

Plaintiff's counsel was unavailable for two plus weeks at the start of August as she prepared for, and tried, a criminal case in the District of Maryland. For over a week, she lived at a hotel in Greenbelt. During that period Defendant's counsel (1) filed counterclaims for defamation and tortious interference that resurrect the issues in *Lokhova I*, and (2) served broad discovery requests to be answered by August 31, 2022, and -- without consulting Plaintiff's counsel -- scheduled the deposition of Ms. Lokhova for September 6, 2022. Plaintiff's counsel, upon resurfacing from her criminal trial, moved to dismiss the counterclaims because they are time-barred and suffer other defects. She sought an extension of 15 days to file objections and responses to the discovery requests (interrogatories and document requests), and to postpone the deposition of Ms. Lokhova until the pending motion to dismiss is decided.

The Magistrate Judge, who is not as thoroughly familiar with the background of this case as is the District Court, gave Ms. Lokhova until August 26, 2022 to file objections to defendant's discovery requests, which she is doing. But the Magistrate Judge announced that he would not extend the date for production of the documents and interrogatory responses by 15 days and that they would have to be produced promptly after he ruled on Ms. Lokhova' objections. Further, the Magistrate Judge

refused to postpone Ms. Lokhova's deposition. Respectfully, Plaintiff submits that the Magistrate Judge erred in so ruling.

**BACKGROUND**

At the July 15, 2022 hearing, the Court denied Halper's motion to dismiss the amended complaint and ruled that the case would go forward. The Court noted that, "this is not *Lokhova I*; this is *Lokhova II*." Transcript at 5, attached as Exhibit A. The Court stated, "My biggest concern about this case is making sure that it remains focused and that the discovery is not a ridiculously broad discovery. I'm not going to permit that." *Id.* at 8. And the Court cautioned both counsel: "But I'm putting both counsel on notice, because I recognize that -- frankly, the animosity between the parties, that I expect this case to be properly litigated by counsel, that I want the rhetoric kept cool, both in terms of the pleadings, the written pleadings, and oral argument." *Id.* at 12.

This Court's scheduling order of July 15, 2022 directed that the Initial Pretrial Conference in this case be conducted on August 10, 2022. That same day, Plaintiff's counsel advised Defendant's counsel that she would be in trial on that date and asked for his consent to seek a continuance of the Pretrial Conference for a date after the conclusion of her trial. She informed the Defendant's counsel that the trial in Maryland was scheduled to begin on August 8th, and last at least a full week, with a high likelihood of carrying over into the start of the following week (as ultimately happened). After a week of delays, Defendant's counsel agreed to the continuance request and Plaintiff filed a consent motion for continuance. {ECF #63}

The Magistrate Judge granted the consent motion and continued the Initial Pre-Trial Conference to August 23, 2022. This Court then sua sponte: (1) extended the discovery period in this matter by nearly a month, continuing the deadline from November 11, 2022 to December 9, 2022, and (2) reset the Final Pre-Trial Conference from November 17, 2022 to December 15, 2022.

On July 29, 2022, Defendant Halper filed his Answer to Ms. Lokhova's Amended Complaint and asserted Counterclaims for defamation, tortious interference, and an alleged violation of VA Code § 8.01-223.2. {ECF #65.} The defamation claim is based principally on Ms. Lokhova's book which she self-published in 2020 after her publisher terminated her book contract. This claim is time-barred. The claim also alleges, in general terms in a single paragraph, that Ms. Lokhova defamed Halper in undated statements made to persons in England. The tortious interference claim alleges that "[b]y 2016, Halper had accumulated multiple national security consulting contracts" and "[a]s a direct and proximate result of Lokhova's defamation of Halper, he has suffered damage to his reputation and lost his DOD contract research revenue." (Counterclaims ¶¶ 59, 60). Plaintiff has moved to dismiss all of these counterclaims or, in the alternative, for summary judgment on the limitations defense. That motion is scheduled to be heard by this Court on September 9, 2022.

Meanwhile, knowing that Plaintiff's counsel would be substantially unavailable due to her upcoming trial, Defendant's counsel emailed Requests for Documents (consisting of 50 separate requests), and Interrogatories (consisting of

18 questions), to Plaintiff's counsel on July 25, 2022, with the ordinary 15-day deadline for the serving of objections and 30-day deadline for substantive responses. As emailing of discovery does not constitute service under FRCP 5(b)(2) without the express, written consent of the other party, Plaintiff's counsel wrote to Defendant's counsel on July 30, 2022 noting that his service was ineffective and reminding him that she was currently preoccupied with the criminal trial. Plaintiff's counsel suggesting that if the defense wanted to (properly) serve document requests at that juncture, that the deadlines for the objections and responses to this discovery be set to 30 and 45 days respectively, or that Defendant's counsel provide in the cover letter to the discovery that the ordinary periods were extended by consent for 15 days, since it would be impossible for Plaintiff's counsel to meet the ordinary deadlines due to her trial. *See* Plaintiff's counsel's email of July 30, 2022, attached as Exhibit B.

Instead, on August 1, 2022, Defendant's counsel served the Document Requests and Interrogatories, with the ordinary 15- and 30- day deadlines, via hand-delivery to Plaintiff's counsel's office. Defendant's counsel also served that same day, via hand-delivery, a notice to depose Ms. Lokhova on September 6, 2022. He had not sought to co-ordinate this deposition with Plaintiff's counsel, although he knows full well that Ms. Lokhova is a UK citizen who lives in the UK and is the caregiver for her pre-school age child. Plaintiff's counsel was unaware of these discovery requests until August 17, when she began opening the mail and packages accumulated by her office during the course of the Maryland trial.

Then, on August 5, 2022 -- days before the Maryland trial -- Defendant's counsel emailed Plaintiff's counsel a letter threatening a "renewed motion to compel the production of documents" and demanding to know by Thursday, August 11th, whether Plaintiff would "still" decline to produce documents that Defendant had requested in discovery in 2021, which were the subject of a motion to compel at that time. See Defense counsel's letter of August 5, 2022, attached as Exhibit C. Plaintiff's counsel replied on the night before her Maryland trial was to commence that the 2021 requests were obviously moot and not the proper subject of a motion to compel because they had been propounded in aid of the District Court's 2021 judgment which was subsequently reversed by the Fourth Circuit. Plaintiff's counsel also requested that the Defendant's counsel cease engaging in gamesmanship. *See* Plaintiff's counsel's email of August 7, 2022, attached as Exhibit D. Defendant has yet to file the threatened "renewed" motion to compel.

Following the conclusion of her Maryland trial, Plaintiff's counsel learned that Defendant's interrogatories and document requests had been served on August 1 without the 15-day extension she had requested, and that the deposition of Ms. Lokhova had been unilaterally scheduled for September 6. Plaintiff's counsel wrote to Defendant's counsel and requested that he extend the deadlines for the discovery and treat the Deposition Notice for Ms. Lokhova as a placeholder while counsel seek to establish an appropriate, mutually agreeable date. Plaintiff's counsel explained that she would seek relief from the Court if counsel could not resolve these issues between themselves. *See* Plaintiff's counsel's emails of August 18, 2022, attached as

Exhibit E. Defendant's counsel has declined to change his position. *See* email of August 19, 2022, attached as Exhibit F.[1]

Significantly, much of the discovery that Defendant Halper seeks from Ms. Lokhova relates to her past activities and to things she has said about Halper, whether they relate to this lawsuit or not. A considerable portion of this discovery relates to *Lokhova I*, which is one of the defined terms in both discovery requests.[2] Plaintiff believes that much of the discovery Halper seeks is irrelevant even if his counterclaims were to remain in the case. But the utter irrelevance of most of his discovery requests becomes crystal clear if his counterclaims are dismissed and this case proceeds, as it should, solely on the basis of Ms. Lokhova's claims. However, the hearing on Ms. Lokhova's motion to dismiss the counterclaims is scheduled for September 9, 2022, which is three days after the September 6 date on which Defendant Halper seeks to depose her.[3]

Moreover, it will require significant planning and coordination by counsel in order to arrange for Ms. Lokhova to travel to the U.S. to appear at a deposition here

---

[1] Contrary to Defendant's counsel's claims in this email, Plaintiff's counsel has given the Defense absolutely no indication that Plaintiff will decline to participate in appropriate discovery in this matter, and this Court did not order "fast track" discovery in this case.

[2] For example, Defendant's document request #3 seeks "[a]ll documents upon which Plaintiff relied to make the allegations in the original Complaint in *Lokhova I*," and request #4 seeks "[a]ll documents upon which Plaintiff relief to make the allegations in the Amended Compliant in *Lokhova I*."

[3] Further, Defendant's counsel may seek to postpone a ruling on the viability of the counterclaims by filing amended counterclaims in response to Plaintiff's motion to dismiss them.

and to attend the deposition of Halper. And there is no genuine need to take Ms. Lokhova's deposition in early September when document discovery will barely have begun. The Defendant will certainly not be prejudiced by a brief delay in this specific discovery at the beginning of the overall discovery period, which does not end until mid-December.

Accordingly, Plaintiff filed a motion for protective order, which the Magistrate Judge heard on August 24, 2022. As discussed above, the Magistrate Judge gave Plaintiff until August 26, 2022 to file objections to defendant's discovery requests. But the Magistrate Judge announced that he would not extend the date for production of the documents and interrogatory responses by 15 days. He set a hearing on Plaintiff's objections to the discovery requests for August 31, 2022 and announced that "there would have to be a very quick turnaround in terms of what, if any, production is ordered." Transcript at 11, attached as Exhibit G.

Defendant's counsel argued disingenuously that he needed to depose Ms. Lokhova soon because of her "sprawling conspiracy claim" and because of the pending motion for summary judgment:

> I don't think it's inappropriate to depose the plaintiff, who has a -- then, in *Lokhova I*, and now in *Lokhova II*, a sprawling conspiracy claim where she alleges that the FBI, the CIA, the Defense Department, Cambridge University or -- and eight different media organizations are all -- have all conspired to complete a coup of the Trump administration. That's pretty broad territory, and it's the territory of both cases. And, again, just the mere res judicata defense demonstrates the relevance of a deposition of the plaintiff that is as expansive, or at least coextensive with her claims.
>
> So I don't -- and, more importantly, that's a primary reason why we need to take her deposition first. With all due respect, we don't think

> there are any facts to support such a far-reaching conspiracy, which in the first case, both the District Court judge and the Fourth Circuit determined was implausible as a matter of law. But she's raising the same arguments here, and we're entitled to probe the facts that she has to support such a far-flown conspiracy theory.
>
> * * *
>
> So I think that a deposition early is essential in order to determine who else we need to depose to see if there's any substance to this international conspiracy.

Transcript at 17-18.

Plaintiff's counsel argued that Ms. Lokhova's claims in *Lokhova II* are far narrower and allege no such conspiracy. She asked that Ms. Lokhova's deposition be delayed until the Court resolves whether Defendant's counterclaims are in or out of the case. Alternatively, she requested that the deposition of Ms. Lokhova be limited to Plaintiff's claims with the understanding that, if the counterclaims do remain in the case, there would be another deposition of Ms. Lokhova with respect to those claims. *See* Transcript at 16.

The Magistrate Judge, however, ruled that the deposition would proceed on September 6, 2022. He acknowledged that "everybody should meet and confer, everybody should be as professional as they can, everybody has clients they have to represent" and "we all need to do this in a thoughtful, respectable, professional manner." Transcript at 14. Nonetheless, he refused to adjust the deposition date that Defendant's counsel had set unilaterally. "But an early deposition -- given the history of the case, given I think how narrow, really, these issues are, the fact that summary judgment has already been filed on -- by the

plaintiff, I think an early deposition is not at all unreasonable." *Id.* Further, the Magistrate Judge refused to limit the scope of the deposition: "I'm not going to, at this point, limit his ability to conduct a full-thrown deposition." *Id.* at 18. The difficulty is that the discovery propounded by the Defendant is not "narrow" and the Defendant has not, in fact, acted reasonably.

**ARGUMENT**

Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), the factual findings and legal conclusions of a magistrate judge on nondispositive pretrial matters are to be set aside where the findings are clearly erroneous or the conclusions are contrary to law. Given the fact-specific character of most discovery disputes and the discretionary standard for resolution of discovery disputes under the Federal Rules, a magistrate judge enjoys some discretion in deciding such matters. However, "where a magistrate judge's ruling constitutes an abuse of that discretion or is contrary to law, district courts must vacate it in order to give effect to the plain language of § 636(b)(1)(A)." *In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

The discovery tactics that Defendant's counsel has engaged in since this Court denied Defendant's motion to dismiss are inappropriate. They are designed to try to gain leverage in this litigation, without regard to civility and professional courtesy. "Counsel for each party are entitled to civility and professional courtesy in discovery, including—when possible—that a deposition be scheduled on a date which does not conflict with counsel's other obligations and allows counsel to

prepare." *HP Tuners, LLC v. Sykes-Bonnett*, 2019 WL 9828399, at *1 (W.D. Wash. 2019). Plaintiff's counsel has not previously encountered such behavior by opposing counsel in any case in this Court or the federal courts in DC and Maryland in 25 years of litigation practice.

These tactics contravene the code of conduct expected in this Court. The Court on its website directs all counsel practicing before it to The Code of Pretrial and Trial Conduct published by the American College of Trial Lawyers as a guide for conducting litigation in this District. The Code states that "[a] lawyer has an obligation to cooperate with opposing counsel as a colleague in the preparation of the case for trial." It further provides that "[a] lawyer should schedule pretrial events cooperatively with other counsel as soon as the event can reasonably be anticipated. Lawyers scheduling an event should respect the legitimate obligations of colleagues and avoid disputes about the timing, location and manner of conducting the event." It cautions that "[d]iscourtesy, obfuscation, and gamesmanship have no proper place in this process." And it states that:

> Unless there are compelling reasons to deny a request for additional time to respond to discovery, an opposing lawyer should grant the request without necessitating court intervention. Compelling reasons to deny such a request exist only if the client's legitimate interests would be materially prejudiced by the proposed delay.

The repeated efforts by Defendant's counsel to jam Plaintiff's counsel with unreasonable discovery requests in this case while she was tied up with another trial violate all of these precepts.

This Court *sua sponte* extended the discovery period in this case by nearly a

month, from November 11, 2022, to December 9, 2022, after Plaintiff's counsel advised that she would be unavailable at the outset of the period because of her trial obligation in Maryland. Thus, there is no prejudice to Halper's legitimate interests in affording Plaintiff's counsel the additional 15 days that she requested in order to respond to Defendant's discovery requests. And there is no need to take Ms. Lokhova's deposition at this early juncture in order for Defendant's counsel to explore her "sprawling conspiracy claim" and determine "who else we need to depose [about] this international conspiracy." Ms. Lokhova does not allege any such conspiracy in this case; it is Defendant Halper who seeks to interject it.

The Court announced on July 15 that its biggest concern about this case is making sure that it remains focused and that discovery is not "ridiculously broad." The tactics of Defendant's counsel ever since confirm how well-placed the Court's concern is. It is Defendant, not Plaintiff, who seeks to expand the scope of this case and the scope of associated discovery. The key to keeping discovery focused is to establish the parameters of the case, namely, whether Defendant's counterclaims are in or out. Until that happens, Defendant Halper will seek almost limitless discovery from Ms. Lokhova.

The broad authority of courts to control discovery includes the authority to stay discovery pending resolution of a dispositive motion. "No categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015). "Courts 'inevitably must balance the harm produced by a delay in discovery against

the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Oakley v. Coast Professional, Inc.*, 2021 WL 3520539, at *1 (S.D.W.Va. Aug. 10, 2021) (quoting *Simpson v. Specialty Retail Concepts*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Stays in this District tend to be brief because the court quickly decides the dispositive motion at issue. *See, e.g., Webster v. Mattis*, 2018 WL 1082848, at *2 (E.D. Va. Feb. 15, 2018) (court issues stay on February 2 and decides dispositive motion 13 days later).

Unfortunately, the Magistrate Judge's ruling rewards Defendant Halper for his counsel's unprofessional behavior and places Ms. Lokhova in the position of potentially having to respond to multiple discovery requests and deposition questions that are extraneous and abusive, and on an accelerated schedule that needlessly taxes her. This was a mistake that should be corrected by this Court.

The solution is simple. Ms. Lokhova's deposition should be stayed until after the viability of Defendant's counterclaims is decided, and it should then be scheduled in consultation with Plaintiff's counsel rather than unilaterally. Similarly, Ms. Lokhova should be given until September 15, 2022 to respond to the pending discovery requests and her responses should be limited to her own claims. If any counterclaims are upheld that expand the legitimate scope of discovery, Ms. Lokhova should be given additional to respond to those requests.

WHEREFORE, it is respectfully requested that these objections to the rulings of the Magistrate Judge be upheld and that:

(1) Plaintiff's deposition shall be stayed pending a ruling on the viability of Defendant's counterclaims, and then shall be scheduled in consultation with Plaintiff's counsel;

(2) the time for Plaintiff to respond to Defendant's discovery requests shall be extended to September 15, 2022 and shall be limited to Plaintiff's claims; and

(3) Plaintiff shall have additional time as determined by this Court to respond to Defendant's discovery requests with respect to any counterclaim that is not dismissed.

Dated: August 26, 2022

Respectfully submitted,

__________/s/__________________________

Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC 20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2022, I electronically filed the foregoing Plaintiff's Objections to Magistrate's Ruling Regarding Discovery Production and Deposition Notice, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

__________/s/__________________________
Leslie McAdoo Gordon