# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

```
_____  )
                                 )
SVETLANA LOKHOVA,                )
                                 )
            Plaintiff,           )
                                 )        No: 1:20−cv−01603−LMB−WEF
v.                               )
                                 )
STEFAN A. HALPER,                )
                                 )
            Defendant.           )
                                 )
_____  )
```

**PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S AMENDED INTERROGATORIES**

Plaintiff Svetlana Lokhova files the following Objections to Defendant's Amended Interrogatories:

**OBJECTIONS AS TO ALL INTERROGATORIES**

1.     Plaintiff objects to the discovery requests, including the definitions and instructions, to the extent they (a) contain requests that exceed the scope and requirements of the applicable federal and local rules and (b) purport to require discovery not provided for by these rules, including but not limited to discovery on subjects not at issue in this case.

For example, Defendant purports to define "'You,' 'Your,' or 'Plaintiff' [to] mean[] Svetlana Lokhova and her agents, including but not limited to her current and prior litigation counsel, Leslie Gordon and Steven Biss, her bankruptcy trustee, her publishing agents, and all other persons or entities acting on behalf of, at the direction of, or for the benefit of Plaintiff." This absurdly broad definition invades attorney-client

privilege, includes persons over whom Plaintiff does not have control and/or who are irrelevant to this dispute.  Its sole purpose is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter and thereby inflict "litigation punishment" on the Plaintiff.  Such tactics constitute abusive discovery.

2.      Plaintiff objects to the discovery requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other rule of privilege or confidentiality provided by law.

3.      Plaintiff objects to the discovery requests to the extent they seek information relating to Defendant's counterclaims in advance of the ruling on Plaintiff's pending motion to dismiss those counterclaims, which are specious because they are: time-barred, fail to state a claim, and are not claims as a matter of law.  Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff.

4.      Plaintiff objects to the discovery requests to the extent they seek any information prior to 2015 as unduly burdensome, onerous, propounded purely to harass and annoy the Plaintiff, and unlikely to lead to the discovery of relevant, admissible information.

5.      As many of the Defendant's discovery requests are objectionable in some form, Plaintiff will not response to Defendant's Interrogatories until her Objections have been ruled on by the Court, and will only do so according to the time schedule ordered by the Court in response to Plaintiff's Motion for Protective Order.

## OBJECTIONS TO SPECIFIC INTERROGATORIES

1.        Identify all persons involved in responding to Defendant's First Set of Interrogatories, including but not limited to persons from whom You obtained information to answer any interrogatory.

**OBJECTION:** To the extent this interrogatory seeks to identify persons from whom Plaintiff's counsel obtained information, it seeks information that is protected work product.  *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 232 (E.D.N.Y. 2007).

2.        Identify all persons with knowledge of any defamation of Plaintiff Lokhova by Defendant Halper.

**OBJECTION:** This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks discovery about "any" defamation of Plaintiff by Defendant including, but not limited to, the defamation at issue in the previous litigation, *Lockhova I,* and/or other defamatory conduct by Defendant Halper which not the subject of this suit, all of which is irrelevant.

3.        List each and every false statement made by Defendant Halper of or concerning Plaintiff, and for each such statement describe the time, place, and manner of the statement, and why it is false.

**OBJECTION:** This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks discovery about "each and every" false statement made by Defendant concerning Plaintiff including, but not limited to, the false and defamatory statements at issue in the previous litigation, *Lockhova I* and/or other defamatory conduct by Defendant Halper which is not the subject of this suit, all of which is irrelevant.  Plaintiff has already identified the

defamatory statements that are the subject of this suit in her Amended Complaint.

4.          Identify each person whom you intend to call as a fact or expert witness at the trial of this matter, and describe the person's knowledge of the subjects at issue in the case. In your answer, please state the subject matter on which the person is expected to testify, and provide a detailed summary of the substance and facts about which the person is expected to testify.

OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks

to require disclosure of a trial witness list and the identification of experts in advance

of the applicable requirements under the applicable federal and local rules and the

scheduling order. Plaintiff further objects to this interrogatory to the extent that it

seeks "a detailed summary of the substance and facts about which [each witness] is

expected to testify. Courts routinely hold that interrogatories that ask a party to

identify "each and every fact" or "all facts" are overly broad and unduly burdensome.

*See, e.g., High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424 at *18-19 (D.

Kan. Sept. 12, 2011); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 418

& n.26 (D. Md. 2005); *Proa v. NRT Mid-Atlantic, Inc.*, 2008 WL 11363286, at *14 (D.

Md. June 20, 2008). This interrogatory is also premature and does not accord with

the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26.

5.          Set forth a detailed and itemized statement of all damages that you claim to have sustained as a consequence of any action alleged in the Amended Complaint and expect to provide in this action as damages; include the basis for the damages you claim, the calculations used to determine such damage amounts, and every fact that supports each claim for damages.

OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks

"every fact" that supports each claim for damages. As discussed above, courts

routinely hold that interrogatories that ask a party to identify "each and every fact" or

"all facts" supporting its position are overly broad and unduly burdensome.  This interrogatory is also premature and does not accord with the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26.

**6.**        List all monies obtained from Your publication of any book.

**OBJECTION:**  Plaintiff objects to this interrogatory insofar as it seeks discovery about any book other than "Spygate Exposed: The Conspiracy to Topple President Trump."  The monies obtained from any <u>other</u> books that Plaintiff published are irrelevant.  This interrogatory is also overly broad, unduly burdensome, not proportional to the needs of this case, and not designed to lead to the discovery of relevant, admissible evidence.

**7.**        Identify each person or witness who can corroborate the allegations of each paragraph in the Amended Complaint.

**OBJECTION:**  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks, in effect, each fact or allegation that each witness can testify about.  *See Ortega v. New Mexico Legal Aid, Inc.*, 2020 WL 4001875, at *2 (D.N.M. July 15, 2020) (interrogatory seeking "all facts" about which each of a party's witnesses will testify is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case).   This interrogatory is also premature and does not accord with the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26.

**8.**        State all facts upon which you rely to deny any allegation in Defendant's counterclaims.

**OBJECTION:**  As discussed above, courts routinely hold that interrogatories that ask a party to identify "each and every fact" or "all facts" supporting its position are overly broad and unduly burdensome.  In addition, this interrogatory improperly seeks to expand the scope of discovery in this case; it relates exclusively to Defendant's Counterclaims, which are specious because they are time-barred, fail to state a claim as a matter of law, and non-existent claims, and thus not the proper subject of discovery.

9.        List all donations or financial support provided to the prosecution of either *Lokhova I* or *Lokhova II*.

**OBJECTION:**  Any donations or financial support that Ms. Lokhova may or may not have received is completely irrelevant.  Any interrogatory seeking information concerning *Lokhova I* is also completely irrelevant and improperly seeks to expand the discovery in this case.

10.        Identify each employer or Entity for whom you have worked since 2008, including the name, address, and telephone number of the employer or Entity, the name of your supervisor, the position you held, your rate of pay, the dates of your employment, and your reasons) for leaving such employment.

**OBJECTION:**  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case.  Plaintiff's past employment is irrelevant to the genuine issues in this case, and discovery about it is not designed to lead to relevant, admissible evidence.

11.      Identify any and all e-mail account(s), whether personal or work-related that you have had in your name or on your behalf from January 1, 2008 to the present.

**OBJECTION:** This Interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case as it seeks information that is too dated. 2008 is not a reasonable cutoff date for this case, for which the relevant time period for all claims is 2015 and later.

12.      Identify by URL or web address any and all account(s) and/or webpage(s) with any social networking websites, including but not limited to Twitter, Facebook, MySpace, LinkedIn or any other webpage(s), website(s), and or weblog(s) wot which you have subscribed and/or have made comments on such site since on or about January 1, 2018, and state whether you have searched these social media sites for documents and information requested in Defendant's first sets of Document Requests and of Interrogatories.

**OBJECTION:** This interrogatory is objectionable as vague and ambiguous – Plaintiff is not sure what information is actually being requested.  To the extent that this Interrogatory requests the identification of Plaintiff's social media accounts, it is overly broad, unduly burdensome and is not proportional to the needs of this case as it seeks information that is too dated.  2008 is not a reasonable cutoff date for this case, for which the relevant time period for all claims is 2015 and later.

13.      Identify all persons to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II.*

**OBJECTION:** This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence. Any interrogatory seeking information concerning

*Lokhova I* is also completely irrelevant and improperly seeks to expand the discovery in this case.

       14.        Identify all media companies to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II*, and for each such company identify the persons with whom you communicated.

**OBJECTION:**  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Any interrogatory seeking information concerning *Lokhova I* is also completely irrelevant and improperly seeks to expand the discovery in this case.

This Interrogatory is also impermissible to the extent that it requests any information relating to the "Media companies" as defined by the Defendant.   The Definition of that term according to the Defendant's Interrogatory Definitions is:

The term "media companies" means companies that publish material for themselves or third parties and specifically includes:  Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in *Lokhova I*, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

This absurdly broad definition includes entities that having nothing whatsoever to do with the claims or defenses to this case and entities that were relevant for the

*Lokhova I* litigation but are completely irrelevant to this case.  The sole purpose of this definition and request is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter, to improperly imply that Ms. Lokhova is a Russian spy engaging in communications with Russian media, etc., and thereby inflict "litigation punishment" on the Plaintiff.   Such tactics constitute abusive discovery.

15.      Identify each representative, employee, or agent of the Russian government with whom you have communicated since January 1, 2008.

**OBJECTION:**  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

16.      Identify any Russian with whom you have discussed Stefan Halper, and state when and where this occurred.

**OBJECTION:**  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he

knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

17.        Identify any Russian intelligence member with who you have discussed Stefan Halper and state when and where this occurred.

**OBJECTION:** This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

18.        Identify any Russian intelligence member with whom you have discussed the 2016 U.S. Presidential election and state when and where this occurred.

**OBJECTION:** This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

Dated:        August 26, 2022        Respectfully submitted,


_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 26, 2022, I electronically filed the foregoing Plaintiff's Objections to Defendant's Amended Interrogatories using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.


_____/s/_____
Leslie McAdoo Gordon