# EXHIBIT C

\UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| _____ | ) | |
| SVETLANA LOKHOVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No: 1:20−cv−01603−LMB−WEF |
| v. | ) | |
| | ) | |
| STEFAN A. HALPER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
## AMENDED REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Svetlana Lokhova files the following Objections to Defendant's

Amended Requests for Production of Documents (RPD):

## OBJECTIONS AS TO ALL REQUESTS

1.      Plaintiff objects to the discovery requests, including the definitions and

instructions, to the extent they (a) contain requests that exceed the scope and

requirements of the applicable federal and local rules and (b) purport to require

discovery not provided for by these rules, including but not limited to discovery on

subjects not at issue in this case.

For example, Defendant purports to define "'You,' 'Your,' or 'Plaintiff [to] mean[]

Svetlana Lokhova and her agents, including but not limited to her litigation counsel

Leslie Gordon and Steven Biss, her bankruptcy trustee, her publishing agents, and all

other persons or entities acting on behalf of, at the direction of, or for the benefit of

Plaintiff." This absurdly broad definition invades attorney-client privilege, includes

persons over whom Plaintiff does not have control and/or who are irrelevant to this

dispute.  Its sole purpose is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter and thereby inflict "litigation punishment" on the Plaintiff.  Such tactics constitute abusive discovery.

2.     Plaintiff objects to the discovery requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other rule of privilege or confidentiality provided by law.

3.     Plaintiff objects to the discovery requests to the extent they seek information relating to Defendant's counterclaims in advance of the ruling on Plaintiff's pending motion to dismiss those counterclaims, which are specious because they are: time-barred, fail to state a claim, and are not claims as a matter of law.  Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff before the Court can render a decision on its Counterclaims.

4.     Plaintiff objects to the discovery requests to the extent they seek any information prior to 2015 as unduly burdensome, onerous, propounded purely to harass and annoy the Plaintiff, and unlikely to lead to the discovery of relevant, admissible information.

5.     As the vast majority of the Defendant's discovery requests are objectionable in some form, Plaintiff will not produce documents in response to the requests, except where noted herein, until her Objections have been ruled on by the Court, and further will only do so according to the time schedule ordered by the Court in response to Plaintiff's Motion for Protective Order.

## OBJECTIONS TO SPECIFIC REQUESTS

1.       All documents upon which Plaintiff relies to make the allegations in the original Complaint in *Lokhova II*, which is docketed as D.E. 1.

**OBJECTION:**  Relevance, in part - to the extent that the Amended Complaint modifies the Complaint.  The Amended Complaint narrows and clarifies the Plaintiff's claims.  As the Amended Complaint is the operative pleading at this stage of the case, relevance must be evaluated based on its scope, not that of the original Complaint, which has been superseded.  "It is well established that 'a properly filed amended complaint supersedes the original one,' thereby becoming the operative filing.  *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (citing *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).  In such a case, the amended complaint 'renders the original complaint "of no effect."' *Fawzy*, 873 F.3d at 455 (quoting *Young*, 238 F.3d at 573)."  *Chase v. Dep't of Pub. Safety & Corr. Servs.*, Civil Action No. ELH-18-2182 (D. Md. Apr. 20, 2020).

This request is also stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with these objections noted, Plaintiff will produce documents reasonably responsive to this request.

2.       All documents upon which Plaintiff relies to make the allegations in the Amended Complaint in *Lokhova II*, which is docketed as D.E. 52.

**OBJECTION:**  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"). With that objection noted, Plaintiff will produce reasonably responsive documents.

3

**3.**     All documents upon which Plaintiff relied to make the allegations in the original Complaint in *Lokhova I*, which was docketed as D.E. 1.

**OBJECTION:**  This request seeks documents that are irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  The *Lokhova I* litigation is concluded; any document request seeking information concerning *Lokhova I* only improperly seeks to expand the discovery in this case beyond the scope of this case.

**4.**     All documents upon which Plaintiff relief to make the allegations in the Amended Compliant in *Lokhova I*, which is docketed as D.E. 52.

**OBJECTION:**  This request seeks documents that are irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  The *Lokhova I* litigation is concluded; any document request seeking information concerning *Lokhova I* only improperly seeks to expand the discovery in this case beyond the scope of this case.

**5.**     All documents upon which you rely to deny any allegation in Defendant's counterclaims.

**OBJECTION:**  This request improperly seeks to expand the scope of discovery in this case; it relates exclusively to Defendant's Counterclaims, which are specious - they are time-barred, fail to state a claim as a matter of law, and are non-existent claims -

and thus are not the subject of proper discovery. Plaintiff has moved to dismiss/for summary judgment on the counterclaims and the District Court is set to hear and decide that Motion on Friday, September 9, 2022.  Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff.

6.    All documents upon which you rely to answer any Interrogatory propounded upon Plaintiff.

**OBJECTION:** This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, and subject to the Objections noted with respect to the individual Interrogatories, Plaintiff will produce documents reasonably responsive to this request.

7.    All documents containing communications relating to the publication of the Coup Book, or the related metadata, including but not limited to any communications with the following:
   a.  Simon & Schuster or its agents or employees;
   b.  Post Hill Press or its agents or employees;
   c.  Media companies.

**OBJECTION:**  Plaintiff objects to this request to the extent that it seeks metadata in addition to documents.  Courts have concluded that "[t]he substantive information contained in Microsoft Office documents speaks for itself" and that, given "the relative lack of worth of metadata, and the lack of any showing … that the metadata underlying Microsoft Office documents would be likely to lead to the discovery

of relevant evidence," … "the production of this metadata would be overly burdensome with no corresponding evidentiary value." *Michigan First Credit Union v. Cumis Ins. Society, Inc.*, 2007 WL 4098213, at *3 (E.D. Mich. Nov. 16, 2007).  "Many courts have expressed reservations about the utility of metadata, explaining that it does not lead to admissible evidence and that it can waste parties' time and money." *Dahl v. Bain Capital Partners, LLC*, 655 F.Supp.2d 146, 149 (D. Mass. 2009).

This request is also impermissible to the extent that it requests any documents relating to the "Media companies" as defined by the Defendant.  The Definition of that term according to the Defendant's RPD is:

> The term "media companies" means companies that publish material for themselves or third parties and specifically includes:  Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in *Lokhova I*, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

This absurdly broad definition includes entities that having nothing whatsoever to do with the claims or defenses to this case and entities that were relevant for the *Lokhova I* litigation but are completely irrelevant to this case.  The sole purpose of this definition and request is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter, to improperly imply that Ms. Lokhova

is a Russian spy engaging in communications with Russian media, etc., and thereby inflict "litigation punishment" on the Plaintiff.   Such tactics constitute abusive discovery.

To the extent that the request concerns documents related to the two publishers, it is relevant to this case.

**8.**   All documents containing communications relating to the publication of the Spygate Book, or the related metadata, including but not limited to any communications with the following:
  a. Simon & Schuster or its agents or employees;
  b. Post Hill Press or its agents or employees;
  c. Media companies

**OBJECTION:**  Plaintiff objects to this request for the same reasons set forth in her objection to request No. 7.

**9.**   All documents containing communications about agreements Plaintiff proposed, sought, or obtained regarding either the Coup Book or the Spygate Book, including but not limited to any Author Profit Participation or contracts.

**OBJECTION:**  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**10.**   All documents containing communications between publishers and Plaintiff regarding a potential book relating to Stefan Halper.

**OBJECTION:**  Relevance, in part - to the extent that this request relates to

7

any book not referenced in the Amended Complaint, it is irrelevant to the claims and defenses in this case, but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**11.** All documents containing or referring to diplomas or degrees awarded to Plaintiff by Cambridge University.

**OBJECTION:** This request seeks irrelevant documents. It is unduly burdensome, invades Plaintiff's privacy, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's educational degrees are irrelevant to any proper claim or defense in this case. This request is improperly seeking to expand the scope of discovery in this case; it relates to allegations made in Defendant's Counterclaims, which are specious - they are time-barred, fail to state a claim as a matter of law, and are non-existent claims - and thus are not the subject of proper discovery. Plaintiff has moved to dismiss/for summary judgment on the counterclaims and the District Court is set to hear and decide that Motion on Friday, September 9, 2022. Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff. Even within the context of Defendant's own Counterclaims, the allegations in the paragraphs pertaining to Ms. Lokhova's academic credentials are irrelevant to Defendant's asserted claims. Whether Ms. Lokhova misstated her academic credentials or not (she did not), that information would not be of any use whatsoever in advancing any claim or defense in this case, and could not even properly be used to impeach her under the rules of evidence at trial. This request is

8

interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff; it is entirely improper and abusive discovery.

**12.**    All documents containing grades for Plaintiff's graduate studies at Cambridge.

**OBJECTION:**  Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11.

**13.**    All documents containing communications between You and any university related to your application to become a PhD (doctoral) student.

**OBJECTION:**  Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11 and General Objection 1 (with respect to the definition of "You").

**14.**    All documents containing communications between You and any university related to your admittance as a PhD (doctoral) student.

**OBJECTION:**  Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11 and General Objection 1 (with respect to the definition of "You").

**15.**    Any and all copies of any dissertation or thesis prepared by Plaintiff for submission to a doctoral committee.

**OBJECTION:**  Plaintiff objects to this request for the same reasons set forth in

her objection to request No. 11.

**16.**     All documents containing communications between You and any media company related to Stefan Halper.

**OBJECTION:**  This request seeks irrelevant documents and is overly broad, unduly burdensome and is not proportional to the needs of this case.

Litigants have a "duty to state discovery requests with 'reasonable particularity.' Fed.R.Civ.P. 34(b)(1)(A).  All-encompassing demands of this kind take little account of that responsibility.  Though what qualifies as 'reasonably particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.' Wright Miller, 8A Federal Practice and Procedure § 2211, at 415." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-650 (10th Cir. 2008).

This request falls far below that standard.   It is a classic fishing expedition request.  It asks Plaintiff to produce every document mentioning Defendant Halper, regardless of whether the communication relates to the issues in this case or not, between herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case.

With reference to the definitions of "any media company" and "You,"

10

Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

17.     All documents containing communications between You and any media company about *Lokhova I*.

**OBJECTION:**  This request seeks completely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the same reasons set forth in her objections to request Nos. 3 (with respect to *Lokhova I*), 7 (with respect to the definition of "media companies"), and General Objection 1 (with respect to the definition of "You").

18.     All documents containing communications between You and any media company about *Lokhova II*.

**OBJECTION:**  This request seeks irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Whether the Plaintiff talks to the media about her lawsuit is irrelevant within the lawsuit.  Plaintiff also objects to this request for the same reasons set forth in her objections to request No. 7 (with respect to the definition of "media companies"), and General Objection 1 (with respect to the definition of "You").

19.     All documents containing communications by you about Stefan Halper,

including but not limited to communications with the following: Twitter users, Michael Flynn, members of Michael Flynn's family, Devin Nunes, Kash Patel, Derek Harvey, Dan Bongino, Margot Cleveland, Maria Bartiromo, Mollie Hemingway, Mark Hemmingway, Barbara Ledeen, Michael Ledeen, Sidney Powell, Barbara Redgate, Chuck Ross, John Solomon, John Batchelor, Sara Carter, Catherine Herridge, or Senator Grassley.

**OBJECTION:**  This request seeks irrelevant documents.  It is overly broad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence - because it does not satisfy the "reasonable particularity" requirement of Fed.R.Civ.P. 34(b)(1)(A).  See objection to request No. 16, incorporated herein by reference.

This request is another total fishing expedition.  It literally asks Plaintiff to produce every tweet that mentions Defendant Halper to every Twitter user who has followed her since 2018.  The vast majority of the individual persons mentioned in this request have nothing whatsoever to do with this case.  Defendant is interposing this document request purely to try to determine to whom Plaintiff is speaking about him, regardless of whether the communications pertain to the issues in this case or not.  This is abusive discovery.

To the extent that some of the people named in this request had a connection to the publication of Plaintiff's book, (for example a few of the named persons had been slated to write endorsing blurbs for the book's covers), or that her Twitter account includes tweets that are actually related to the issues, claims and defenses in this case, there is a limited amount of relevance to this request to which Plaintiff does not object.  Plaintiff also objects to this request for the same reasons set forth in her General Objection 1 (with respect to the definition of "You").

**20.**    All documents containing communications between You and Michael Flynn or Flynn family members.

**OBJECTION:** This request seeks irrelevant documents.  It is overly broad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.   It is not "reasonable particular" to this case or the issues in this case as required by Fed.R.Civ.P. 34(b)(1)(A).

The request is not limited to communications concerning this case or any aspect of it – it literally pertains to any and all communications that may exist on any and all subjects between Michael Flynn and/or his family and Plaintiff. Defendant cannot and did not even try to limit this request properly to subjects relevant to this case because there is no connection between Michael Flynn or his family and the defamatory letters and tortious interference alleged in the Amended Complaint, or to any of the defenses that Defendant Halper asserts in his Answer.

The Defendant in his specious Counterclaims does discuss General Flynn (ret.), but even within the context of Defendant's own Counterclaims, the paragraphs concerning General Flynn are irrelevant to Halper's asserted claims. This request is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff because it echoes the Defendant's original **false** assertions about Plaintiff, which vastly pre-date this case, that she was a Russian spy and/or paramour to Flynn.  This request is entirely improper and abusive discovery.

13

Plaintiff also objects to this request for the same reasons set forth in her General Objection 1 (with respect to the definition of "You").

21.     All documents relating to monies, including donations, ad revenue, interview payments, or book revenues, You have obtained from communications about Stefan Halper.

**OBJECTION:** Relevance, in part - to the extent that this request relates to revenues related to the book referenced in the Amended Complaint, it is relevant to the claims and defenses in this case; to the extent that this request pertains to any monies that Plaintiff may or may not have received by way of donations, ad revenue, interviews, *etc.* simply because Defendant Halper was somehow mentioned, it is irrelevant and not the proper subject of discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

22.     All documents containing any edits of the Coup Book.

**OBJECTION:**   Plaintiff objects to this request to the extent that it seeks documents containing edits to Plaintiff's book made before Defendant's letters to the publisher and distributor complaining about supposed defamation.   Any such documents are irrelevant and the request for them is overly broad, unduly burdensome, and is not proportional to the needs of this case.  A request for such documents is not reasonably calculated to lead to the discovery of admissible evidence.

**23.**    All documents containing any edits of the Spygate Book.

**OBJECTION:**  Plaintiff objects to this request for the reasons set forth in her

objection to request No. 22.

**24.**    All documents containing any allegation that Plaintiff has defamed
anyone.

**OBJECTION:**  This request seeks irrelevant documents.  It is overly broad,

unduly burdensome, not proportional to the needs of this case, and not reasonably

calculated to lead to the discovery of admissible evidence concerning any issue, claim or

defense that is germane to this case.   It also does not satisfy the "reasonable

particularity" requirement of Fed.R.Civ.P. 34(b)(1)(A).  See objection to request No. 16,

incorporated herein by reference. This request is another total fishing expedition and

abusive discovery.

**25.**    All documents containing communications between You and any
publisher or distributor related to promotional material or advertising of the Coup
Book.

**OBJECTION:**  This request is stated in language that is overly broad, unduly

burdensome and not proportional to the needs of this case ("all documents"), but

with that objection noted, Plaintiff will produce documents reasonably responsive to

this request.  Plaintiff also objects to this request for the reasons set forth in her

General Objection 1 (with respect to the definition of "You").

26.     All documents containing communications between You and any publisher or distributor related to promotional material or advertising of the Spygate Book.

**OBJECTION:** This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.  Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

27.     All documents containing communications that Defendant Stefan A. Halper "did, in fact, manufacture and publish to third parties "dishonest accusations … that [Plaintiff] was General Flynn's paramour and a Russian spy."

**OBJECTION:** This request seeks irrelevant documents.  The quoted language does not appear anywhere in the Amended Complaint.

28.     All documents containing communications about "Thousands of copies of Plaintiff's book were pre-ordered online" before cancellation of the book contract.

**OBJECTION:** This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents in response to this request.

29.     All documents containing communications relating to Plaintiff's alleged involvement with the FBI from 2013 to 2016 as alleged in paragraph 26 of the Amended Complaint.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

30.   All documents relating to communications by You with media companies about Stefan Halper, including your records and notes of such communications.

OBJECTION:  This request is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  It falls far below the standard required under Fed.R.Civ.P. 34(b)(1)(A).  It is another fishing expedition request and largely duplicative also of request No. 16, the objection to which is hereby incorporated.

This request asks Plaintiff to produce every document mentioning Defendant Halper, regardless of whether the communication relates to the issues in this case or not, between herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case.  This request far exceeds the scope of this case and is instead an effort by Defendant Halper to force the Plaintiff to disclose any and all communications by her about him regardless of whether it relates to this case or not.  The request is designed merely to oppress, burden, and harass the Plaintiff.

With reference to the definitions of "any media company" and "You,"

17

Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

**31.**    All documents relating to interviews You have given to media companies about yourself.

**OBJECTION:**  The Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 16 and 30, which are incorporated herein by reference.

This request asks Plaintiff to produce every document, regardless of whether the communication relates to the issues in this case or not, about any media interviews conducted by herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case.  This request far exceeds the scope of this case and is instead an effort by Defendant Halper to force the Plaintiff to disclose media appearances that may be about him regardless of whether it relates to this case or not.  The request is designed merely to oppress, burden, and harass the Plaintiff.

With reference to the definitions of "any media company" and "You," Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

**32.**    All documents relating to interviews You have given to media companies about Stefan Halper.

**OBJECTION:** Plaintiff objects to this request for the reasons stated in her objections to request Nos. 16, 30 and 31.

33. All documents relating to communications by You relating to Stefan Halper with William Foster, Christopher Andrew, Neil Kent, or Steven Schrage.

**OBJECTION:** This request seeks irrelevant documents. It is not reasonably calculated to lead to the discovery of admissible evidence. This request is outside the scope of this case and is instead an effort by Defendant Halper to force the Plaintiff to disclose any and all communications by her about him to others regardless of whether it relates to this case or not. The request is designed merely to oppress, burden, and harass the Plaintiff.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

34. All documents relating to "all previously planned or expected endorsement of the Book, from prominent, national figures," as alleged in paragraph 114 of the Amended Complaint.

**OBJECTION:** This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

35. All documents relating to Your bankruptcy proceedings in England, including any financial statements or asset inventories.

**OBJECTION:**  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's bankruptcy proceedings have no bearing on or relation to this case.  This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff.

36.     All documents relating to any passport issued to You, regardless of the name used to identify You.

**OBJECTION:**  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's passport has no bearing on or relation to this case.  This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff.

37.     All documents containing communications by Russians by or to You about Your Twittersite.

**OBJECTION:**  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff has not objected to Defendant's request No. 19 for material on her Twitter account to the extent

that the material is relevant to the issues, claims or defenses in this case.  *See* request No. 19 above.

Plaintiff's Twitter account otherwise has little to no relevance to this case. This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**38.**   All documents relating to Stefan Halper on Your Twittersite.

**OBJECTION:**  Plaintiff objects to this request for the reasons stated in her objections to request Nos. 16, 30, 31 and 32.  Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**39.**   All documents containing communications between You and any representative or agent of the Russian government, including but not limited to:
   a.  Documents relating to any Russian passport application or issuance;
   b.  Documents relating to Your access to, and review of, the archives of RGASPI, as alleged in paragraph 27 of the *Lokhova I* Complaint.
   c.  Documents relating to Your access to, and review of, the "official Stalin Archive," as alleged in paragraph 132 of the *Lokhova I* Complaint;
   d.  All documents relating to Your employment by Troika Dialog;
   e.  All documents relating to Your employment by Sberbank;

**OBJECTION:**  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not

21

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

40.    All documents relating to Your communications about Stefan Halper transmitted to or from Russia.

**OBJECTION: :** This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her

General Objection 1 (with respect to the definition of "You").

**41.**    All documents relating to communications with Russian intelligence members regarding the 2016 U.S. Presidential election.

**OBJECTION:** :  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**42.**    All documents relating to communications with Russian intelligence members regarding Stefan Halper.

**OBJECTION:** :  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can

23

do so with impunity under the guise of civil litigation.  This is abusive discovery.

**43.**     All documents relating to Your father's shipping business, including as described in paragraph 50 of the Amended Complaint.

**OBJECTION:** :  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**44.**     All documents containing information about Your father loaning money or otherwise financing *Lokhova I, Lokhova II*, the Coup Book, the Spygate Book, or Your lawsuit against Sberbank.

**OBJECTION:** :  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

Any financial support that Ms. Lokhova may or may not have received for purposes of litigation or for producing authored works is completely irrelevant.  Any

24

request seeking information concerning *Lokhova I* is also completely irrelevant and improperly seeks to expand the discovery in this case.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation. This is abusive discovery.


45. All documents containing communications between You and your father about Stefan Halper, *Lokhova I, Lokhova II*, the Coup Book, the Spygate Book, Your employment at Troika Dialog or Sberbank, or Your lawsuit against Sberbank.

OBJECTION: This request seeks entirely irrelevant documents. It is overly broad, unduly burdensome and is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again **falsely** stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation. This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").


46. All documents relating to bank accounts used to receive or to disburse monies obtained from fundraising for *Lokhova I* or *Lokhova II.*

**OBJECTION:**  This request seeks entirely irrelevant documents.  It is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff does not object to reasonable requests concerning financial matters related to damages in this case.  However, the identification of specific bank accounts is not a proper subject of discovery in that regard.  Such discovery is not reasonably calculated to lead to the discovery of admissible evidence.

Any request seeking information concerning *Lokhova I* is also completely irrelevant and improperly seeks to expand the discovery in this case.

47.     All documents relating to bank accounts used to receive or to disburse monies obtained from publishing the Spygate Book.

**OBJECTION:**   This  request  seeks  entirely  irrelevant  documents.   It is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff  does  not  object  to  reasonable  requests  concerning  financial matters related to damages in this case.  However, the identification of specific bank accounts  is  not  a  proper  subject  of  discovery  in  that  regard.   Such  discovery is not reasonably calculated to lead to the discovery of admissible evidence.

48.     All  documents  containing  information  about  monies  obtained  from fundraising for *Lokhova I* or *Lokhova II*.

**OBJECTION:**  This request is irrelevant, overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Whether Plaintiff has or has not obtained money by "fundraising" for litigation purposes is entirely irrelevant to this  lawsuit.

49.    All documents containing information about monies obtained from fundraising for the Spygate Book.

**OBJECTION:**  This request is irrelevant, overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Whether Plaintiff did or did not obtained money by "fundraising" with respect to her book is entirely irrelevant to this lawsuit.

50.    All documents relating to the allegations in paragraphs 125 to 128, including but not limited the allegations involving Mark Hemmingway.

**OBJECTION:**  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

Dated:        August 26, 2022          Respectfully submitted,


_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 26, 2022, I electronically filed the foregoing Plaintiff's Objections to Defendant's Amended Requests for Production of Documents, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

_____/s/_____
Leslie McAdoo Gordon