IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Svetlana Lokhova, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| ) | |
| Stefan A. Halper, ) | |
| ) | |
| Defendant ) | |

*Defendant Halper's Responses to Plaintiff's Objections to Defendants' First Amended Set of Interrogatories*
*(Exhibit 1)*

Defendant Stefan Halper respectfully provides the following Responses to the Plaintiff's Objections to his Amended First Set of Interrogatories. Defendant incorporates by reference herein his positions set forth in his General Response to Plaintiff's General Discovery Objections.

### Interrogatories

1. Identify all persons involved in responding to Defendant's First Set of Interrogatories, including but not limited to persons from whom You obtained information to answer any interrogatory.

OBJECTION: To the extent this interrogatory seeks to identify persons from whom Plaintiff's counsel obtained information, it seeks information that is protected work product. See Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199, 232 (E.D.N.Y.2007).

**RESPONSE:**  This interrogatory is not intended to seek work product protected information, but rather the identification of persons with knowledge of the interrogatory answers, and the sources of this information.   In the cited case, the court enforced an interrogatory seeking identification of the sources of relevant documents.  *Strauss*, 242 F.R.D. at 231.  The Rules require such information to be produced without request. *Bowman v. Green Tree Servicing, Inc*., 2012 WL 4849718, * (N.D. W. Va. Oct. 11, 2012) ( "Further, Rule 26(a)(1) *requires* the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information.").  So, not only do the Rules allow a party to request this information it requires a party to provide it, and federal courts have recognized it to that effect.") (emphasis in the original).

To minimize the risk of work product infringement, Defendant is willing to rephrase this interrogatory as follows:

Identify all persons with knowledge of the facts alleged in Plaintiff's Answers to Defendant's First Set of Interrogatories, including but not limited to persons from whom You obtained information to answer any interrogatory.

Defendant has no objection to properly made work product claims, just not blanket one's like this.


2. Identify all persons with knowledge of any defamation of Plaintiff Lokhova by Defendant Halper.

OBJECTION:  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks discovery about "any" defamation of Plaintiff by Defendant including, but not limited to, the defamation at issue in the previous litigation, Lokhova I [sic], and/or other defamatory conduct by Defendant Halper which not the subject of this suit, all of which is irrelevant.

**RESPONSE:** Plaintiff has brought a second defamation claim against Halper, and therefore claims to have knowledge of Halper's defamation of Plaintiff.   This comes after the Court rejected her prior defamation claims.  Persons with knowledge of such defamation are potential witnesses for either side, and are therefore relevant.  The number or lack of such persons is relevant to Plaintiff's credibility, both in this case and in *Lokhova I*. Second, Plaintiff has already been held to have made implausible defamation allegations against Defendant Halper, and each such instance is relevant to further impeach her credibility.

3. List each and every false statement made by Defendant Halper of or concerning Plaintiff, and for each such statement describe the time, place, and manner of the statement, and why it is false.

OBJECTION:  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks discovery about "each and every" false statement made by Defendant concerning Plaintiff including, but not limited to, the false and defamatory statements at issue in the previous litigation, Lokhova I [sic] and/or other defamatory conduct by Defendant Halper which is not the subject of this suit, all of which is irrelevant.  Plaintiff has already identified the defamatory statements that are the subject of this suit in her Amended Complaint.

**RESPONSE**: This objection is predominantly boilerplate, and its additional objection to discovery about *Lokhova I* is meritless, and the subject of a pending appeal. See Defendant's General Response to Plaintiff's Objections.  Neither the Plaintiff nor the Amended Complaint identify any false statement made by Halper regarding Plaintiff, but instead makes the general allegation that unidentified false statements were made. *Id*. at ¶¶ 85, 135-44.  Given the lack of identification of any specific false statement, identification of specific false statements is relevant.   Second, Plaintiff has already been held to have made implausible defamation allegations against Defendant Halper, and each such instance is relevant to further impeach her credibility.

4. Identify each person whom you intend to call as a fact or expert witness at the trial of this matter, and describe the person's knowledge of the subjects at issue in the case. In your answer, please state the subject matter on which the person is expected to testify, and provide a detailed summary of the substance and facts about which the person is expected to testify.

OBJECTION:  Plaintiff objects to this interrogatory to the extent that it seeks to require disclosure of a trial witness list and the identification of experts in advance of the applicable requirements under the applicable federal and local rules and the scheduling order.  Plaintiff further objects to this interrogatory to the extent that it seeks "a detailed summary of the substance and facts about which [each witness] is expected to testify.  Courts routinely hold that interrogatories that ask a party to identify "each and every fact" or "all facts" are overly broad and unduly burdensome.

See, e.g., High Point SARL v. Sprint Nextel Corp., 2011 WL 4036424 at *18-19 (D. Kan. Sept. 12, 2011); United Oil Co., Inc. v. Parts Associates, Inc., 227 F.R.D. 404, 418 & n.26 (D. Md. 2005); Proa v. NRT Mid-Atlantic, Inc., 2008 WL 11363286, at *14 (D. Md. June

20, 2008).  This interrogatory is also premature and does not accord with the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26(a)..

**RESPONSE**:  The interrogatory does not seek "every fact," and hence this objection is inapplicable.  There was no joint discovery plan when this interrogatory was propounded.  Seeking discovery of witnesses is proper discovery, and such disclosure is mandated even without a discovery request under Fed. R. Civ. P. is 26(a)(1)((A)(i). "The aim of Rule 26(a)(1), on the other hand, is to identify at the outset those persons that may have any information relevant to the case in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 480 (W.D. Va. 2010).  Finally, the interrogatory does not ask for "all facts" known to plaintiff's witnesses but rather a detailed summary.

Given that Plaintiff will have to do this in her mandatory disclosures, this is both relevant and not burdensome, making the burdensomeness objection boilerplate.


5. Set forth a detailed and itemized statement of all damages that you claim to have sustained as a consequence of any action alleged in the Amended Complaint and expect to provide in this action as damages; include the basis for the damages you claim, the calculations used to determine such damage amounts, and every fact that supports each claim for damages.

OBJECTION:  Plaintiff objects to this interrogatory to the extent that it seeks "every fact" that supports each claim for damages.  As discussed above, courts routinely hold that interrogatories that ask a party to identify "each and every fact" or all facts" supporting its position are overly broad and unduly burdensome.  This interrogatory is also premature and does not accord with the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26.

**RESPONSE:**  The interrogatory does not seek "every fact," and hence this objection is inapplicable.  There was no joint discovery plan when this interrogatory was propounded.  Seeking discovery of the basis of damage claims is proper discovery, and such disclosure is mandated even without a discovery request.

Given that Plaintiff will have to do this in her mandatory disclosures, this is both relevant and not burdensome, making the burdensomeness objection boilerplate.

6. List all monies obtained from Your publication of any book.

OBJECTION:  Plaintiff objects to this interrogatory insofar as it seeks discovery about any book other than "Spygate Exposed: The Conspiracy to Topple President Trump."  The monies obtained from any other books that Plaintiff published are irrelevant.  This interrogatory is also overly broad, unduly burdensome, not proportional to the needs of this case, and not designed to lead to the discovery of relevant, admissible evidence.

**RESPONSE**: This objection is predominantly boilerplate, and its additional objection to discovery about *Lokhova I* is meritless, and the subject of a pending appeal. See Defendant's General Response to Plaintiff's Objections.   Plaintiff has pled that she published one book in 2019, Amended Complaint ¶ 16, but she has given three different titles to the book she claims to have self-published beginning in June 2020 which is the subject of her claims and the counterclaims in this case. Id. at ¶  The marketability of each iteration is relevant, as is a comparison with her 2018 book.   Discovery of revenues obtained from all of these books is relevant to analyze both Plaintiff's liability and damage claims and Defendant's counterclaims.

Plaintiff's counsel in November 2021 represented he had no such documents in his possession, which undermines any suggestion of burdensomeness.   The objections are unsupported boilerplate and therefore should be disregarded as waived.  *Cappetta v. GC Servs. Ltd. P'shipP'ship*, No. 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (unpublished) ("Just as with relevance objections, merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection."); *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 364 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'overbroad and unduly burdensome' . . . are improper unless based on particularized facts." (internal citation omitted)); *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc*., 246 F.R.D. 522, 528 (S.D. W. Va. 2007) ("There is abundant caselaw to the effect that boilerplate objections to Rule 34 document requests are inappropriate."); *Sabol v. Brooks*, 469 F. Supp. 2d 324, 329 (D. Md. 2006) ("[The non-party served with a subpoena containing document requests] did not particularize its objections to these requests, and instead used the boilerplate objections that this Court repeatedly has warned against, thereby waiving its objections.").

7. Identify each person or witness who can corroborate the allegations of each paragraph in the Amended Complaint.

OBJECTION:  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case insofar as it seeks, in effect, each fact or allegation that each witness can testify about.  See Ortega v. New Mexico Legal Aid, Inc., 2020 WL

4001875, at *2 (D.N.M. July 15, 2020) (interrogatory seeking "all facts" about which each of a party's witnesses will testify is vague, overbroad, unduly burdensome, and disproportionate to the needs of the case). This interrogatory is also premature and does not accord with the Joint Discovery Plan agreed by the parties and Federal Rule of Civil Procedure 26.

**RESPONSE**: Plaintiff once again mischaracterizes the interrogatory as asking for all facts, rather than what it does—ask for identifications of persons with knowledge of Plaintiff's pled allegations.

Given that Plaintiff will have to do this in her mandatory disclosures, this is neither irrelevant nor burdensome, making the objections boilerplate. See *Bowman v. Green Tree Servicing, Inc.*, 2012 WL 4849718, * (N.D. W. Va. Oct. 11, 2012) ( "Further, Rule 26(a)(1) *requires* the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information."

8. State all facts upon which you rely to deny any allegation in Defendant's counterclaims.

OBJECTION: As discussed above, courts routinely hold that interrogatories that ask a party to identify "each and every fact" or "all facts" supporting its position are overly broad and unduly burdensome. In addition, this interrogatory improperly seeks to expand the scope of discovery in this case; it relates exclusively to Defendant's Counterclaims, which are specious because they are time-barred, fail to state a claim as a matter of law, and non-existent claims, and thus not the proper subject of discovery.

**RESPONSE**: Plaintiff's refusal to provide discovery under the theory that she can ignore the counterclaims is incorrect, and this argument is the subject of her appeal, which has not been granted, nor the Magistrate's contrary ruling stayed.

The remaining objections are boilerplate, and should be disregarded.

9. List all donations or financial support provided to the prosecution of either *Lokhova I* or *Lokhova II*.

OBJECTION: Any donations or financial support that Ms. Lokhova may or may not have received is completely irrelevant. Any interrogatory seeking information concerning

Lokhova I is also completely irrelevant and improperly seeks to expand the discovery in this case.

**RESPONSE**: The donations and financial support that Plaintiff solicited and received based upon her accusations against Defendant Halper, particularly when publicly done outside of litigation, are directly relevant to her financial bias against Halper, and her financial motivation to defame Halper. Plaintiff has placed her credibility at issue. Her financial bias is therefore relevant. *See, e.g*, *In re Marriott Int'l Customer Data Security Breach Litigation*, 2020 WL 6064589, *10 (D. Md. Oct. 14, 2020). Such information is also relevant to Plaintiff's claim that this Court lacks personal jurisdiction over her because is it evidence of purposeful availment and continuing contacts with this forum since 2019, particularly given that the fundraising was for purposes of bringing claims in this forum, and also to promote her book. Plaintiff's refusal to provide discovery under the theory that she can ignore *Lokhova I* is incorrect and inconsistent with the Amended Complaint, but this argument is the subject of her appeal, which has not been granted, nor the Magistrate's contrary ruling stayed.

10. Identify each employer or Entity for whom you have worked since 2008, including the name, address, and telephone number of the employer or Entity, the name of your supervisor, the position you held, your rate of pay, the dates of your employment, and your reasons) for leaving such employment.

OBJECTION: This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case. Plaintiff's past employment is irrelevant to the genuine issues in this case, and discovery about it is not designed to lead to relevant, admissible evidence.

**RESPONSE**: Paragraph 3 of the Amended Complaint alleges that Defendant's alleged false allegations "cost her the academic position she held and her PhD, tarnished her reputation, and have prevented her from re-gaining employment in her chosen field." *Id*. Plaintiff has placed her employment history at issue, and claims her academic history at Cambridge began in 1998. *Id*. ¶ 14. Plaintiff's employment history is also the subject of the counterclaims.

11. Identify any and all e-mail account(s), whether personal or work-related that you have had in your name or on your behalf from January 1, 2008 to the present.

OBJECTION:  This Interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case as it seeks information that is too dated.  2008 is not a reasonable cutoff date for this case, for which the relevant time period for all claims is 2015 and later.

**RESPONSE**:  Paragraph 3 of the Amended Complaint alleges that Defendant's alleged false allegations "cost her the academic position she held and her PhD, tarnished her reputation, and have prevented her from re-gaining employment in her chosen field." *Id*. Plaintiff has placed her employment history at issue, and claims her academic history at Cambridge began in 1998. *Id*. ¶ 14.   Plaintiff's employment history is also the subject of the counterclaims, including her time working for Russian banks in London.

12. Identify by URL or web address any and all account(s) and/or webpage(s) with any social networking websites, including but not limited to Twitter, Facebook, MySpace, LinkedIn or any other webpage(s), website(s), and or weblog(s) wot which you have subscribed and/or have made comments on such site since on or about January 1, 2018, and state whether you have searched these social media sites for documents and information requested in Defendant's first sets of Document Requests and of Interrogatories.

OBJECTION:  This interrogatory is objectionable as vague and ambiguous – Plaintiff is not sure what information is actually being requested.  To the extent that this Interrogatory requests the identification of Plaintiff's social media accounts, it is overly broad, unduly burdensome and is not proportional to the needs of this case as it seeks information that is too dated.  2008 is not a reasonable cutoff date for this case, for which the relevant time period for all claims is 2015 and later.

**RESPONSE**:  The timing objection is in error because the interrogatory asks for responsive information from January 2018, and hence an objection to material from 2008 is misdirected.   Plaintiff's proposal to change the date for responsive material to 2015 and later, is, however, accepted.

The remaining objections are boilerplate and should be considered waived.

13. Identify all persons to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II*.

OBJECTION:  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the

discovery of admissible evidence. Any interrogatory seeking information concerning Lokhova I is also completely irrelevant and improperly seeks to expand the discovery in this case.

**RESPONSE**: These objections are boilerplate and should be considered waived. The objection to discovery regarding Lokhova I is the subject of an appeal, and is otherwise meritless for the reasons previously identified by Defendant.

14. Identify all media companies to whom you have communicated your allegations about Stefan Halper as are set forth in the complaints in *Lokhova I* or *Lokhova II*, and for each such company identify the persons with whom you communicated.

OBJECTION:  This interrogatory is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Any interrogatory seeking information concerning Lokhova I is also completely irrelevant and improperly seeks to expand the discovery in this case.

This Interrogatory is also impermissible to the extent that it requests any information relating to the "Media companies" as defined by the Defendant.  The Definition of that term according to the Defendant's Interrogatory Definitions is:

The term "media companies" means companies that publish material for themselves or third parties and specifically includes: Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in Lokhova I, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

This absurdly broad definition includes entities that having nothing whatsoever to do with the claims or defenses to this case and entities that were relevant for the *Lokhova I* litigation but are completely irrelevant to this case.  The sole purpose of this definition and request is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter, to improperly imply that Ms. Lokhova is a Russian spy engaging in communications with Russian media, etc., and thereby inflict "litigation punishment" on the Plaintiff.  Such tactics constitute abusive discovery.

**RESPONSE**: The objections to the interrogatory itself are exclusively boilerplate (i.e., overly broad, burdensome, etc.).  If Plaintiff has communicated her allegations to many

9

media organizations, that it relevant to Plaintiff's claims and the counterclaims.  It is relevant to Defendant's defenses because Plaintiff's self-publication of defamatory material about herself is a defense to her claim of publication by Defendant. *Hickey v. St. Martin's Press, Inc*., 978 F.Supp. 230,237 (D.Md. 1997) ("The general rule is that, if a person claiming to be defamed communicates the allegedly defamatory statements to another, no liability for any resulting damages is incurred by the originator of the statements."). Here, Plaintiff has repeatedly published the alleged defamatory material on her own, including to many of the identified media companies.  The fact and timing of these publications by Plaintiff is directly relevant to the defense.

15. Identify each representative, employee, or agent of the Russian government with whom you have communicated since January 1, 2008.

**OBJECTION**:  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

**RESPONSE**:  This interrogatory seeks information about Plaintiff's communications with representatives of the Russian government.  Plaintiff worked for two Russian banks in London, the latter of which (Sperbank) was owned by the Russian government, and bought the former (Troika).  Plaintiff received almost $5 million in settlement of an employment dispute with Sberbank.  In Lokhova I, however, Plaintiff denied every working for the Russian government.  The accuracy of this claim is relevant to her credibility.

16. Identify any Russian with whom you have discussed Stefan Halper, and state when and where this occurred.

**OBJECTION**:  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.

**RESPONSE**: This interrogatory seeks information about Plaintiff's communications with representatives of the Russian government.  Plaintiff has worked for two Russian banks in London, the latter of which (Sperbank) was owned by the Russian government, and bought the former (Troika).  Plaintiff received almost $5 million in settlement of an employment dispute with Sberbank.  In Lokhova I, however, Plaintiff denied every working for the Russian government.  The accuracy of this claim is relevant to her credibility.

17. Identify any Russian intelligence member with who you have discussed Stefan Halper and state when and where this occurred.

OBJECTION:  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

**RESPONSE**:   Plaintiff claims to be an expert on the Russian intelligence services, formed from years of study.  This interrogatory seeks information about Plaintiff's communications with representatives of the Russian intelligence services.  Plaintiff worked for two Russian banks in London, the latter of which (Sperbank) was owned by the Russian government, and bought the former (Troika).  Plaintiff received almost $5 million in settlement of an employment dispute with Sberbank.  In Lokhova I, however, Plaintiff denied every working for the Russian government.  The accuracy of this claim is relevant to her credibility.

18. Identify any Russian intelligence member with whom you have discussed the 2016 U.S. Presidential election and state when and where this occurred.

OBJECTION:  This interrogatory is irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Halper with this Interrogatory seeks to further defame the Plaintiff with impunity through the litigation process by falsely stating or implying that she is a Russian spy when he knows full well that she is not.  As such, this

Interrogatory is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff and is entirely improper and abusive discovery.

**RESPONSE**:   Plaintiff claims to be an expert on the Russian intelligence services, formed from years of study.  This interrogatory seeks information about Plaintiff's communications with representatives of the Russian intelligence services.  Plaintiff worked for two Russian banks in London, the latter of which (Sperbank) was owned by the Russian government, and bought the former (Troika).  Plaintiff received almost $5 million in settlement of an employment dispute with Sberbank.  In Lokhova I, however, Plaintiff denied every working for the Russian government.  The accuracy of this claim is relevant to her credibility.

Respectfully submitted,

By: ____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net
rkmoir@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant
Stefan A. Halpe*