Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| Svetlana Lokhova, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| | ) | |
| Stefan A. Halper, | ) | |
| | ) | |
| Defendant | ) | |

***Defendant Halper's Responses to Plaintiff's Objections to Defendants' First Amended Set of***
***Document Requests***
***(Exhibit 2)***

Defendant Stefan Halper respectfully provides the following Responses to the Plaintiff's

Objections to his Amended First Set of Document Requests.  Defendant incorporates by

reference herein his positions set forth in his General Response to Plaintiff's Discovery

Objections.

Under Fed. R. Civ. P. 34(b)(2)(C), objections to document requests must state whether

responsive documents exist and are being withheld based upon a specific objection.  Plaintiff's

Rule 34 responses do not disclose whether any responsive documents are being withheld based

upon any objection, although about ten objections reserve the right to produce some responsive

documents later.  *See, e.g.,* Objections to Requests 2, 6, 9, 10, 25, 26, 28, 29, 34, 50.   One of the

reasons for this objection requirement is to inform the requesting party, and the Court, whether

responsive documents exist to justify the efforts of resolving related objections.   That is, indeed,

the purpose of the Magistrate's scheduling of a hearing on Wednesday, August 31st, to resolve

Plaintiff's objections.  In the absence of compliance with this Rule, Defendant suggests that this Court either assume that Plaintiff is withholding responsive documents, or reject Plaintiff's objections for failure to justify their consideration by either Defendant or the Court.

**Defendant's Response to Plaintiff's Common General Objections**

Defendant responds to Plaintiffs general objections which are restated in Plaintiff's objections to Defendant's interrogatory and documents.  Defendant likewise incorporates these response to Plaintiff's general objections into both of his Responses to the Interrogatories (Exhibit 1) and Document Requests (Exhibit 2).

**REQUESTS**

1. All documents upon which Plaintiff relies to make the allegations in the original Complaint in *Lokhova II*, which is docketed as D.E. 1.

OBJECTION:  Relevance, in part - to the extent that the Amended Complaint modifies the Complaint.  The Amended Complaint narrows and clarifies the Plaintiff's claims.  As the Amended Complaint is the operative pleading at this stage of the case, relevance must be evaluated based on its scope, not that of the original Complaint, which has been superseded.  "It is well established that 'a properly filed amended complaint supersedes the original one,' thereby becoming the operative filing.  Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) (citing Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001)). In such a case, the amended complaint 'renders the original complaint "of no effect."' Fawzy, 873 F.3d at 455 (quoting Young, 238 F.3d at 573)."  Chase v. Dep't of Pub. Safety & Corr. Servs., Civil Action No. ELH-18-2182 (D. Md. Apr. 20, 2020).

This request is also stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with these objections noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE:** The second paragraph contains purely boilerplate objections, and therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485

(D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

To the extent that this objection is a variant upon the objection to discovery relating to Lokhova I, it is meritless, and is the subject of an unstayed ruling pending appeal. See Defendant's General Response to Plaintiff's Objections (explaining why Lokhova I within current claims and relevant for impeachment).

On its face, the argument is misplaced. A defendant can take discovery upon the allegations of a prior compliant in the same case. *OTR Transportation, Inc. v. Data Interfuse*, LLC, 2022 WL 296056, *4 (N.D. Ill. Feb. 1, 2022) ("Nevertheless, the cases cited above broadly stand for the proposition that the filing of an amended pleading does not foreclose discovery into statements made in a prior pleading.").

Any differences between the original and amended complaints could be relevant to the credibility of Plaintiff, and that credibility is the proper subject of discovery. *Capital One Bank (USA) N.A. v. Hess Kennedy Chartered, LLC, Capitol One Bank*, 2008 WL 4467160, *3 (E.D Va. Sept. 30, 2008) *Capital One Bank (USA) N.A.*, 2008 WL 4467160, at *3. *See also id.* at *2 (overruling objection to discovery about other lawsuits by same party); *Clean Earth of Maryland, Inc. v. Total Safety, Inc*., 2011 WL 4832381, *6 (N.D. W. Va. Oct. 12, 2011) (citing *Capital One Bank*, overruling objection to interrogatory asking about other suits by party).

2. All documents upon which Plaintiff relies to make the allegations in the Amended Complaint in *Lokhova II*, which is docketed as D.E. 52.

OBJECTION: This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"). With that objection noted, Plaintiff will produce reasonably responsive documents.

**RESPONSE:** These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

3. All documents upon which Plaintiff relied to make the allegations in the original Complaint in *Lokhova I*, which was docketed as D.E. 1.

OBJECTION: This request seeks documents that are irrelevant. It is overly broad, unduly burdensome and is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. The *Lokhova I* litigation is concluded; any document request seeking information concerning *Lokhova I* only improperly seeks to expand the discovery in this case beyond the scope of this case.

**RESPONSE**:  These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

To the extent Plaintiff repeats her general objection to producing any discovery about *Lokhova I*, that objection is meritless, and is the subject of an unstayed ruling pending appeal. *See* Defendant's General Response to Plaintiff's Objections (explaining why *Lokhova I* within current claims and relevant for impeachment).


4. All documents upon which Plaintiff relie[d] to make the allegations in the Amended Compliant in *Lokhova I*, which is docketed as D.E. 52.

OBJECTION:  This request seeks documents that are irrelevant.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  The *Lokhova I* litigation is concluded; any document request seeking information concerning *Lokhova I* only improperly seeks to expand the discovery in this case beyond the scope of this case.

**RESPONSE:**  These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co.,* 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

To the extent Plaintiff repeats her general objection to producing any discovery about *Lokhova I*, that objection is meritless, and is the subject of an unstayed ruling pending appeal. *See* Defendant's General Response to Plaintiff's Objections (explaining why *Lokhova I* within current claims and relevant for impeachment).


5. All documents upon which you rely to deny any allegation in Defendant's counterclaims.

OBJECTION:  This request improperly seeks to expand the scope of discovery in this case; it relates exclusively to Defendant's Counterclaims, which are specious - they are time-barred, fail to state a claim as a matter of law, and are non-existent claims - and thus are not the subject of proper discovery. Plaintiff has moved to dismiss/for summary judgment on the counterclaims and the District Court is set to hear and decide that Motion on Friday, September 9, 2022. Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff.

**RESPONSE**:  These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

To the extent Plaintiff repeats her general objection to producing any discovery about *Lokhova I*, that objection is meritless, and is the subject of an unstayed ruling pending appeal. *See*

Defendant's General Response to Plaintiff's Objections (explaining why *Lokhova I* within current claims and relevant for impeachment).

6. All documents upon which you rely to answer any Interrogatory propounded upon Plaintiff.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, and subject to the Objections noted with respect to the individual Interrogatories, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE**: These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

7. All documents containing communications relating to the publication of the Coup Book, or the related metadata, including but not limited to any communications with the following:

a. Simon & Schuster or its agents or employees;

b. Post Hill Press or its agents or employees;

c. Media companies.

OBJECTION:  Plaintiff objects to this request to the extent that it seeks metadata in addition to documents.  Courts have concluded that "[t]he substantive information contained in Microsoft Office documents speaks for itself" and that, given "the relative lack of worth of metadata, and the lack of any showing … that the metadata underlying Microsoft Office documents would be likely to lead to the discovery of relevant evidence," … "the production of this metadata would be overly burdensome with no corresponding evidentiary value."  Michigan First Credit Union v. Cumis Ins. Society, Inc., 2007 WL 4098213, at *3 (E.D. Mich. Nov. 16, 2007).  "Many courts have expressed reservations about the utility of metadata, explaining that it does not lead to admissible evidence and that it can waste parties' time and money."  Dahl v. Bain Capital Partners, LLC, 655 F.Supp.2d 146, 149 (D. Mass. 2009).

This request is also impermissible to the extent that it requests any documents relating to the "Media companies" as defined by the Defendant.  The Definition of that term according to the Defendant's RPD is:
The term "media companies" means companies that publish material for themselves or third parties and specifically includes: Twitter, Facebook, Fox News, the Epoch Times, The Federalist, The Washington Times, the Washington Examiner, Real Clear Investigations, the media defendants in Lokhova I, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph, Newsmax, The Daily Caller, One American News Network, John Solomon Reports, the John Batchelor Show, Channel One, Russia-1, NTV, Russia Today, TASS, RIA Novosti, Pravda, Moscow Times, and Interfax.

This absurdly broad definition includes entities that having nothing whatsoever to do with the claims or defenses to this case and entities that were relevant for the *Lokhova I* litigation but are completely irrelevant to this case. The sole purpose of this definition and request is to expand the scope of discovery in this case far beyond what is reasonable and proportionate to the matter, to improperly imply that Ms. Lokhova s a Russian spy engaging in communications with Russian media, etc., and thereby inflict "litigation punishment" on the Plaintiff. Such tactics constitute abusive discovery.

To the extent that the request concerns documents related to the two publishers, it is relevant to this case.

**RESPONSE**: Metadata is subject to discovery. *See, e.g.*, *MC Asset Recovery, LLC v. Castex Energy, Inc.*, 2012 WL 12919263, *8 (N.D. Tex. April 26, 2012).

But Defendant has a specific reason to seek metadata in this case. Plaintiff has tweeted that refused a publisher's request to change the meta data on her manuscript, making the metadata of her communications with the publishers and other media companies relevant to show the origins of these documents. D.E. 65, Answer and Counterclaim ¶ 55, 68. The cited media companies are those upon which Lokhova I was predicated (the media defendants in Lokhova I, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph), which were then repeated in Plaintiff's Coup Book. Plaintiff has used media companies to disseminate her defamation of Defamation, including those listed, and some have provided regular coverage of Plaintiff's lawsuits. Hence, this definition of media company is specific and relevant to this case.

8. All documents containing communications relating to the publication of the Spygate Book, or the related metadata, including but not limited to any communications with the following:

a. Simon & Schuster or its agents or employees;

b. Post Hill Press or its agents or employees;

c. Media companies

OBJECTION: Plaintiff objects to this request for the same reasons set forth in her objection to request No. 7.

**RESPONSE**: Plaintiff has tweeted that her book was not published because of its meta data, making the metadata of her communications with the publishers and other media companies relevant to show the origins of these documents.

The cited media companies are those upon which Lokhova I was predicated (the media defendants in Lokhova I, the Guardian, The London Times, the Daily Mail, the BBC, the Daily Telegraph), which were then repeated in Plaintiff's Spygate Book. Plaintiff has used media companies to disseminate her defamation of Defamation, including those listed, and some have provided regular coverage of Plaintiff's lawsuits. Hence, this definition of media company is specific and relevant to this case.

9. All documents containing communications about agreements Plaintiff proposed, sought, or obtained regarding either the Coup Book or the Spygate Book, including but not limited to any Author Profit Participation or contracts.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE**: These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

Plaintiff claims interference with an agreement, and Defendant is entitled to all documents containing communication about the alleged agreement.  Such discovery is relevant.

10. All documents containing communications between publishers and Plaintiff regarding a potential book relating to Stefan Halper.

OBJECTION:  Relevance, in part - to the extent that this request relates to any book not referenced in the Amended Complaint, it is irrelevant to the claims and defenses in this case, but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE:**  The sole objection (relevancy) is meritless.  The Amended Complaint inaccurately portrays Plaintiff's manuscript as well-received and not considered to be defamatory.   Plaintiff's own book confirms that she unsuccessfully shopped around versions of manuscripts about Stefan Halper.   Her communications with prospective publishers and their responses, is relevant to show that she was rejected by all publishers.

11. All documents containing or referring to diplomas or degrees awarded to Plaintiff by Cambridge University.

OBJECTION:  This request seeks irrelevant documents.  It is unduly burdensome, invades Plaintiff's privacy, and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's educational degrees are irrelevant to any proper claim or defense in this case.  This request is improperly seeking to expand the scope of discovery in this case; it relates to allegations made in Defendant's Counterclaims, which are specious - they are time-barred, fail to state a claim as a matter of law, and are non-existent claims - and thus are not the subject of proper discovery. Plaintiff has moved to dismiss/for summary judgment on the counterclaims and the District Court is set to hear and decide that Motion on Friday, September 9, 2022. Defendant has interposed specious Counterclaims purely for the purpose of trying to impose onerous discovery on the Plaintiff.  Even within the context of Defendant's own Counterclaims, the allegations in the paragraphs pertaining to Ms. Lokhova's academic credentials are irrelevant to Defendant's asserted claims.  Whether Ms. Lokhova misstated her academic credentials or not (she did not), that information would not be of any use whatsoever in advancing any claim or

defense in this case, and could not even properly be used to impeach her under the rules of evidence at trial. This request is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff; it is entirely improper and abusive discovery.

**RESPONSE**: Plaintiff has systematically misrepresented her status as a PhD student at Cambridge Plaintiff has alleged that she has been in a PhD program at Cambridge since 2004. *Lakhova 1,* ¶ 27. She claims in this suit that Halper has "cost her the academic position she held and her PhD." *Lakhova II,* Amended Complaint ¶ 3. She has claimed that she was a PhD student at the 2014 Cambridge University dinner from which her claims originate. Judge Brinkema identified this as contradiction in Plaintiff's dinner story. *Lokhova I,* 441 F.Supp.3d at 246 n.5 (noting that Plaintiff denied being a graduate student to the media while claiming to be one in her complaint). In paragraph 21 of her Amended Complaint, plaintiff again alleges that "She was then a graduate student and researcher at Cambridge. . . ." The fact that this was then, and remains, untrue is relevant to Planntiff's credibility.


12. All documents containing grades for Plaintiff's graduate studies at Cambridge.

OBJECTION: Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11.

**RESPONSE:** See Response 11. Incorporate herein. Because Plaintiff was not a graduate student at Cambridge since 2004, there should be few if any responsive documents.


13. All documents containing communications between You and any university related to your application to become a PhD (doctoral) student.

OBJECTION: Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11 and General Objection 1 (with respect to the definition of "You").

**RESPONSE:** See Response 11, incorporated herein. In both *Lokhova I,* and in this case (Amended Complaint ¶ 3), Plaintiff claims that Halper "cost her the academic position she held and her PhD." *Id.* If Plaintiff was never admitted to a PhD program, this would an inaccurate allegation.


14. All documents containing communications between You and any university related to your admittance as a PhD (doctoral) student.

OBJECTION: Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11 and General Objection 1 (with respect to the definition of "You").

**RESPONSE**: See Response 11, incorporated herein.  In both *Lokhova I,* and in this case (Amended Complaint ¶ 3), Plaintiff claims that Halper "cost her the academic position she held and her PhD." *Id*.  If Plaintiff was never admitted to a PhD program, this would an inaccurate allegation.

15. Any and all copies of any dissertation or thesis prepared by Plaintiff for submission to a doctoral committee.

OBJECTION: Plaintiff objects to this request for the same reasons set forth in her objection to request No. 11.

**RESPONSE**: See Response 11, incorporate herein. In her alleged 18 years as a PhD student, Plaintiff should has submitted a dissertation.


16. All documents containing communications between You and any media company related to Stefan Halper.

OBJECTION:  This request seeks irrelevant documents and is overly broad, unduly burdensome and is not proportional to the needs of this case.   Litigants have a "duty to state discovery requests with 'reasonable particularity.'  Fed.R.Civ.P. 34(b)(1)(A).  All-encompassing demands of this kind take little account of that responsibility.  Though what qualifies as 'reasonably particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court to ascertain whether the requested documents have been produced.' Wright Miller, 8A Federal Practice and Procedure § 2211, at 415."  Regan-Touhy v. Walgreen Co., 526 F.3d 641, 649-650 (10th Cir. 2008).

This request falls far below that standard.  It is a classic fishing expedition request.  It asks Plaintiff to produce every document mentioning Defendant Halper, regardless of whether the communication relates to the issues in this case or not, between herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case.

With reference to the definitions of "any media company" and "You," Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

**RESPONSE**:  Plaintiff alleges that she has been "inundated by the media and others over false allegations," and that the "media scrutiny, social media scrum, and violent threats against her because of these false allegations, forced her to flee her home, cost her the academic position she held and her PhD, tarnished her reputation, and have prevented her from re-gaining employment in her chosen field." Amended Complaint, ¶ 3. One of the defenses is that Plaintiff is the author of her own defamation, which will be proven by showing her longstanding communications with media companies about Halper allegedly defaming her.   Plaintiff's historical, continuing, and broad dissemination to media companies of Halper's alleged defamation of her remains relevant

in this case after *Lokhova I* because it makes Plaintiff the author of her own defamation.  Plaintiff's persistent self-publication of defamatory material about herself is a defense to her claim of publication by Defendant. *Hickey v. St. Martin's Press, Inc.*, 978 F.Supp. 230, 237 (D.Md. 1997) ("The general rule is that, if a person claiming to be defamed communicates the allegedly defamatory statements to another, no liability for any resulting damages is incurred by the originator of the statements.").

Further, these objections include purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co.*, 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


17. All documents containing communications between You and any media company about *Lokhova I.*

OBJECTION:  This request seeks completely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the same reasons set forth in her objections to request Nos. 3 (with respect to Lokhova I), 7 (with respect to the definition of "media companies"), and General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  See Response 16, incorporated herein.  To the extent this is an objection to discovery about *Lokhova I*, defendant incorporates his General Responses as to why such discovery is relevant and not stayed.


18. All documents containing communications between You and any media company about *Lokhova II.*

OBJECTION:  This request seeks irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Whether the Plaintiff talks to the media about her lawsuit is irrelevant within the lawsuit.  Plaintiff also objects to this request for the same reasons set forth in her objections to request No. 7 (with respect to the definition of "media companies"), and General Objection 1 (with respect to the definition of "You").

**RESPONSE**: See Response 16, incorporated herein.


19. All documents containing communications by you about Stefan Halper, including but not limited to communications with the following: Twitter users, Michael Flynn, members of Michael Flynn's family, Devin Nunes, Kash Patel, Derek Harvey, Dan Bongino, Margot Cleveland, Maria Bartiromo, Mollie Hemingway, Mark Hemmingway, Barbara Ledeen, Michael

Ledeen, Sidney Powell, Barbara Redgate, Chuck Ross, John Solomon, John Batchelor, Sara Carter, Catherine Herridge, or Senator Grassley.

OBJECTION:  This request seeks irrelevant documents.  It is overly broad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence - because it does not satisfy the "reasonable particularity" requirement of Fed.R.Civ.P. 34(b)(1)(A).  See objection to request No. 16, incorporated herein by reference.

This request is another total fishing expedition.  It literally asks Plaintiff to produce every tweet that mentions Defendant Halper to every Twitter user who has followed her since 2018.  The vast majority of the individual persons mentioned in this request have nothing whatsoever to do with this case.  Defendant is interposing this document request purely to try to determine to whom Plaintiff is speaking about him, regardless of whether the communications pertain to the issues in this case or not.  This is abusive discovery.

To the extent that some of the people named in this request had a connection to the publication of Plaintiff's book, (for example a few of the named persons had been slated to write endorsing blurbs for the book's covers), or that her Twitter account includes tweets that are actually related to the issues, claims and defenses in this case, there is a limited amount of relevance to this request to which Plaintiff does not object.  Plaintiff also objects to this request for the same reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  Plaintiff's communications about Halper are relevant to Plaintiff's claims, to Defendant's counterclaims, especially as they relate to alleged falsehoods against Halper, and to Plaintiff's personal jurisdiction defense in her summary judgment motion.  In addition, plaintiff's characterizations of herself to third parties is relevant to the defense of self-publication, and it is likely to coincide with her commentary to third parties about Professor Halper.  Plaintiff has communicated or claimed to have communicated, with most of the named individuals, on multiple occasions.  Her marketing material for her book touted that it was "As Heard on Don Bongino!."  Complaint, ¶ 2.  The fact, extent, and content, of Plaintiff's communications with General Flynn and his family members is relevant, if only to impeach her repeated claims that she has not had any such communication since a dinner in February of 2014.  Each of the remaining persons have interviewed or reported on Plaintiff's allegations about Halper. Kash Patel, Derek Harvey, and former Congressman Nunes investigated Russian interference with the 2016 Presidential election and they have made repeated claims about Plaintiff and her allegations about Halper.  All four shared the same litigation counsel, Mr. Biss, in different defamation actions while this case has been pending.  The Amended Complaint cites and relies upon Senator Grassley's "probe" of Halper, Amended Complaint, *id.* ¶ 76, 90, and his longtime assistant Barbara Ledeen, was identified in the Mueller Report as working with General Flynn to obtain Clinton emails during the 2016 Presidential election.  Mueller Report Volume 1, at 62-65.

20. All documents containing communications between You and Michael Flynn or Flynn family members.

OBJECTION:  This request seeks irrelevant documents.  It is overly broad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.   It is not "reasonable particular" to this case or the issues in this case as required by Fed.R.Civ.P. 34(b)(1)(A).

The request is not limited to communications concerning this case or any aspect of it – it literally pertains to any and all communications that may exist on any and all subjects between Michael Flynn and/or his family and Plaintiff.  Defendant cannot and did not even try to limit this request properly to subjects relevant to this case because there is no connection between Michael Flynn or his family and the defamatory letters and tortious interference alleged in the Amended Complaint, or to any of the defenses that Defendant Halper asserts in his Answer.

The Defendant in his specious Counterclaims does discuss General Flynn (ret.), but even within the context of Defendant's own Counterclaims, the paragraphs concerning General Flynn are irrelevant to Halper's asserted claims.  This request is interposed purely for the purpose of harassing, intimidating, embarrassing, and annoying the Plaintiff because it echoes the Defendant's original false assertions about Plaintiff, which vastly pre-date this case, that she was a Russian spy and/or paramour to Flynn.  This request is entirely improper and abusive discovery.

Plaintiff also objects to this request for the same reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE:**  The Amended Complaint, and Plaintiff's three prior complaints in this Court, all focus upon an alleged conspiracy to smear General Flynn by defaming Plaintiff. Amended Compliant, ¶¶ 2, 4, 5, 6, 8.  The same applies to the marketing materials and the book at issue in this case.  Id. ¶ 72.  Plaintiff alleges that she has had no direct communications with Flynn after the February 2014 dinner.  Amended Complaint, ¶ 24.   If true, there should not be any responsive documents.


21. All documents relating to monies, including donations, ad revenue, interview payments, or book revenues, You have obtained from communications about Stefan Halper.

OBJECTION:  Relevance, in part - to the extent that this request relates to revenues related to the book referenced in the Amended Complaint, it is relevant to the claims and defenses in this case; to the extent that this request pertains to any monies that Plaintiff may or may not have received by way of donations, ad revenue, interviews, etc. simply because Defendant Halper was somehow mentioned, it is irrelevant and not the proper subject of discovery. Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  Plaintiff obtaining money based upon her communications about Stefan Halper is directly relevant to her financial bias, particularly as it supported her filing a meritless suit against Halper, and supported her self-publication of a book.  Plaintiff began at least one GOFUNDME site to raise money off of her suits against Halper.  Her obtaining money is equally

relevant to her bias and credibility (financial motivations), the defamation counterclaims (financial motivations), and her claim of no personal jurisdiction over her on the counterclaims (purposeful availment and recurring contacts).

22. All documents containing any edits of the Coup Book.

OBJECTION:  Plaintiff objects to this request to the extent that it seeks documents containing edits to Plaintiff's book made before Defendant's letters to the publisher and distributor complaining about supposed defamation.  Any such documents are irrelevant and the request for them is overly broad, unduly burdensome, and is not proportional to the needs of this case.  A request for such documents is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**:  The editing process of Plaintiff's manuscripts is relevant because it will show what led to any prospective publisher's refusal to publish.  It will also show whether publishers objected to, or removed material, that Plaintiff would later self-publish on her website.   Edits, either proposed or made, prior to the attorney demand letters will also show whether Plaintiff's later self-publication accepted or rejected these edits.   That would be relevant to show that Plaintiff's self-publication decision was not because of any publisher but rather by Plaintiff's desire to made defamatory allegations against Defendant.

23. All documents containing any edits of the Spygate Book.

OBJECTION:  Plaintiff objects to this request for the reasons set forth in her objection to request No. 22.

**RESPONSE**: See Response 22, incorporated herein.

24. All documents containing any allegation that Plaintiff has defamed anyone.

OBJECTION:  This request seeks irrelevant documents.  It is overly broad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence concerning any issue, claim or defense that is germane to this case.  It also does not satisfy the reasonable particularity" requirement of Fed.R.Civ.P. 34(b)(1)(A).  See objection to request No. 16, incorporated herein by reference. This request is another total fishing expedition and abusive discovery.

**RESPONSE**:  These are purely boilerplate objections, and Plaintiff therefore waives them. States Farm Fire & Casualty Co. v. Admiralty Insurance Co., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

If someone else has accused Plaintiff of defamation, that could be subject to admissibility under Fed. R. Evid. 404(b).  If there enough such accusations to be burdensome to produce such documents, that would be relevant also.

25. All documents containing communications between You and any publisher or distributor related to promotional material or advertising of the Coup Book.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.  Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  Plaintiff has brought this $5 million lawsuit over characterizations of promotional material regarding the Coup Book.  That makes relevant communications between Plaintiff over any prospective advertising material.

These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

26. All documents containing communications between You and any publisher or distributor related to promotional material or advertising of the Spygate Book.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.  Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  See Response No. 25, incorporated herein.

27. All documents containing communications that Defendant Stefan A. Halper "did, in fact, manufacture and publish to third parties "dishonest accusations … that [Plaintiff] was General Flynn's paramour and a Russian spy."

OBJECTION:  This request seeks irrelevant documents.  The quoted language does not appear anywhere in the Amended Complaint.

**RESPONSE**: The quoted language is from the book "Marketing Material" for Plaintiff's book which is contained in paragraph 2 of the Complaint. D.E.1 paragraph. The marketing materials are relevant to Plaintiff's claims, Defendant's defenses, and Defendant's counterclaims.

28. All documents containing communications about "Thousands of copies of Plaintiff's book were pre-ordered online" before cancellation of the book contract.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but

with that objection noted, Plaintiff will produce documents in response to this

request.


**RESPONSE**: This is alleged at paragraph 77 of the Amended Complaint and is obviously relevant. The objections offered are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


29. All documents containing communications relating to Plaintiff's alleged involvement with the FBI from 2013 to 2016 as alleged in paragraph 26 of the Amended Complaint.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE:** These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


30. All documents relating to communications by You with media companies about Stefan Halper, including your records and notes of such communications.

OBJECTION:  This request is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence. It falls far below the standard required under Fed.R.Civ.P. 34(b)(1)(A).  It is another fishing expedition request and largely duplicative also of request No. 16, the objection to which is hereby incorporated.

This request asks Plaintiff to produce every document mentioning Defendant Halper, regardless of whether the communication relates to the issues in this case or not, between herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case. This request far exceeds the scope of this case and is instead an effort by Defendant Halper to

15

force the Plaintiff to disclose any and all communications by her about him regardless of whether it relates to this case or not. The request is designed merely to oppress, burden, and harass the Plaintiff.

With reference to the definitions of "any media company" and "You," Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

**RESPONSE**: Plaintiff admits that she has not spoken to Professor Halper in her life. The only reason for Plaintiff to be communicating to the media about Professor Halper is to convey allegations about him. See Response 16, incorporated herein.

31. All documents relating to interviews You have given to media companies about yourself.

OBJECTION: The Plaintiff objects to this request for the reasons set forth in

her objections to request Nos. 16 and 30, which are incorporated herein by reference. This request asks Plaintiff to produce every document, regardless of whether the communication relates to the issues in this case or not, about any media interviews conducted by herself, her lawyers, her former lawyers, former trustees, or former publishers (through the definition of "You") on the one hand and a list of over thirty persons and organizations (through the definition of "media company") on the other, most of whom have nothing whatsoever to do with this case. This request far exceeds the scope of this case and is instead an effort by Defendant Halper to force the Plaintiff to disclose media appearances that may be about him regardless of whether it relates to this case or not. The request is designed merely to oppress, burden, and harass the Plaintiff.

With reference to the definitions of "any media company" and "You," Plaintiff also objects to this request for the reasons set forth in her objection to request No. 7 and General Objection 1 respectively.

**RESPONSE**: This document request is directly relevant to the defense of self-publication. See *Hickey v. St. Martin's Press, Inc.*, 978 F.Supp. 230, 237 (D.Md. 1997) ("The general rule is that, if a person claiming to be defamed communicates the allegedly defamatory statements to another, no liability for any resulting damages is incurred by the originator of the statements."). If Plaintiff is publishing to media companies' accusations that she is a Russian spy or Flynn paramour, it is discoverable.

32. All documents relating to interviews You have given to media companies about Stefan Halper.

OBJECTION: Plaintiff objects to this request for the reasons stated in her objections to request Nos. 16, 30 and 31.

**RESPONSE**: See Responses to Requests 16, 30, and 31.

16

33. All documents relating to communications by You relating to Stefan Halper with William Foster, Christopher Andrew, Neil Kent, or Steven Schrage.

OBJECTION:  This request seeks irrelevant documents.  It is not reasonably calculated to lead to the discovery of admissible evidence.  This request is outside the scope of this case and is instead an effort by Defendant Halper to force the Plaintiff to disclose any and all communications by her about him to others regardless of whether it relates to this case or not.  The request is designed merely to oppress, burden, and harass the Plaintiff.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  These individuals are all persons from Cambridge University as to whom Plaintiff has initially claimed have confirmed her accusations about Defendant Halper but which she later claims have falsely denied them.  The first three (Foster, Andrew, and Kent) have been cited and relied upon by Plaintiff for her complaints.  *See, e.g*., Lokhova I, ¶¶ 27, 37, 45 n.5, 70. 100. Their passage from allies to enemies is further detailed in Plaintiff's Book.


34. All documents relating to "all previously planned or expected endorsement of the Book, from prominent, national figures," as alleged in paragraph 114 of the Amended Complaint.

OBJECTION:  This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE**: These are purely boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


35. All documents relating to Your bankruptcy proceedings in England, including any financial statements or asset inventories.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's bankruptcy proceedings have no bearing on or relation to this case.  This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff.

**RESPONSE**:  Plaintiff allegedly received a litigation settlement in the order of $5 million from a Russian bank in 2016, and filed for personal bankruptcy in 2018 in London, England.  She emerged from bankruptcy in May 2019, and the following week filed a $25 million lawsuit against Defendant Halper and five media companies in this Court.  It is unlikely that such a sizable claim was disclosed to the bankruptcy court. Bankruptcy filings and bankruptcy fraud can

17

constitute Rule 404(b) evidence. *United States v. Oloyede*, 933 F.3d 302, 315 (4th Cir. 2019); *United States v. Berry*, 732 Fed. Appx. 127,132 (3rd Cir. 2018); *United States v. West*, 22 F.3d 586, 595 (5th Cir. 1994). The proximity of the bankruptcy termination and the filing of the suit supports a financial motivation to file a suit that was rule meritless.

36. All documents relating to any passport issued to You, regardless of the name used to identify You.

OBJECTION: This request seeks entirely irrelevant documents. It is overly broad, unduly burdensome and is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's passport has no bearing on or relation to this case. This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff.

**RESPONSE**: Plaintiff brought this suit, and the Amended Complaint, on a claim that she is a citizen of a State. Amended Complaint, ¶ 11. And while she also claims citizenship of the United Kingdom, she has also claimed that she has been forced to flee her home. ¶3. She has also alleged that this Court lacks personal jurisdiction over her because she is a resident of the United Kingdom. D.E. 70, at 6. Plaintiff has squarely placed her residency and citizenship in dispute, including for jurisdiction purposes. Her passports are therefore relevant.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

37. All documents containing communications by Russians by or to You about Your Twittersite.

OBJECTION: This request seeks entirely irrelevant documents. It is overly broad, unduly burdensome and is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not objected to Defendant's request No. 19 for material on her Twitter account to the extent that the material is relevant to the issues, claims or defenses in this case. See request No. 19 above.

Plaintiff's Twitter account otherwise has little to no relevance to this case. This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation. This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE:** Plaintiff has regularly attacked Professor Halper and promoted the allegations for which she claims defamation. She also has used her account to call for the abolishment of the

CIA and to discredit other government agencies, particularly with respect to whether Russia interfered with the 2016 Presidential election.   If Plaintiff has received Russian support for such efforts, it is relevant to her claims that she has no connections to the Russian government.

In *Lokhova I* and in this case, Plaintiff has accused Professor Halper of falsely alleging that she is a Russian spy.   That places at issue whether she is, or could reasonably be suspected to be.   Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

38. All documents relating to Stefan Halper on Your Twittersite.

OBJECTION:  Plaintiff objects to this request for the reasons stated in her objections to request Nos. 16, 30, 31 and 32.  Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE:**  Plaintiff's communications about Stefan Halper on Twitter are relevant to the defense of self-publication and Defendant's defamation counterclaims.   See Defendant's Responses to Requests 16, 30, 31, and 32.

39. All documents containing communications between You and any representative or agent of the Russian government, including but not limited to:

a. Documents relating to any Russian passport application or issuance;

b. Documents relating to Your access to, and review of, the archives of RGASPI, as alleged in paragraph 27 of the Lokhova I Complaint.

c. Documents relating to Your access to, and review of, the "official Stalin Archive," as alleged in paragraph 132 of the Lokhova I Complaint;

d. All documents relating to Your employment by Troika Dialog;

e. All documents relating to Your employment by Sberbank.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

19

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  In *Lokhova I* and in this case, Plaintiff has accused Professor Halper of falsely alleging that she is a Russian spy.   That places at issue whether she is, or could reasonably be suspected to be.  Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

40. All documents relating to Your communications about Stefan Halper transmitted to or from Russia.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE**:  In *Lokhova I* and in this case, Plaintiff has denied being a Russian spy and accused Professor Halper of falsely alleging that she is a Russian spy.  Amended Complaint, ¶¶7, 24, That places at issue whether she is, or could reasonably be suspected to be, a Russian spy. Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

41. All documents relating to communications with Russian intelligence members regarding the 2016 U.S. Presidential election.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**RESPONSE**: In *Lokhova I* and in this case, Plaintiff has denied being a Russian spy and accused Professor Halper of falsely alleging that she is a Russian spy.  Amended Complaint, ¶¶7, 24, That places at issue whether she is, or could reasonably be suspected to be, a Russian spy.   Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


42. All documents relating to communications with Russian intelligence members regarding Stefan Halper.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**RESPONSE**:  In *Lokhova I* and in this case, Plaintiff has denied being a Russian spy and accused Professor Halper of falsely alleging that she is a Russian spy.  Amended Complaint, ¶¶7, 24, That places at issue whether she is, or could reasonably be suspected to be, a Russian spy. Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


43. All documents relating to Your father's shipping business, including as described in paragraph 50 of the Amended Complaint.

OBJECTION: This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to

lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**RESPONSE**:  Plaintiff has placed her father's business and affiliation with the Russian government at issue in paragraph 50 of the Amended Complaint. In *Lokhova I* and in this case, Plaintiff has also denied being a Russian spy and accused Professor Halper of falsely alleging that she is a Russian spy.  Amended Complaint, ¶¶7, 24. That place at issue whether she is, or could reasonably be suspected to be, a Russian spy.   Her communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry.

The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).


44. All documents containing information about Your father loaning money or otherwise financing Lokhova I, Lokhova II, the Coup Book, the Spygate Book, or Your lawsuit against Sberbank.

OBJECTION: This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

Any financial support that Ms. Lokhova may or may not have received for purposes of litigation or for producing authored works is completely irrelevant.  Any request seeking information concerning Lokhova I is also completely irrelevant and improperly seeks to expand the discovery in this case.

This request far exceeds the scope of this case and is instead an effort by

Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by

again, falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

**RESPONSE**:  In 2015, Plaintiff represented to the media that her father paid $2 million to finance her suit against Sberbank.  Plaintiff has previously contended that the Wall Street Journal "falsely stated that Lokhova worked for 'Russian state-controlled Sberbank,'" and that "Lokhova has never worked for an entity associated with the Russian State." *Lohkova I*, D.E. 1, ¶ 29, 106. Whether the communications of a substantial financier of this employment litigation would support this pled allegation of Plaintiff is relevant to her credibility.

45. All documents containing communications between You and your father about Stefan Halper, Lokhova I, Lokhova II, the Coup Book, the Spygate Book, Your employment at Troika Dialog or Sberbank, or Your lawsuit against Sberbank.

OBJECTION:  This request seeks entirely irrelevant documents.  It is overly broad, unduly burdensome and is not proportional to the needs of this case.  It is not

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request for the reasons set forth in her objections to request Nos. 3, 4, 16, 30, 31, 32, and 36.

This request far exceeds the scope of this case and is instead an effort by Defendant Halper merely to oppress, burden, embarrass and harass the Plaintiff by again falsely stating or implying that she is a Russian spy because he believes he can do so with impunity under the guise of civil litigation.  This is abusive discovery.

Plaintiff also objects to this request for the reasons set forth in her General Objection 1 (with respect to the definition of "You").

**RESPONSE:**   Plaintiff's communications with a related financier of her litigation about the subject matter of the litigation would be relevant if it existed.   Plaintiff does not address whether it exists, as is required under Fed. R. Civ. P. 34(b)(2)(C)


46. All documents relating to bank accounts used to receive or to disburse monies obtained from fundraising for *Lokhova I* or *Lokhova II.*

OBJECTION:  This request seeks entirely irrelevant documents.  It is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff does not object to reasonable requests concerning financial matters related to damages in this case.  However, the identification of specific bank accounts is not a proper subject of discovery in that regard.  Such discovery is not reasonably calculated to lead to the discovery of admissible evidence. Any request seeking information concerning Lokhova I is also completely irrelevant and improperly seeks to expand the discovery in this case.

**RESPONSE:** This information is directly relevant to the personal jurisdiction challenge pending by Plaintiff in her summary judgment motion.  The magnitude of the monies collected by Plaintiff based upon her lawsuits against Halper are directly related to her financial motive for doing so, even if meritless.


47. All documents relating to bank accounts used to receive or to disburse monies obtained from publishing the Spygate Book.

OBJECTION:  This request seeks entirely irrelevant documents.  It is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff does not object to reasonable requests concerning financial matters related to damages in this case. However, the identification of specific bank accounts is not a proper subject of discovery in that regard. Such discovery is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** This information is directly relevant to the personal jurisdiction challenge pending by Plaintiff in her summary judgment motion. The fact and magnitude of the monies collected by Plaintiff based upon her lawsuits against Halper are directly related to her financial motive for doing so, even if meritless

48. All documents containing information about monies obtained from fundraising for *Lokhova I* or *Lokhova II*.

OBJECTION: This request is irrelevant, overly broad, unduly burdensome and is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff has or has not obtained money by "fundraising" for litigation purposes is entirely irrelevant to this lawsuit.

**RESPONSE:** This information is directly relevant to the personal jurisdiction challenge pending by Plaintiff in her summary judgment motion. The fact and magnitude of the monies collected by Plaintiff based upon her lawsuits against Halper are directly related to her financial motive for doing so, even if meritless

49. All documents containing information about monies obtained from fundraising for the Spygate Book.

OBJECTION: This request is irrelevant, overly broad, unduly burdensome and

is not proportional to the needs of this case. It is not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiff did or did not obtained money by "fundraising" with respect to her book is entirely irrelevant to this lawsuit.

**RESPONSE:** This information is directly relevant to the personal jurisdiction challenge pending by Plaintiff in her summary judgment motion. The fact and magnitude of the monies collected by Plaintiff based upon her lawsuits against Halper are directly related to her financial motive for doing so, even if meritless

50. All documents relating to the allegations in paragraphs 125 to 128, including but not limited the allegations involving Mark Hemmingway.

OBJECTION: This request is stated in language that is overly broad, unduly burdensome and not proportional to the needs of this case ("all documents"), but with that objection noted, Plaintiff will produce documents reasonably responsive to this request.

**RESPONSE:** The remaining objections are boilerplate objections, and Plaintiff therefore waives them. *State Farm Fire & Casualty Co. v. Admiralty Insurance Co*., 225 F.Supp.3d 474, 485 (D.S.C. 2016) (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358–59, 364 (D. Md. 2008)).

August 29, 2022

Respectfully submitted,

By: _____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant*
*Stefan A. Halper*