UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA, | ) ) ) ) |
| Plaintiff, | ) ) ) No: 1:20-cv-01603-LMB-WEF |
| v. | ) ) |
| STEFAN A. HALPER, | ) ) |
| Defendant. | ) ) ) |

PLAINTIFF'S REPLY TO DEFENDANT HALPER'S
GENERAL RESPONSE TO PLAINTIFF'S DISCOVERY OBJECTIONS

The baseline for discovery in this case should be Judge Brinkema's comments at the July 15, 2022, hearing where she denied defendant Halper's motion to dismiss and ruled that this case would go forward. She noted that, "this is not *Lokhova I*; this is *Lokhova II*." Transcript at 5, attached as Exhibit A to Plaintiff's Objections filed August 26, 2022. She stated, "My biggest concern about this case is making sure that it remains focused and that the discovery is not a ridiculously broad discovery. I'm not going to permit that." *Id.* at 8.

Notwithstanding that admonition, defendant Halper seeks exactly the sort of "ridiculously broad discovery" that the District Court does not intend to allow. He seeks to litigate *Lokhova I* in addition to this case and has propounded full-fledged discovery about the dismissed claims in *Lokhova I*. And he seeks additional discovery that goes even beyond the bounds of *Lokhova I*.

1

In *Lokhova I*, Ms. Lokhova sued Halper and various news organizations, alleging defamation, civil conspiracy, and tortious interference with contract. Judge Brinkema dismissed all of Ms. Lokhova's claims pursuant to Fed.R.Civ.P. 12(b)(6), holding the majority of her defamation claims were time-barred because they occurred more than one year before May 23, 2019, when the suit was filed. Judge Brinkema held the remaining defamation claims failed because the statements were not defamatory as a matter of law and because Ms. Lokhova failed to plead sufficient facts to support vicarious liability. The Fourth Circuit affirmed the dismissal of *Lokhova I*. See *Lokhova v. Halper*, 995 F.3d 134 (4th Cir. 2021).

The Fourth Circuit subsequently ruled that this case, *Lokhova II*, <u>does not repeat</u> the same claims as *Lokhova I* and so is not barred by the judgment in *Lokhova I*. See *Lokhova v. Halper*, 30 F.4th 349, 355 (4th Cir. 2022).

Thus, as Judge Brinkema recognized, the discovery in this case should be limited to the issues in *this* case and should not encompass all the issues in the prior case. Indeed, courts are generally reluctant to permit discovery requests that relate to prior litigation. See *Novanta Corp. v. Iradion Laser, Inc.*, 2016 WL 4987110, at *5 (D. Del. 2016) (documents relating to prior litigation, which did not involve the matters at issue in the present litigation, would not advance discovery and would not be proportional to the claims at issue); *Columbia Data Products, Inv. v. Symantec Corp.*, 2007 WL 486609, at *2 (M.D. Fla. 2007) (denying document request that "encompasses irrelevant communications and communications not likely to lead to the discovery of admissible evidence, such as communications regarding issues that were the subject of the previous litigation ….").

A.    Discovery About *Lokhova I* Is Irrelevant And Should Be Denied

Halper offers a series of arguments about why the Court should permit the full-fledged discovery about *Lokhova I* that he seeks. None of these arguments withstand scrutiny.

1.    Halper argues that "Plaintiff's recent insistence that this case is meaningfully different from *Lokhova I* only makes a comparison of the cases more ripe for discovery." (Def. Gen. Response at 9). This brazen argument ignores the fact that both the Fourth Circuit and Judge Brinkema have already decided that this case is, indeed, different from *Lokhova I*. Halper is not entitled to engage in "comparative discovery" about both cases so that he can challenge the conclusions already announced by the Fourth Circuit and Judge Brinkema.

2.    Halper contends that "[t]his is the Plaintiff's second lawsuit alleging that she has been defamed by allegedly being labeled a Russian spy." (*Id.*). That is not Ms. Lokhova's defamation claim in this case. Instead, her claim is that Halper defamed her, and tortiously interfered with her book contract, through two letters that Mr. Reed wrote on Halper's behalf in 2020 to Post Hill Press (PHP) and Simon & Schuster (S&S).[1] The Amended Complaint alleges that, "as Halper's agent, Reed defamed and disparaged Plaintiff to S&S by falsely accusing Plaintiff of knowingly publishing 'false statements' about Halper." Amended Complaint ¶ 82. As Judge Brinkema explained during the July 15 hearing, Ms. Lokhova's claim

> is that the letters that were sent to the two publishers included statements that she was a liar when she says that she never had this inappropriate relationship with [General] Flynn, and that your client

---
[1] The two letters are appended as Exhibit A to this pleading.

3

improperly made that up in order to damage Flynn. As I understand it, that's the essence of this new case.

Transcript, Exhibit A to Plaintiff's Objections filed August 26, 2022, at 5.

    3.    Halper argues that "the *Lokhova I* suit … is relevant to [Ms. Lokhova's] credibility regarding her accusations about Defendant." (Def. Gen. Response at 9). This is not so. Evidence regarding Ms. Lokhova's (or Halper's) conduct with respect to *Lokhova I* is not admissible to impeach their credibility with respect to this case. "Under Rule 608(b) of the Federal Rules of Evidence, specific instances of conduct of a witness, other than criminal convictions, may not be proved by extrinsic evidence." *U.S. v. Walton*, 602 F.2d 1176, 1180 (4th Cir. 1979). Furthermore, evidence relating to previous litigation involving the parties is routinely excluded under Fed.R.Evid. 403. *See Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992).

    4.    Halper argues that "*Lokhova I* is also relevant to the counterclaims." (Def. Gen. Response at 10). But Halper fails to explain how evidence regarding defamation claims that were time-barred in 2019 are relevant to his current claims against Ms. Lokhova. Furthermore, Halper's counterclaims are not at all likely to withstand Ms. Lokhova's pending motion to dismiss or for summary judgment:

    (a) the defamation claim, filed in July 2022, is time-barred because it is based on oral statements made in Britain that occurred in 2018 and the publication of Ms. Lokhova's book which occurred in 2020, *see* Lokhova Declaration attached to Motion for Summary Judgment, which is attached as Exhibit D hereto;

    (b) the tortious interference claim fails to allege all of the elements of that claim, see Motion to Dismiss attached as Exhibit E hereto; and

    (c) Halper has asserted a statutory defense as a "counterclaim" when there is no authority whatsoever that the statutory defense creates a private cause of action. *Id.*

Tellingly in this regard, Defendant Halper's Discovery Requests (Interrogatories and Document Requests) seek absolutely NO discovery concerning the contracts supposedly interfered with by Ms. Lokhova in his Counterclaim II or the alleged statutory ground that he incorrectly asserts as a cause of action in Counterclaim III. This is because these Counterclaims have no relation in actuality reality to the sweeping discovery the Defendants seeks in this case. The true purpose of most of the discovery requested is to embarrass the Plaintiff and make the litigation process unpleasant and burdensome for her.

If Defendant Halper wanted to actually sue Ms. Lokhova for defamation based on her book about him, which was published in 2020, then he should have done so within the one-year statute of limitations. He did not. He cannot now seek discovery on that time-barred claim in this case, which was properly brought within the statute of limitations based on Mr. Reed's letters, which were published in Spring 2020 and sued on by Ms. Lokhova on December 31, 2020.

Ms. Lokhova's motion to dismiss the Defendant's specious Counterclaims will be decided by Judge Brinkema on September 9 and discovery with respect to them should not proceed in the meantime.

5. Halper argues that "*Lokhova I* is also relevant to the defense of res judicata in this case." (*Id.*). But there is no viable defense of *res judicata* in this case. As discussed above, the Fourth Circuit has already ruled that *Lokhova II* <u>does not</u> repeat the same claims as *Lokhova I* and so is not barred by the judgment in *Lokhova I.* No discovery about the claims in *Lokhova I* will change that.

5

6. Halper contends that "Plaintiff's historical, continuing, and broad dissemination to media companies of Halper's alleged defamation of her remains relevant in this case after *Lokhova I* because it makes Plaintiff the author of her own defamation." (Def. Gen. Response at 10). This argument again conflates this case with *Lokhova I*. The target audience of the alleged defamation in this case was not the general public but the two publishers, PHP and S&S, who were the recipients of Mr. Reed's two letters on behalf of Halper. Ms. Lokhova cannot possibly be "the author of her own defamation" with respect to these letters. Her media contacts with respect to the defamation at issue in *Lokhova I* are irrelevant.

**B.    Discovery About Events Prior To 2015 Is Irrelevant And Should Be Denied**

Ms. Lokhova has objected to discovery for the period prior to 2015. Halper seeks discovery going back as far as 2008, including every employer Ms. Lokhova has had, her pay, and her reasons for leaving such employment. He has also sought all documents relating to her degrees from Cambridge University, her grades, her application to become a doctoral student, and all copies of any dissertation or thesis. He also seeks all documents relating to Ms. Lokhova's bankruptcy proceedings in England.

Halper defends these requests by contending that Ms. Lokhova has previously pled that she has never worked for an entity associated with the Russian State. He argues that his counterclaims contest this by asserting that since 2008 she was employed by a Russian bank (Troika) that was acquired by Sberbank, which is owned by the Russian government; and that Ms. Lokhova "filed and settled an employment

lawsuit against Sberbank for millions of dollars before declaring personal bankruptcy."[2] (Def. Gen. Response at 15-16). He also argues that Ms. Lokhova has systematically misrepresented her status as a PhD student at Cambridge since 2004.

In sum, Halper seeks this extensive, extraneous discovery about long-past events for the purpose of attacking Ms. Lokhova's character or impeaching her credibility on collateral matters. But he is not entitled to do so because the evidence he seeks would be inadmissible on either score. Fed.R.Evid. 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." And, Fed.R.Evid. 608(b) provides that, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

Similarly, Halper argues that his demand for all of Ms. Lokhova's bankruptcy filings is relevant because he suspects that she failed to disclose her claim in *Lokhova I* to the bankruptcy court. He contends that bankruptcy filings and bankruptcy fraud can be admissible under Rule 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Not only is Halper's

---

[2] Contrary to Halper's assertion, he did not make these events relevant by "contesting" them in his counterclaims. His actual claims are that Ms. Lokhova's 2020 self-published book defamed him and that she intentionally interfered with his contractual and business expectancy rights by defaming him. These claims in no way put in issue whether Ms. Lokhova has misrepresented her status as a PhD student at Cambridge, or misrepresented whether she has ever worked for a bank owned by the Russian State. These are collateral matters pure and simple.

basis for seeking discovery completely speculative, but the supposed evidence of bankruptcy fraud that he seeks would be inadmissible in this case because none of the claims here involve any alleged fraud. Halper's counterclaims do not allege any fraud on Ms. Lokhova's part. In reality, this request for discovery is a fishing expedition pure and simple.

### C. Discovery About Ms. Lokhova's Passport And Contacts With Russians Is Irrelevant And Should Be Denied

Halper ventures equally far afield with his request for all documents relating to any passport issued to Ms. Lokhova. He argues that her passport documents are relevant because she has placed her residency in dispute, including for jurisdiction purposes. This is preposterous. Halper purports to find a discrepancy between Mr. Lokhova's claim that she is a citizen of the U.K. and ¶ 11 of the Amended Complaint, which alleges jurisdiction under "28 U.S.C. § 1332" because "[t]he Parties are citizens of different States." The Defendant's argument is absurd; diversity jurisdiction in this case is based on section 1332(a)(2) (citizens of a State and citizens or subjects of a foreign state) rather than section 1332(a)(1) (citizens of different States). There is no reason for Ms. Lokhova to have to produce her passport or all documents relating to it.

In a similar vein, Halper has made five different document requests (#37, #39, #40, #41, and #42) and various Interrogatories seeking information and Ms. Lokhova's communications with Russians, Russian government officials, or "Russian intelligence members." He notes that, in the Amended Complaint in this case, Ms. Lokhova has

8

denied being a Russian spy and accused him of falsely alleging that she is a Russian spy. Halper contends that this "places at issue whether she is, or could reasonably be suspected to be, a Russian spy," and that "[h]er communications with Russians, Russian government officials, or Russian intelligence officials, would be relevant to this inquiry." (Doc. 82-2 at 21). None of the steps in this argument survive scrutiny.

Halper is not entitled to litigate in this case whether Ms. Lokhova is, or could reasonably be suspected to be, a Russian spy. That would have been a potential issue in a defamation claim in *Lokhova I* or had Mr. Halper timely sued for defamation perhaps, but it is irrelevant to the defamation claim at issue here, which is -- as Judge Brinkema noted -- that the two letters to the publishers falsely accused Ms. Lokhova of lying about Halper and making "defamatory" statements about him in marketing materials, such as whether he properly fulfilled his contractual obligations to the Dept of Defense - in order to stop publication of her book. The allegations in the Amended Complaint regarding the Russian spy issue are background information. Indeed, the *res judicata* effect of *Lokhova I* precludes Ms. Lokhova from litigating that original defamation claim in this case.[3]

Further, Ms. Lokhova alleged in the Amended Complaint that "[a]t no time was there any basis in fact from which Halper could conclude that Plaintiff was anything other than a loyal, patriotic, trustworthy, honest, and credible, British academic, researcher, and historian." Amended Complaint ¶ 30. Halper does not need any discovery to contest this allegation. If he had some factual basis for his allegations *at*

---

[3] Nor can Halper use his time-barred defamation counterclaim as a bootstrap to justify a foray into the Russian spy issue.

*that time*, then he must already know what it is. He is not entitled to engage in dragnet discovery in the hope of now coming up with a reason which he didn't have at the time. The issue is what he knew then.

Third, Ms. Lokhova was born and initially raised in Russia before emigrating to the U.K. She may still have relatives and personal contacts in Russia as anyone would, and her area of academic study and authorship is Russia. Seeking documents about <u>all</u> of her communications with Russians is not a reasonable means of ascertaining whether she is a Russian spy or seeking legitimate discovery in this case. Nor is seeking her communications with *any and all* Russian government officials a reasonable means. Nor, bluntly, is seeking her communications (if any) with Russian intelligence officials. None of these requests will generate documents that show whether Ms. Lokhova is, or could reasonably be suspected to be, a Russian spy, which, again, isn't even an issue that is relevant to the claims in this case. (She is not, as Halper well knows and as time has shown). All these requests will do is to vex Ms. Lokhova -- which is their real purpose. These requests are designed to be abusive, and the Court should not permit such forms of discovery.

Fourth, even assuming *arguendo* that this kind of discovery yielded evidence of a link between Ms. Lokhova and the Russian government, that evidence would be inadmissible. It would not refute the defamation claim that she makes in this case. Nor would it be admissible regarding her character or credibility. *See* Fed.R.Evid. §§ 404(b)(1), 608(b).

For these reasons, and for the additional reasons set forth in Ms. Lokhova's objections to the specific discovery requests, the Court should deny much of the discovery that Halper seeks. As Judge Brinkema cautioned, this case "is not *Lokhova I*; this is *Lokhova II*." Discovery should be restricted to the issues actually raised in this case.

To assist the Court in making its determinations, Plaintiff has appended to this pleading - as Exhibit B - a document setting forth her specific Replies to each of the Interrogatories, and - as Exhibit C - a documents setting forth a chart that identifies her specific Replies as to each of the Requests for Production of Documents as articulated in this pleading and in her original Objections filed August 26, 2022.

Dated:    August 30, 2022            Respectfully submitted,


_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

11

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 30, 2022, I electronically filed the foregoing Plaintiff's Reply to Defendant Halper's General Response to Plaintiff's Discovery Objections using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

_____/s/_____
Leslie McAdoo Gordon