# Declaration

I, Terrance G. Reed, state the following based upon my personal knowledge:

1. I am counsel for Defendant Stefan Halper who is also the Counterclaimant in Lokhova v. Halper, No. 1:20-cv-1603.
2. I have reviewed Plaintiff Svetlana's motion for summary judgment seeking summary judgment on Defendant's counterclaims which was filed on August 19, 2022 as Docket Entry ("D.E.) 70.
3. Defendant/Counterclaimant Halper propounded discovery upon Plaintiff/Counterdefendant Lokhova by hand delivery no later than August 1, 2022, and issued a notice of deposition for Plaintiff on August 2, 2000 for a deposition in Alexandria on September 6, 2022. The written discovery consists of first sets of amended interrogatories and document requests, the originals of which were first served electronically on July 25, 2022. The deadlines for this discovery is no later than August 31, 2022.
4. Plaintiff filed a protective order motion on August 19, 2022 asking the Court to quash Plaintiff's deposition notice and to extend all of Plaintiff's discovery deadlines for periods of 15 to 30 days. D.E. 68. On August 24th, after hearing Plaintiff's arguments to defer or prevent discovery, Magistrate Judge Fitzpatrick denied the protective order in relevant part, directing that the deposition go forward as noticed, with the existing discovery deadlines maintained so as to afford Defendant discovery in advance of the noticed deposition of Plaintiff, and for purposes of responding to the pending summary judgment motion. D.E. 76.
5. On the 24th, the Magistrate scheduled briefing on Plaintiff's objections, culminating in an objection hearing on August 30th, to permit compliance with the existing discovery deadlines. On Friday, August 26th, Plaintiff filed an appeal of the Magistrate's rulings asking Judge Brinkema to stay the Magistrate's ruling and that "Plaintiff's deposition be stayed pending

a ruling of the viability of Defendant's counterclaims. . . ." D.E. 78 at 14. Plaintiff also asks the Court to postpone Plaintiff's duty to respond to the written discovery, and have it "limited to Plaintiff's claims." Id.

6. Absent a stay of Magistrate Fitzpatrick's rulings, Defendant/Counterclaimant Halper expects to be receiving written and document discovery from Plaintiff on August 31st, and to take Plaintiff's deposition on September 6th, on subjects material to Plaintiff's pending summary judgment motion.

7. For reasons more fully described in Defendant's Opposition to Plaintiff's Protective Order Motion (D.E. 71), Plaintiff has not provided any discovery to date to Defendant in this case despite requests for it.

8. Plaintiff's summary judgment motion is supported by an alleged declaration of only one witness—Plaintiff Svetlana Lokhova. D.E. 70-1.

9. Among other declarations made by Plaintiff therein, are the following assertions:
   a. "8. I deny defaming the Defendant at any time."
   b. "9. Any statements of the nature described by the Defendant in paragraph 70 of his Counterclaims, including to the persons listed or described in that paragraph, were made in the year 2018."
   c. "11. I have not made any statements of the nature described by the Defendant in paragraph 70 of the Counterclaims to any persons listed or described in paragraph 70, during the one-year period running from July 29, 2022 back to July 29, 2021, or indeed for some time before those dates."

10. The remarks to which Plaintiff's Declaration refers (paragraph 70 of the Counterclaims), however, include multiple quotations taken from Plaintiff's Book (with specific book pages noted). Plaintiff's Declaration also alleges that the first self-published in June 2020. D.E. 70-1, ¶ 5 ("The Book was originally published on my personal website in June 2020."). Hence, these comments could not have been made only in the year 2018, and were at least republished in her book. Timeliness is determined by the date of the original complaint. This case was commenced in December 2020, making publications, or republications, within a year timely. In an effort to sustain a statute of limitations defense for summary judgment, Plaintiff has contradicted herself, under penalties of perjury, by placing these 2020 publications in 2018. Such

    contradictions are the proper subject of her deposition. These are issues as to which discovery is justified and needed.

11. Defendant/Counterclaimant is entitled to this court-enforced discovery, and it would be used to respond to Plaintiff's pending summary judgment motion.

12. Plaintiff's summary judgment motion also asks the Court to grant summary judgment against the counterclaims for lack of personal jurisdiction over Plaintiff. Among other arguments, Plaintiff alleges that she is a British resident and that some (unidentified) portion of her statements asserted in the defamation Counterclaim occurred in Britain. D.E. 70, at 6-7. The location and content of these unidentified statements is therefore a property subject of discovery. The outstanding discovery includes requests for Plaintiff communications and contacts about Halper within the United States, including solicitations for funding litigation in this forum against Halper, all of which would be relevant to show that Plaintiff has purposefully availed herself of this forum, and has had ongoing contacts with it, for years.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2022

_____
Terrance G. Reed