**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| Svetlana Lokhova, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| | ) | |
| Stefan A. Halper, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HALPER'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DENIAL OF HER PROTECTIVE ORDER

Defendant Halper hereby opposes the Plaintiff's Rule 72 objections (Docket Entry (D.E.) 80) to the Magistrate's August 24th denial (D.E. 76) of Plaintiff's Protective Order motion. D.E. Plaintiff has not claimed or identified any error or violation of law by the Magistrate on August 24th, nor has she claimed or attempted to satisfy the standards for obtaining a stay of his August 24th discovery ruling.   The objections should be dismissed or overruled.

### The Magistrate Rulings at Issue

Plaintiff's burden in seeking a protective order is to establish good cause.  Fed. R. Civ. P. 26(c)(1).  On August 24th, after reviewing briefing and hearing argument on Plaintiff's August 19th protective order motion, the Magistrate granted Plaintiff the right to serve untimely objections to Defendant's discovery,[1] but concluded good cause was not established to quash

---

[1] The Magistrate found that Plaintiff's counsel failure to comply with the 15-day deadline for objections under Local Rule 26(C) was the result of excusable neglect.   Plaintiff's counsel received Defendant's written discovery by

1

Plaintiff's noticed September 6th deposition, and also denied Plaintiff's request for a 15 to 30 day extension of all of her discovery deadlines.   In addition, to facilitate compliance with his order, the Magistrate ordered Plaintiff to file her objections by August 26th  with the Court, followed by a defense response on August 29th, and a hearing to resolve the written objections on August 31st.

On August 26th, Plaintiff filed her Rule 72 objections to this ruling under 28 U.S.C. § 636(b). D.E. 78.  Plaintiff noticed these Rule 72 objections for hearing on September 2nd, without prior notice or consultation with defense counsel.  Plaintiff's objections ask this Court to: (i) stay Plaintiff's deposition "pending a ruling on the viability of Plaintiff's counterclaims," (ii) extend Plaintiff's discovery deadlines until September 15th and limit Plaintiff's discovery obligations to Plaintiff's claims; and (iii) afford Plaintiff additional time to response to any counterclaim not dismissed.

As scheduled by the Magistrate on August 24th, Plaintiff's discovery objections were taken up directly by the Magistrate at a hearing on August 31st that lasted almost four hours.   At the conclusion of the hearing, the Magistrate reaffirmed his prior ruling that Plaintiff's deposition go forward as noticed on September 6th, with Plaintiff producing the ordered discovery on September 3rd.

## Background

This case was filed in December 2020, and Defendant's first discovery requests were propounded in March 2021. D.E. 7-7.   Plaintiff failed to respond to discovery requests propounded in August 2021, which were the subject of a motion to compel (D.E. 30) which was

---

email on July 25, 2022, and again by hand on August 1st, but she asserted that she did not look at the discovery until August 17th because she was involved in another matter.

never answered by Plaintiff.   Plaintiff failed to appear for her first noticed deposition in

November 2021, and her counsel (Mr. Biss) claimed Plaintiff had exclusive possession of

documents responsive to the discovery requests, and he lacked authority to accept a deposition

notice for Plaintiff.   In response to these discovery demands, counsel Biss informed defense

counsel that he was not then in communication with Plaintiff and she "had no money" to satisfy

the financial sanctions judgment.

On July 15, 2022, this Court denied Defendant's motion to dismiss, and commenced

discovery.  On July 25th, Defendant sent new sets of written document requests and

interrogatories to Plaintiff counsel by email.  On July 29th, Plaintiff counsel acknowledged

receipt by refused service by email.    On August 1st, Defendant re-served the same discovery by

hand and mail as amended discovery.  Under the rules, Plaintiff's response was due by no later

than August 31st, with written objections no later than August 16th.   No discovery responses

have been received to date, and written objections were filed on August 26th per order of the

Magistrate.

On August 19th, Plaintiff filed a motion to dismiss and for summary judgment upon the

counterclaims.  D.E. 70. The sole witness offered in support of summary judgment is Plaintiff

(D.E. 70-1), who was then subject to a notice of deposition served on August 2nd for September

6th.   The motion seeks summary judgment on the counterclaims, and has been repeatedly cited

by Plaintiff counsel since as a reason to defer her discovery compliance.  Indeed, the relief

sought in Plaintiff's Rule 72 objections is to defer Plaintiff's deposition and her discovery

compliance until this Court has adjudicated her summary judgment motion.  D.E. 78, at 14.

Among other merits arguments, Plaintiff contends that this Court lacks personal jurisdiction over

Plaintiff to adjudicate the defamation counterclaim because she resides in Britain and some of her alleged defamation was "made to persons in England." D.E. 70, at 6-7.

In her protective order motion filed the same day (August 19th), Plaintiff's counsel claimed that she had been occupied with a trial and therefore did not look at the discovery requests until August 17th. At a hearing on August 24th hearing, the Magistrate found this to be excusable neglect under Rule 26(C). The Magistrate also determined that conducting Plaintiff's deposition as noticed was appropriate given the nature of the case, and given the pendency of Plaintiff's summary judgment motion. He scheduled proceedings to resolve Plaintiff's discovery objections by August 31st, but otherwise denied Plaintiff's requests for extensions of her discovery deadlines and the quashing of the noticed deposition of Plaintiff.

## ARGUMENT

Plaintiff's Rule 72 objections challenge only the Magistrate's handling of discovery deadlines already applicable to Plaintiff by rule. D.E. 78. Plaintiff's Rule 72 objections do not challenge the Magistrate's "good cause" ruling denying her requests for delay discovery required by rule. See D.E. 78 (not mentioning word "good cause"). Nor does Plaintiff challenge any such ruling by the Magistrate as being clearly erroneous or contrary to law, the minimum threshold for review of such rulings. 28 U.S.C. § § 636(b)(1)(A).

Plaintiff's (second) deposition was noticed 36 days in advance, well within the Rule requirement of 11 days. Local Rule 30(H). The deadlines for filing objections and discovery responses are set by Rules 30, 33, and 34 of the Federal Rules of Civil Procedure. The Magistrate's scheduling rulings are not contrary to any of these rules.

4

Plaintiff's Rule 72 objections do not dispute any of the reasons given by the Magistrate for enforcing the discovery rules, i.e., that the scheduling of the discovery and Plaintiff deposition was appropriate for this stage in this case.   Plaintiff does not deny that she filed a summary judgment motion on August 19th, nor that Plaintiff is the sole summary judgment witness.

Nonetheless, Plaintiff openly asks this Court to grant summary judgment on the counterclaims first in order to lighten her discovery load.   Defendant has filed a Rule 56(d) motion asking this Court to defer or deny ruling on Plaintiff's summary judgment motion until Defendant has had the opportunity to obtain the ordered discovery, all of which is ordered to be complete by September 6th.  D.E. 84.

Magistrate discovery rulings are reversible only if clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).  *Mamo v. BP PLC*, 2006 WL 897217, * 2 (E.D. Va. April 5, 2006). The clearly erroneous standard requires affirmance of the Magistrate's discovery rulings  "unless [the Court's] review of the entire record leaves [it] with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (citing *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  The "'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes ... should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

Here, Plaintiff's Rule 72 objections do not mention, much less confront, this necessary threshold for reversing the Magistrate's ruling.   Instead, Plaintiff argues (incorrectly), that the Magistrate's rulings "rewards" the allegedly unprofessional conduct of defense counsel, and is "a mistake that should be corrected by this Court." D.E. 78, at 13.   That is not a claim of clearly

5

erroneous fact-finding or acting contrary to law.   If anything, the Magistrate's rulings enforced the Rules of Civil Procedure and their Local rule analogs.   The Magistrate's discovery scheduling rulings are reasonable and well within his discretion to organize discovery proceedings.

Plaintiff purports to invoke the Court's authority to stay discovery, D.E. 78, at 12, but fails to make any showing necessary for a stay.  Moreover, by relying solely upon Plaintiff to seek summary judgment, Plaintiff has made her deposition discovery appropriate.  The pendency of a summary judgment motion favors denying stay, including for the reasons set forth in Defendant's Rule 56(d) motion.  D.E. 84.   "A court should generally deny a stay of discovery "if discovery is needed in defense of the motion, or if resolution of the motion will not dispose of the entire case." *Hardwire v. Ebaugh*, 2021 WL 1909792, *2 (D.Md. May 12, 2021) (quoting *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200,230 (D. Md. 2000)).

"[P]rotective orders 'should be sparingly used and cautiously granted.'  This is especially the case with requests to stay depositions, the majority of which courts deny." *Hardwire*, at *2 (quoting *Medline v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987)). Furthermore, "[b]ecause a stay of discovery can cause "case management problems, a prolongation of the proceedings, and a duplication of the costs of counsel," courts "must carefully weigh the potential costs and benefits." *Hardwire,* at *2 (quoting *Cognate Bioservices v. Smith*, 2015 WL 5673067, *2 (D. Md. Sept. 23, 2015).

The pending summary judgment motion, regardless of its outcome, will not eliminate the need to take the deposition of Plaintiff, or the need to complete the finite discovery process commenced by this Court on July 15th.  To the contrary, that motion by Plaintiff has made taking her deposition more pressing, as explained in Defendant's Rule 56(d) motion.  D.E. 84.

6

The "Court should not stay discovery that is necessary to gather facts in defense of the dispositive motion." *Lismont v. Alexander Binsel Corp*., 2014 WL 12527462, *1 (E.D. Va. Jan. 14, 2014) (citing *Simpson v. Specialty Retail Concepts, Inc*., 121 F.R.D. 261, 263 (M.D.N.C. 1988)).  Courts have recognized that "'[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed.'"  *Id*. (quoting *Kor Media Grp. v. Green,* 2013 WL 5838679, * 3 (D. Nev. Oct. 29, 2013)).

The Magistrate considered the existing discovery cutoff deadline, the pending dispositive motion, and the intervening needs in this case to satisfy the discovery deadline.  He even imposed burdens upon himself to meet this deadline.   Having cleared the tardy discovery objections of Plaintiff, the Magistrate has kept this case in line with meeting the discovery deadlines set by this Court.   Accordingly, Plaintiff's requests to delay discovery in a case in which she has avoided discovery for 20 months will impose scheduling costs.

### Conclusion

For the foregoing reasons, Plaintiff's Rule 72 objections should be overruled.

Respectfully submitted,

By: _____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005

7

202-551-1966
202-551-0466
robertluskin@paulhastings.com


*Counsel for Defendant*
*Stefan A. Halper*