UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 1:20-cv-01603-LMB-WEF |
| v. ) | |
| ) | |
| STEFAN A. HALPER, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER OBJECTIONS
TO MAGISTRATE JUDGE'S RULING REGARDING
DISCOVERY PRODUCTION AND DEPOSITION NOTICE**

Plaintiff makes the following response to defendant Halper's opposition to her objections to the Magistrate Judge's ruling refusing to extend the time for production of discovery responses, and permitting the deposition of Plaintiff to go forward on September 6, 2022.

1. Halper's opposition is untimely. Under the seven-day motions practice in this Court, his opposition was due yesterday by 5:00 p.m. For someone who insists so vociferously that Ms. Lokhova should be given no relief from the arbitrary and abusive scheduling and discovery demands that he has made, that is certainly a cavalier disregard of his own obligations to the Court. Plaintiff's does not ask, however, that Defendant's Opposition be disregarded as her view in all litigation matters is that the substance of the issues trump any non-material procedural issues.

2.     Defendant asserts that "Plaintiff noticed these Rule 72 objections for hearing on September 2nd, without prior notice or consultation with defense counsel." (Def's. Opp. at 2). That is not true. The Magistrate Judge's ruling was made on Wednesday afternoon, August 24, 2022. On Thursday, plaintiff's counsel wrote to defense counsel asking whether they could resolve the issue between them and noting that, otherwise, she would file an objection with this Court. Exhibit 1. On Friday, August 26, 2022, plaintiff's counsel followed up with another email and defense counsel respond that he would not agree to any resolution. *Id.* Plaintiff's counsel then sent an email to defense counsel advising him that she would file the objection and notice it for hearing in one week, on September 2, 2000. Id. Defense counsel did not respond to this notice and at no time indicated that he was unavailable for a motion's hearing on September 2nd. As the deposition at issue is set for September 6, 2022, it is apparent that any appeal to the District Court on that issue and the production of documents for it would need to be resolved before that date.

3.     Halper asserts that "Plaintiff's Rule 72 objections do not mention, much less confront, th[e] necessary threshold for reversing the Magistrate's ruling." (Def's. Opp. at 5). Once again, not true. Plaintiff cited the same case as the Defendant does: *In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 470 (E.D. Va. 2010). In that case, Judge Ellis concludes that "where a magistrate judge's ruling constitutes an abuse of that discretion or is contrary to law, district courts must vacate it in order to give effect to the plain language of § 636(b)(1)(A)." *Id.*

4.  Defendant dances all around the central issue here, without directly addressing it.  That issue is gamesmanship and lack of civility by his counsel.  Halper's counsel knew that plaintiff's counsel would be unavailable at the outset of the discovery period in this case because of a criminal trial in federal court in Maryland.  Given that conflicting obligation, this Court *sua sponte* extended the discovery period by nearly a month, from November 11, 2022, to December 9, 2022, which eliminated any possible prejudice to Halper.

Halper's counsel sought to take advantage of the situation, however, by serving plaintiff with extensive discovery requests and unilaterally noting the deposition of Ms. Lokhova for September 6, 2022, and refusing to extend any of the relevant dates.  Halper cannot justify these tactics and, unfortunately, the Magistrate Judge's ruling rewards them.

5.  Halper now contends that he needs to take Ms. Lokhova's deposition promptly in order to fend off her pending motion seeking summary judgment as to Halper's defamation counterclaim because it is time-barred.  Once again, not true.  Halper alleges that Ms. Lokhova defamed him through her book and by publishing remarks to certain persons at Cambridge College, England.  Ms. Lokhova has already provided a declaration stating that the book was published in November 2020 and that any statements of the nature allegedly made to persons at Cambridge College were made in the year 2018.  There is no reason to believe that deposing Ms. Lokhova about these issues will produce evidence that is at odds with her declaration.  Thus, there is no urgency as to when her deposition is taken.

WHEREFORE, for these reasons and the reasons previously set forth, it is respectfully requested that Ms. Lokhova's objections to the rulings of the Magistrate Judge be upheld and that:

(1) Plaintiff's deposition shall be stayed pending a ruling on the viability of Defendant's counterclaims, and then shall be scheduled in consultation with Plaintiff's counsel;

(2) the time for Plaintiff to respond to Defendant's discovery requests shall be extended to at least September 15, 2022 and shall be limited to Plaintiff's claims; and

(3) Plaintiff shall have additional time to respond to Defendant's discovery requests with respect to any counterclaim that is not dismissed.

Dated: September 1, 2022                    Respectfully submitted,


_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

4

## CERTIFICATE OF SERVICE

  I hereby certify that, on September 1, 2022, I electronically filed the foregoing Plaintiff's Reply in Support of Her Objections to Magistrate's Ruling Regarding Discovery Production and Deposition Notice, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

              _____/s/_____
              Leslie McAdoo Gordon