# EXHIBIT 1

## Request to Withdraw Interrogatories and Consent to Extend Time for Document Production and Deposition of Plaintiff

Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
Thu 8/25/2022 8:44 PM

To: Terry Reed <tgreed@lrfirm.net>

Terry: Two issues: (1) Your Interrogatories and (2) Dates for Document Production and for Ms. Lokhova's Deposition.

First, Interrogatories: I have worked my way through all your Interrogatories and in the interest of narrowing the issues for Judge Fitzpatrick to decide, I am requesting that you agree to withdraw:

1.      Interrogatory #8 as it relates to your Counterclaims, which are not legally viable, and
2.      Interrogatories 9, 10, and 13 through 18 as these are outside the scope of any reasonable discovery in this case, irrelevant, and purely designed to harass Ms. Lokhova; and also
3.      To narrow Interrogatories 13 and 14 to the extent that they include *Lokhova I* as that is not relevant to this case.

In addition, your definition of "You" and the cutoff date of 2008 for some of the Interrogatories are also totally inappropriate and result in many of your other Interrogatories, which might otherwise be acceptable, being completely disproportionate to the case and making discovery so expansive as to be absurd. Will you agree to make the cutoff date 2015? And, will you agree to define "You" to mean only Ms. Lokhova?

The remainder of your Interrogatories are objectionable in part, but along ordinary lines, such as being generally overbroad, imposing obligations outside of the rules, etc. and I would ordinarily make a formal objection and then produce documents subject to the objections. But, given how over-the-top and inappropriate the ones identified above are, I intend to raise all my objections and let the Magistrate Judge rule on all of them. If you will agree to withdraw or modify the ones listed above and to the change in the definition of "You" and the date limitation described above, however, I am agreeable to treating the remainder of your Interrogatories in the usual fashion. Those would be: 1 through 7, 11 and 12, and 13 and 14 as modified.

Second, Dates for Document Production and Ms. Lokhova's Deposition.

I intend to appeal Judge Fitzpatrick's decision to hold to the noticed September 6, 2022 Deposition date for Ms. Lokhova and to the requirement to produce documents before that date. In the interest of seeking to avoid an unnecessary appeal, I would ask you again to agree to a production date of September 15 for documents and to co-ordinate with me on an appropriate date for Ms. Lokhova's deposition, likely in early October. Please advise whether you will consent to these requests.

I am still working my way through your Requests for Document Production and so will write you separately about those when I've finished my review.

*Leslie*

**Leslie McAdoo Gordon**

**McAdoo Gordon & Associates, P.C.**
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
mcadoolaw.com

## Alternative for Sep 6 Deposition

Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
Thu 8/25/2022 10:27 PM

To: Terry Reed <tgreed@lrfirm.net>

Terry: In discussing whether Ms. Lokhova can make the logistics work to come here for the noticed Deposition date if it does not get moved, there are numerous issues that complicate her doing so, including the usual obstacles to long distance travel, lining up care for her pre-school child, and immigration hurdles. In order to avoid those, would you agree to take her deposition by Zoom or some similar long-distance method?

*Leslie*

**Leslie McAdoo Gordon**
**McAdoo Gordon & Associates, P.C.**
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
mcadoolaw.com

## Requests for Production of Documents - Objections and Effort to Reach Agreement on Some

Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
Fri 8/26/2022 2:43 PM
To: Terry Reed <tgreed@lrfirm.net>

Terry: I finally got through all of your Document Requests and in the interest of narrowing the issues for Judge Fitzpatrick to decide, I am requesting that you agree to withdraw the following requests:

1.  No. 5 as it relates to your Counterclaims, which are not legally viable, and
2.  Nos. 3, 4, 11-15, 16-18, 20, 24, 27, 30 - 33, 35-49 as these are outside the scope of any reasonable discovery in this case, irrelevant, and purely designed to harass Ms. Lokhova; and also
3.  To narrow Nos. 7 and 8 to exclude the "media companies," No. 21 to monies related to the book at issue, Nos. 22 and 23 to apply only to edits after the issuance of your two letters, and No. 19 to limit it to people who actually had some relationship to the book.

In addition, your definition of "You" is totally inappropriate and result in many of your requests, which might otherwise be more acceptable, being completely disproportionate to the case and making discovery so expansive as to be absurd. Will you agree to define "You" to mean only Ms. Lokhova?

The remainder of your Interrogatories are objectionable in part, but along ordinary lines, such as being generally overbroad, imposing obligations outside of the rules, etc. and I would ordinarily make a formal objection and then produce documents subject to the objections. But, given how over-the-top and inappropriate the ones identified above are, I intend to raise all my objections and let the Magistrate Judge rule on all of them. If you will agree to withdraw or modify the ones listed above and to the change in the definition of "You" and the date limitation described above, however, I am agreeable to treating the remainder of your Interrogatories in the usual fashion.

Please let me know if you will agree to these requests. Thanks.

*Leslie*

**Leslie McAdoo Gordon**
**McAdoo Gordon & Associates, P.C.**
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
mcadoolaw.com

**Re: Your Email of Last Night Regarding Scheduling**

Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
Fri 8/26/2022 4:36 PM

To: Terry Reed <tgreed@lrfirm.net>

I understand your position. I will be noticing my Objection to the Magistrate's Rulings against plaintiff for next Friday - extension of the production deadline and deposition continuance. As to the Magistrate's Rulings on the Objections to your Discovery, I plan to file that also, here in a few minutes.

*Leslie*

**Leslie McAdoo Gordon**
**McAdoo Gordon & Associates, P.C.**
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
mcadoolaw.com

---

**From:** Terry Reed <tgreed@lrfirm.net>
**Sent:** Friday, August 26, 2022 3:53 PM
**To:** Leslie McAdoo Gordon <leslie.mcadoo@mcadoolaw.com>
**Cc:** Luskin, Robert <robertluskin@paulhastings.com>
**Subject:** Your Email of Last Night Regarding Scheduling

Leslie,

In response to your email of 8:45 PM last night, I can respond that I am not willing to withdraw the cited interrogatories at this point. Your suggested objections are largely those you raised to outstanding defense discovery generally at the Wednesday hearing which were not accepted by the Magistrate. Your email suggests that, regardless of my response, you will raise all of your objections to the Magistrate, which is your right.

In order to assist you, I am offering my response to your questions as follows:

1. The viability of the counterclaims is in dispute, and indeed the requested discovery is needed to address your recently filed summary judgment upon them. This is not a reason to withdraw the outstanding discovery. As I pointed out at the hearing, this same information is discoverable on the defense of res judicata as it is on the counterclaims.

2. The information in interrogatories 9, 10, and 13 to 18 is relevant and not outside the scope of reasonable discovery, as you suggest.

3. Narrowing interrogatories 13 & 14 because Lokhova I is allegedly not relevant to this case is the same objection you raised unsuccessfully with the Magistrate on Wednesday.

    The sparse use of a cutoff date of 2008 in some interrogatories is intentional and reasonable. You have not explained the problem with the definition of Plaintiff as "You" in the discovery, and I will reserve responding until a problem is identified.

    Rather than rejecting your ability to make tardy objections on Wednesday, the Magistrate graciously afforded you the opportunity to make objections today. His declared objective was to get the outstanding discovery issues resolved with timely discovery responses from the Plaintiff in advance of the notice September 6th deposition date of Plaintiff. The Magistrate scheduled a hearing for Wednesday, August 31st to resolve these issues. We both agreed to this process. Hence, your email's request to delay your discovery responses until September 15th is a departure from the Magistrate's rulings and scheduling. I am not in a position to renege on my assurances to the court, and hence cannot consent to your new scheduling proposal.

    I just received your email of the last hour suggesting objections to the requests for production of documents, and it appears largely to repeat your interrogatory objections from your email last night. Please accept this as a response to this new email, as I am not certain I will be able to respond to your new email by your 5 PM deadline for objections. Thanks.

    Terry Reed