IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 1:20-cv-1603(LMB)(WEF) |
| ) | |
| STEFAN A. HALPER    ) | |
| ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, the Parties stipulate through their respective attorneys of record in this Action, that the terms and conditions of this Protective Order shall govern the disclosure of confidential or sensitive information exchanged by the parties, or received from third parties in this Action.

IT IS HEREBY ORDERED as follows:

1. PURPOSES AND LIMITATIONS

a. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this Action, and designated in accordance with this Order.

b. Disclosure of Protected Material (as defined below) is prohibited,

except as expressly provided in this Order.

    c. A Party may designate any information or documents produced, used, or disclosed in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and subject to the protections and requirements of this Order. Such designation may occur in writing to the other Parties, or orally, if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order.

2.     **DEFINITIONS**

    a. "Protected Material" means all items or information, including from a third party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Federal Rule of Civil Procedure 26(a) disclosures in this Action that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided in this Order.

    b. "Party" means any party to this Action, including its employees, consultants, and agents.

    c. "Producing Party" means any Party who discloses or produces Protected Material in this Action. A third-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such information in the same manner and shall receive the same level of protection under this Order as any Party to this Action. A third party's use of this Order for protection of its Protected Material does not entitle that third party to gain access to Protected

Material produced by any Party or any other third party in this Action.

d. "Receiving Party" means any Party receiving Protected Material from a Producing Party.

3. SCOPE

a. The protections conferred by this Order cover not only Protected Material, but also, any information copied or extracted therefrom, any copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations by a Party in court or in other settings that might involve disclosure of Protected Material.

b. This Order is without prejudice to the right of any Party to seek additional protection for any Protected Material or to modify this Order in any way, including seeking an order that certain matter need not be produced at all.

4. DURATION

This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

5. ACCESS TO AND USE OF PROTECTED MATERIAL

Protected Material shall be used only for purposes of this litigation, including any appeals related to this action (not in or for any other administrative, judicial, legislative, or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed, or otherwise divulged or communicated to any person, except as provided herein.

      a. <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order prevents counsel from advising their clients regarding this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Material itself or its contents, unless such disclosure of Protected Material is in conformance with this Order.

   6.      <u>DESIGNATING PROTECTED MATERIAL</u>

      a. <u>Available Designations</u>.  Any Party, Producing Party, or Receiving Party may designate Protected Material received from any third party, regardless of whether such records are produced by Plaintiff, Defendant, or any third party in this Action, as CONFIDENTIAL or HIGHLY CONFIDENTIAL as long as it meets the requirements for this designation.

      b. <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations may be designated as Protected Material by placing the term CONFIDENTIAL or HIGHLY CONFIDENTIAL on or in association with the written material prior to production or disclosure.

      c. <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order by indicating on the record when the testimony is given or by sending written notice to the court reporter, counsel for the parties, and any other person who is in possession of the transcript that the testimony is so

designated within fifteen days of receipt by all parties of the final transcript of the testimony from the court reporter. All information disclosed, and not designated as Protected Material, during a deposition shall be deemed CONFIDENTIAL until those fifteen days have passed. Any designated Protected Material used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Order and be required to act consistently with this Order. If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order.

7. <u>PROTECTED MATERIAL DESIGNATED AS CONFIDENTIAL</u>

a. Any Party, Producing Party, or Receiving Party may designate its own Protected Material and/or Protected Material received from any third party, regardless of whether such records are produced by Plaintiff, Defendant, or any third party in this Action, as CONFIDENTIAL if it contains or reflects confidential information that is not generally available to or accessible by the general public, or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c) because disclosure may cause annoyance, embarrassment, or oppression.

b. Protected Material designated as CONFIDENTIAL shall include information that is confidential and implicates common law and statutory privacy interests such as: (a) personal financial records;  (b) personnel records, medical

records or comparable data ; (c) s confidential information that is not subject to disclosure under law, including material protected under HIPPA or the Freedom of Information Act.

    c. Except as set forth in this Order, information or documents designated as CONFIDENTIAL shall be used by the Receiving Party solely for purposes of this lawsuit, and shall not be used for any other purpose.

    d. Protected Material designated as CONFIDENTIAL may be disclosed only to the following persons:

    i. Plaintiff, and one member of her immediate family.

    ii. Defendant; and one member of his immediate family.

    iii. The Parties' respective outside counsel of record, their staff, and their litigation support personnel, including consultants, copying vendors, data processing vendors, e-discovery vendors, and/or database service providers;

    iv. Any testifying expert or non-testifying consultant whom a Party retains to assist in this Action, provided that such person has signed the acknowledgement form attached as Exhibit A, agreeing to be bound by the terms of this Protective Order;

    v. Any persons who: (a) appear on the face of the designated Protected Material as an author, addressee, or recipient thereof, or (b) are witnesses during a deposition, court hearing, or trial where

       specific documentary or testimonial evidence establishes that the designated Protected Material was authored, received by, or otherwise known to the witness;

  vi. Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

  vii.   The Court, jury, and court personnel involved in this Action;

  viii.  Graphics, translation, design, or trial consulting services (including mock jurors) retained by a Party;

  ix. Any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

8. **PROTECTED MATERIAL DESIGNATED AS HIGHLY CONFIDENTIAL**

    a. A Producing Party may designate its own Protected Material or Protected Material received from any third party, regardless of whether such records are produced by Plaintiff, Defendant, or any third party in this Action, as HIGHLY CONFIDENTIAL as long as it meets the requirements for this designation. Protected Material designated as HIGHLY CONFIDENTIAL shall include medical records and related documents that are otherwise protected from disclosure by HIPAA. This designation is intended to ensure adequate protection for documents that are otherwise protected from public disclosure by state and federal law or regulations. Designation of information as HIGHLY CONFIDENTIAL means that

the information is also designated as CONFIDENTIAL.

  b. Except as set forth in this Order, information or documents designated as HIGHLY CONFIDENTIAL shall be used by the Receiving Party solely for purposes of this lawsuit, and shall not be used for any other purpose.

  c. Protected Material designated as HIGHLY CONFIDENTIAL may be disclosed only to the following persons:

   i. Plaintiff;and one member of her immediate family.

   ii. Defendant, and one member of his immediate family.

   iii. The Parties' respective outside counsel of record, their staff, and their litigation support personnel, including consultants, copying vendors, data processing vendors, e-discovery vendors, and/or database service providers;

   iv. Any testifying expert or expert consultant, and his or her staff retained to assist in this Action, provided that: (a) said expert is not a current employee or consultant for Defendant; (b) disclosure is made only to the extent necessary to perform such work; and (c) said expert has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

   v. Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

vi. The Court, jury, and court personnel in this Action;

vii. Graphics, translation, design, or trial consulting services (including mock jurors) retained by a Party;

viii. Any persons who: (a) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or (b) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness; and

ix. Any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

9. <u>PROTECTED MATERIAL DESIGNATED AS "ATTORNEY'S EYE'S ONLY"</u>

a. A Producing Party may designate its own Protected Material or Protected Material received from any third party, regardless of whether such records are produced by Plaintiff, Defendant, or any third party in this Action, as "ATTORNEY'S EYES ONLY" as long as it meets the requirements for this designation. Protected Material designated as "ATTORNEY'S EYE'S ONLY" shall include, but is not limited to, medical records and related documents that are otherwise protected from disclosure by HIPAA. This designation is intended to ensure adequate protection for documents that are otherwise protected from public

disclosure by state and federal law or regulations, confidential business and financial information, contractual information, information that does or could implicate the legal rights of third parties, personal and/or intimate private information, information subject to copyright, trademark or other legal protection, information that if disclosed could present a waiver or impairment of any legal rights, and other similarly highly sensitive information.

  b. Except as set forth in this Order, information or documents designated as HIGHLY CONFIDENTIAL shall be used by the Receiving Party solely for purposes of this lawsuit, and shall not be used for any other purpose.

  c. Protected Material designated as "ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

    i. Counsel of record to the Parties, their partners, associates, employees, staff and necessary contractors; and

    ii. Any experts engaged by the Parties, including any necessary staff, employees or contractors of such experts.

  10. <u>SUBPOENAS OR COURT ORDERS</u>

  a. Any third-party production to a Party in this Action, whether pursuant to a subpoena or otherwise, shall allow the Party whose Protected Material is contained therein the opportunity to designate the produced material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Counsel for the Party who initially receives the third-party production will not show the third-party production to anyone other than: (1)

the Party whose Protected Material is contained therein and such Party's counsel of record; and (2) each Party's counsel of record's necessary staff to allow for such review, until the designations described in the proceeding sentence have been made. The Party whose Protected Material is contained in the third-party production shall make any designations described herein within fifteen days of receipt of the third-party production. If at any time any court, arbitral, administrative, or legislative body, subpoenas Protected Material, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party and its counsel or party whose Protected Material is contained therein and shall provide each such Party with an opportunity to move for a protective order regarding the production or Protected Materials before any disclosure thereof by the recipient of the subpoena or court order. If a Producing Party does not take steps to prevent disclosure of such documents within fourteen business days of the date written notice is given, the party to whom the subpoena is directed may produce the subpoenaed Protected Material.

11. <u>EXPERT DISCLOSURES</u>

a. Before receiving Protected Material under this Order, the proposed outside expert or consultant shall execute a copy of the acknowledgement form attached as Exhibit A and provide that signed acknowledgement to the opposing Party.

12. <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

In the event that either party disagrees with any designation of Protected Material or considers it necessary to disclose Protected Material to a person not identified in Paragraphs 7 & 8, counsel for each party shall notify opposing counsel in writing of their objection or desire to disclose Protected Material. The parties shall confer and attempt to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or other information should be treated as Protected Material or whether the disclosure of the information shall be permitted. The information in question shall be treated as Protected Material, subject to the terms of this Protective Order, until the dispute is resolved (either by agreement of the parties and/or their counsel or by an Order of the Court). The party seeking to maintain the Protected Material designation shall at all times have the burden of proof.

13. <u>FILING PROTECTED MATERIAL</u>

The parties anticipate filing pleadings, motions, deposition transcripts or other papers with the Court containing Protected Material and shall abide by E.D. Va. Local Civil Rule 5.

14. <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

a. Any Producing Party that inadvertently produces Protected Materials it believes are protected by the attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity may obtain the return or request

destruction of those Protected Materials by promptly notifying the Receiving Party upon learning of the inadvertent production. Upon receiving notification, the Receiving Party shall gather and return to the Producing Party (or destroy, as appropriate) all copies of the Protected Material identified as inadvertently produced. Nothing in this Order shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation (based on information independent of the content of the purportedly privileged materials) by submitting a written challenge to the Court after return of these protected materials. No Party shall intentionally breach privilege of a Party.

15. <u>INADVERTENT FAILURE TO DESIGNATE</u>

a. The disclosure by Plaintiff or Defendant or their counsel of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of the parties' right to designate such document or information as Confidential Information and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Confidentiality Agreement.

16. <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

a. If Protected Material is disclosed to any person not authorized to receive it under this Order, the Party responsible for such disclosure shall immediately notify counsel for the Producing Party of all known, relevant information concerning the

nature and circumstances of the unauthorized disclosure. The responsible disclosing Party shall promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further unauthorized disclosure or use is made of the material.

      b.  Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the Producing Party's right to claim that the disclosed document or information still constitutes Protected Material.

17.    **FINAL DISPOSITION**

Within 60 days of the final disposition of this lawsuit, all Protected Material and all documents containing Protected Material in the possession of any persons set forth in Sections 7 and 8 above or any other person who has received such documents pursuant to this Protective Order, shall be returned to Producing Party, together with all documents, copies, extracts and summaries thereof, or else shall be destroyed. Counsel for the parties are permitted to maintain a complete archival copy of pleadings and other materials submitted to the Court which may contain Protected Material following the end of the litigation, except to the extent that those pleadings or materials contain medical records, protected by Health Insurance Portability & Accountability Act of 1996 (HIPAA). Pursuant to HIPAA's Privacy Rule, all HIPAA-covered materials must be destroyed or returned to the Producing Party, at the conclusion of the litigation.

18. <u>MISCELLANEOUS PROVISION</u>

a. <u>Termination of Litigation</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of this Action.

b. <u>Obligation to Produce Protected Materials Subject To Law, Rule, or Regulation</u>. The confidentiality obligations of this Order shall not prohibit the disclosure by a Receiving Party of any information or documents that are required to be disclosed by any law, regulation, order or rule of any governmental authority; provided, however, that if a Receiving Party is required to disclose Protected Material that a Producing Party designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to any law, regulation, order or rule of any governmental authority, the Receiving Party shall give immediate advance notice, to the extent possible, of any such required disclosure in writing to counsel for the Producing Party to afford the Producing Party the opportunity to seek legal protection from the disclosure of such information or documents.

c. <u>Violation of Protective Order</u>. If anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation and, if the aggrieved Party does so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law.

d. <u>Successors</u>. This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

e. <u>Jurisdiction</u>. Each person receiving Protective Material under the terms of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

f. <u>Immediate Effect</u>. The Parties agree to abide by and be bound by the terms of this Order immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no Party shall treat any designated Protected Material produced prior to that time other than as provided in this Protective Order without giving the Producing Party sufficient advance notice to allow for application to the Court for additional relief.

Dated:      September 3, 2022

_____/s/_____
Terrance Reed (VSB No. 46076)
Lankford & Reed PLLC
120 N. St. Asaph St.
Alexandria, Virginia 22314
Telephone: (703) 299-5000
Facsimile: (703) 299-8876
Email: tgreed@lrfirm.net

*Counsel for Defendant Stefan Halper*


_____/s/_____
Leslie McAdoo Gordon (VSB 41692)
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W., Suite 300
Washington, DC  20006
Telephone:  (202) 704-7388
Facsimile:  (202) 478-2095
Email:  leslie.mcadoo@mcadoolaw.com

*Counsel for Plaintiff Svetlana Lokhova*


IT IS SO ORDERED this _____ day of _____, 2022.


_____
William E. Fitzpatrick
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-1603(LMB)(WEF) |
| ) | |
| STEFAN A. HALPER ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## EXHIBIT A:
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____ declares that:

I reside at_____in the City of_____, County of

_____, State/Commonwealth of_____, Country of

_____;

I have read and understand the Protective Order dated _____

and of record in Civil Action No. 3:20-cv-1603 pending in the United States

District Court for the Eastern District of Virginia;

I agree to comply with and be bound by the provision of said Order, and I understand the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this case. I further understand that should I fail to comply with the provisions of this Order, I can be held in contempt of Court and sanctioned by the Court for my noncompliance.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order against me in this Action.

Dated:_____                                    By:_____