IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Svetlana Lokhova, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| | ) | |
| Stefan A. Halper, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HALPER'S NOTICE OF PLAINTIFF'S NONCOMPLIANCE WITH COURT ORDERS

Defendant Stefan Halper, through counsel, gives notice to the Court that the Magistrate's discovery orders (Docket Entries ("D.E.")76, 86 & 87), affirmed by this Court's ruling of September 2, 2022 (D.E. 91) have not been complied with by Plaintiff.  Specifically, Defendant submits:

1. On August 31st, the Magistrate ordered Plaintiff to respond to Defendant's first sets of interrogatories and document requests after ruling on Plaintiff's objections at a four-hour hearing. D.E. 87. Among other positions taken by Plaintiff counsel was that: (i) Plaintiff was no longer pursuing the claims related to her coup conspiracy alleged in the Amended Complaint and in the prior case (*Lokhova I*), making related discovery about these events unnecessary; (ii) any discovery on the counterclaims was unnecessary.   After extensive consideration, the Magistrate ordered discovery produced on both the Amended Complaint and the counterclaims, including

1

discovery about Plaintiff's communications relating to Halper to others. D.E. 86 & 87. Consistent with the Magistrate's prior order of August 24th, this discovery was ordered produced by noon September 3rd in order to provide defense counsel with the discovery in time to review for use at the scheduled deposition of Plaintiff on September 6th.

    2. On September 2nd, in a hearing on Plaintiff's objections to the Magistrate's discovery rulings, plaintiff counsel announced that, after consulting with Bar counsel, she could report that she had lost communication with her client during the prior two weeks, and that her client was unwilling to authorize production of the discovery requested and now ordered, and that therefore she would be seeking to withdraw as plaintiff counsel from the case. Plaintiff's counsel was unable to confirm that Plaintiff would appear for her deposition.

    3. At the September 2nd hearing, this Court affirmed the Magistrate's August 24th discovery orders (D.E. 75 & 75), including the order to provide responsive discovery on September 3rd in advance of Plaintiff's deposition. D.E. 91. The Court further ordered that the deposition go forward by Zoom in England. *Id*. The Court ordered plaintiff counsel in the interim to produce the responsive discovery in her possession the following day as previously ordered by the Magistrate. *Id*.

    4. On September 3rd, plaintiff counsel did not serve upon defense counsel any written document responses or interrogatory answers, as was previously ordered. Instead, plaintiff counsel produced only a set of documents. Well over 95% of the documents produced were government documents relating to Operation Crossfire Hurricane investigation, the Mueller investigation, the criminal prosecution of General Flynn, and the DOJ Inspector General's investigation of these and related matters. None of these government documents were created, sent, or received by Plaintiff. There are no produced documents containing any communications

by Plaintiff about Halper to anyone, including none of her multiplicitous tweets about Halper. In a case of dueling defamation claims, Plaintiff produced no communications by her about Mr. Halper, and no communication by Mr. Halper about Plaintiff. Given that Plaintiff wrote a 359-page book about Defendant in 2020, it is likely that Plaintiff has had multiple communications in writing about Halper, but she has refused to produce any of them. There are no book manuscripts or associated documents relating to Halper. Instead, the produced government documents relate almost exclusively to the very historical events that Plaintiff's counsel objected to the Magistrate were only background to her current claims and were relied upon or referenced in the Amended Complaint.

5. Almost none of the document discovery ordered was actually produced, as had been predicted by Plaintiff counsel the day before. For example, no document relating to the counterclaims was produced. The nongovernment documents span 56 pages, and include news articles that are the subject of *Lokhova 1* and material already printed in Plaintiff's complaints in this case. Less than ten documents relate to Plaintiff's alleged publisher and her Book, and, on their face, they directly undermine Plaintiff's legal claims in this case.

6. Plaintiff's counsel is withdrawing precisely because of Plaintiff's refusal to comply with this Court's discovery orders. There is no reasonable dispute that Plaintiff is in wholesale noncompliance with this Court's discovery orders. Plaintiff's counsel claims that she is powerless to rectify this. As a result, defense counsel cannot fairly be asked to rely upon discovery compliance from withdrawing Plaintiff counsel.

7. Defendant is being deprived of the ordered discovery, and also the limited time this Court afforded to review this discovery to prepare for the deposition of Plaintiff. That deposition will therefore take place, if at all, while Plaintiff is in standing contempt of the discovery orders

of the Magistrate and this Court, from England. Defendant's ability to address the issues raised by Plaintiff's discovery defaults is complicated by the fact that Plaintiff's counsel of record states that she lacks authority to act on behalf of Plaintiff.

    Plaintiff's refusal to abide by the Orders of this Court and of the Magistrate are profoundly prejudicial to Defendant Halper and undermine his ability to prepare for the court-ordered deposition of Plaintiff; to respond to Plaintiff's pending motion for Summary Judgment; to defend against Plaintiff's claims for damages; and to pursue Defendant Halper's counterclaims. We respectfully give notice that Defendant will ask that the Court grant appropriate relief.

                                              Respectfully submitted,

                                              By: ____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant*
*Stefan A. Halper*

4