UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SVETLANA LOKHOVA,  )<br>                                      )<br>         Plaintiff,           )<br>                                      )     No: 1:20−cv−01603−LMB−WEF<br>   v.                                )<br>                                      )<br>STEFAN A. HALPER,          )<br>                                      )<br>         Defendant.          )   | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO DISMISS DEFENDANT'S COUNTERCLAIMS,
AND/OR FOR SUMMARY JUDGMENT AS TO
COUNTERCLAIM I**

Defendant Halper fails to offer any persuasive reason why the Court should not dismiss his three counterclaims or grant summary judgment as to the counterclaim for defamation.

PROCEDURAL POSTURE

Halper has filed three counterclaims against Ms. Lokhova alleging claims for defamation, tortious interference, and violation of Va. Code § 8.01-223.2. Ms. Lokhova moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss all three counterclaims for failure to state a claim on which relief can be granted. Alternatively, she moved to dismiss pursuant to Rule 12(b)(2) for lack of jurisdiction to the extent that the counterclaims rely on allegedly defamatory statements made by Ms. Lokhova to other persons in England. Finally, also in the alternative, she

moved for summary judgment as to the defamation claim because the undisputed facts show that it is time-barred.

In response, Halper has filed a pending motion to deny or defer summary judgment until he can obtain certain discovery from Ms. Lokhova, but that motion relates only to the motion for summary judgment on the defamation counterclaim. It does not relate to the counterclaims for tortious interference or alleged violation of Va. Code § 8.01-223.2.

## ARGUMENT

### A.   The Tortious Interference Claim Should Be Dismissed

Halper's claim for tortious interference is vague and fails to specify whether it alleges interference with a contract already in existence or, instead, alleges interference with a business expectancy. In either event, it should be dismissed.

Halper alleges merely that "[b]y 2016, Halper had accumulated multiple national security consulting contracts" (Counterclaims ¶ 59); "Lokhova knew of Halper's Defense Department contracts and intentionally interfered with Halper's contractual and business expectancy rights by defaming Halper (*Id.* ¶ 76); and "[a]s a direct and proximate result of Lokhova's defamation of Halper, he has suffered damage to his reputation and lost his DOD contract research revenue" (*Id.* ¶ 60). These allegations are patently insufficient to state a claim for tortious interference.

Halper fails to allege a 'specific, existing contract … that has been interfered with in a tortious manner.'" *Supinger v. Virginia*, 167 F.Supp.3d 795, 821-22 (W.D. Va. 2016). His vague, conclusory allegations do not suffice. *See id.* at 822.

Likewise, Halper fails to allege a specific business expectancy that he lost. His conclusory allegation that he "lost his DID contract research revenue" is not enough. In addition, he does not allege that he and Ms. Lokhova are in a "competitive relationship" for the alleged expectancy(ies), which is an essential element of this tort. *See 17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F.Supp. 2d 584 (E.D.Va. 2005).

### B. The Claim Under VA Code § 8.01-223.2 Should Be Dismissed

Halper's counterclaim under VA Code § 8.01-223.2 is patently defective because, by its terms, that statute provides *a defense* to certain claims of tortious interference or defamation; it does not create a cause of action. This "counterclaim," which isn't a counterclaim, must be dismissed.

### C. The Defamation Claim Should Be Dismissed

Halper's defamation claim is deficient and should be dismissed because it fails to allege any publication of the allegedly defamatory information within the one year limitations period prior to the filing date. *See Delavan v. N. American Co. for Life and Health Ins.*, 2007 WL 9808081, at *11 (E.D. Va. 2007).

### D.  Alternatively, Summary Judgment Should Be Granted As To The Defamation Claim

Alternatively, the Court should grant summary judgment on Halper's defamation claim because it is time-barred.  Halper filed this claim on July 29, 2022, and it is beyond dispute that Ms. Lokhova's book was published on November 23, 2020, which is more than a year earlier.

Halper contends that his claim is nonetheless timely because his defamation claim is a compulsory counterclaim to Ms. Lokhova's claims and so, for limitations purposes, it relates back to when this suit was filed on December 31, 2020.

Courts make "four inquiries to determine if a counterclaim is compulsory:

> (1) Are the issues of fact and law raised in the claim and counterclaim largely the same?
>
> (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?
>
> (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and
>
> (4) Is there any logical relationship between the claim and counterclaim?"

*Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).

Here, Ms. Lokhova's claims are based on letters that were written in March and April 2020 asserting that she was defaming Halper in the marketing materials for her forthcoming book, while Halper's counterclaim is based on the book, itself, which had not been published at the time the letters were written.  Thus, the issue

of law – both claims being for defamation – may be the same, but the facts clearly are not. They involve completely different alleged defamatory statements for example.

While there may be a logical relationship between the claim and the counterclaim and some evidentiary overlap between them, they will <u>not actually</u> involve the same evidence to resolve – a point Plaintiff has been making strenuously and repeatedly in her discovery objections - and *res judicata* would not bar a subsequent suit on the counterclaim. Halper's defamation counterclaim is not compulsory.

Further, even these conclusions are only true as to Halper's defamation counterclaim based on the publication of the book. His second claimed basis for defamation - found solely in paragraph 70 of his Counterclaims pleading - alleging that Ms. Lokhova defamed him by publishing remarks to specified and unspecified persons at Cambridge College, England, has nothing to do with her book or its marketing materials. That portion of his is plainly time-barred as it satisfies virtually none of the factors for constituting a compulsory counterclaim.

### E.     The Defamation Claim Should Be Dismissed For Lack Of Jurisdiction To The Extent It Is Based On Statements Made In England

In addition, Halper's defamation claim should be dismissed for lack of jurisdiction to the extent that it relies on allegedly defamatory statements made by Ms. Lokhova to other persons in England. Contrary to Halper's argument,

5

Ms. Lokhova has not submitted to the Court's jurisdiction over this part of his counterclaim.

"[B]y filing suit plaintiff has waived any objection to personal jurisdiction with respect to any <u>compulsory</u> counterclaims by defendant." *Laschkewitsch v. Lincoln Life and Annuity Distributors, Inc.*, 2013 WL 5780433, at *1 (E.D.N.C. 2013) (emphasis added). Under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction <u>only</u> over "claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." As discussed above, Halper's defamation claim regarding remarks Ms. Lokhova made to others in England has nothing to do with her book. It is not part of the same case or controversy and is not a compulsory counterclaim.

Virginia "is not the world's defamation court." *Mireskandari v. Daily Mail & General Trust PLC*, 105 Va. Cir. 370, 2020 WL 8837630, at *12 (Fairfax July 27, 2020). And federal courts are disinclined to apply common law causes of action extraterritorially. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 101-03 (2d Cir. 2021). Halper is not entitled to turn this Court into a forum for litigating any and all defamation claims he may assert against Ms. Lokhova, regardless of where they arose, who they involve, or what they concern. Mr. Lokhova did not consent to adjudicating unrelated claims by bringing this suit in this Court.

WHEREFORE, it is respectfully requested that Plaintiff's Motion be granted and that all of Defendant Halper's counterclaims be dismissed with prejudice or, in the alternative, that summary judgment be granted with respect to the counterclaims for defamation as they are time barred.

Dated: September 5, 2022          Respectfully submitted,

_____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
1629 K Street, N.W.
Suite 300
Washington, DC 20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that, on September 5, 2022, I electronically filed the foregoing Plaintiff's Reply In Support of Motion to Dismiss Defendant's Counterclaims, and/or for Summary Judgment as to Counterclaim I using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

                   _____/s/_____
                   Leslie McAdoo Gordon

Case 1:20-cv-01603-LMB-WEF   Document 98   Filed 09/05/22   Page 8 of 8 PageID# 1371