UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SVETLANA LOKHOVA, )
)
Plaintiff, )
) No: 1:20−cv−01603−LMB−WEF
v. )
)
STEFAN A. HALPER, )
)
Defendant. )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION UNDER RULE 56(d)
TO DENY OR DEFER SUMMARY JUDGMENT

Plaintiff has moved to dismiss the Defendant's counterclaims and, in the alternative, for summary judgment as to Defendant's counterclaim for defamation. In response, Defendant has filed a motion under Fed.R.Civ.P. 56(d) to deny or defer summary judgment. For the following reasons, Defendant's Rule 56(d) motion should be denied.

PROCEDURAL POSTURE

Defendant Halper has filed three counterclaims against Ms. Lokhova alleging claims for defamation, tortious interference, and violation of Va. Code § 8.01-223.2. Ms. Lokhova moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss all three counterclaims for failure to state a claim on which relief can be granted. Ms. Lokhova also moved to dismiss pursuant to Rule 12(b)(2) for lack of jurisdiction

to the extent that these counterclaims rely on allegedly defamatory statements made by Ms. Lokhova to other persons in England. Finally, in the alternative, she moved for summary judgment as to the defamation claim because the undisputed facts show that it is time-barred.

In response, Halper has filed a motion to deny or defer summary judgment until he can obtain certain discovery from Ms. Lokhova. The supporting declaration from Halper's counsel asserts that he needs to depose Ms. Lokhova about supposed contradictions in her declaration about whether she made certain comments in 2018 or 2020. (Reed Decl. ¶ 10). He further asserts that he needs to depose her about the location and content of certain statements that she says occurred in Britain. (*Id.* ¶ 12). Finally, he asserts that outstanding discovery requests regarding Ms. Lokhova's "communications and contacts about Halper within the United States, including solicitations for funding litigation in this forum against Halper" will produce evidence relevant to whether this Court has personal jurisdiction over her. (*Id.*).

## ARGUMENT

Halper does not establish a need for discovery with respect to the limitations period on his defamation counterclaim. "Under Federal Rule of Civil Procedure 56(d), the court may defer or deny a motion for summary judgment or allow discovery if 'a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *InDyne, Inc. v. Beacon Occup. Health & Safety Servs., Inc.*, 2018 WL 5270331, at *3 (E.D. Va.

2018) (quoting the Rule). "[T]he affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011). It must "particularly specif[y] legitimate needs for further discovery." *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995). The declaration of Halper's counsel fails to do so.

     Halper's counterclaim alleges that Ms. Lokhova defamed him through her book and by publishing remarks to specified and unspecified persons at Cambridge College, England. Halper did not allege the dates of any of these publications. In moving for summary judgment, Ms. Lokhova provided a declaration stating that the book was published on November 23, 2020 and that any statements by her of the nature allegedly made to persons at Cambridge College were made in the year 2018. Even if such statements were "re-published" in 2020 when she published her book, they are still barred by the statute of limitations because they constitute non-compulsory counterclaims.

     Halper's counsel asserts that he needs to depose Ms. Lokhova about whether she made certain comments in 2018 or 2020. But his declaration fails to specify what essential facts will be developed by questioning Ms. Lokhova about this issue. And he offers no reason to believe that her deposition testimony would differ from the statements in her declaration. *U.S. v. All Monies ($637, 944.57) in Account No. 29-0101-62 in Name of Abusada*, 746 F.Supp. 1432, 1441 (D. Haw. 1990) (Rule 56(d) motion denied where "[t]here is no reason to believe that [witness] will change his

testimony or reveal anything new"). "The mere hope that something might turn up in further discovery does not satisfy the standards of Rule 56([d])." *Goodell v. Rehrig Int'l, Inc.*, 683 F.Supp. 1051, 1054 (E.D. Va. 1988). "If the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado." *U.S. v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 978 (E.D. Va. 1997) (quoting *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

In sum, there is no reason to believe that deposing Ms. Lokhova about the dates when she made various statements will produce evidence that is (1) at odds with her declaration, and (2) will yield facts essential for Halper to oppose summary judgment on the statute of limitations issue. Thus, delaying resolution of Ms. Lokhova's pending summary judgment motion would simply be a waste of time. The Court should deny Halper's Rule 56(d) motion and proceed to rule on the motion for summary judgment.

WHEREFORE, it is respectfully submitted that Halper's motion under Rule 56(d) to deny or defer summary judgment should be denied.

Dated: September 5, 2022            Respectfully submitted,

                                                                     _____/s/_____
Leslie McAdoo Gordon (VA Bar #41692)
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

4

## CERTIFICATE OF SERVICE

  I hereby certify that, on September 5, 2022, I electronically filed the foregoing Plaintiff's Opposition to Defendant's Motion Under Rule 56(d) to Deny or Defer Summary Judgment, using the CM/ECF system, which will send a notification of such filing (NEF) to all properly designated parties and counsel.

               _____/s/_____
               Leslie McAdoo Gordon