IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Svetlana Lokhova, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| ) | |
| Stefan A. Halper, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaimant ) | |

## DEFENDANT HALPER'S SECOND NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH COURT DISCOVERY ORDERS

Defendant and Counterclaimant Stefan Halper, through counsel, gives notice to the Court that the Magistrate's discovery orders (Docket Entries ("D.E.")76, 86 & 87), affirmed by this Court's ruling of September 2, 2022 (D.E. 91 & 92) compelling Plaintiff to appear for her noticed deposition at the London offices of defense counsel have been violated by Plaintiff. Specifically, Defendant submits:

1. On August 2nd, Defendant served a notice of deposition (D.E. 71-2) upon Plaintiff's counsel for the September 6th deposition of Plaintiff (D.E. 71-5). On August 19th, Plaintiff filed a motion for protective order seeking, among other things, to quash the noticed deposition of Plaintiff. D.E. 68, at 9. This request to quash the noticed deposition of Plaintiff was denied by the Magistrate (D.E. 76), was thereafter appealed by Plaintiff (D.E. 78), and the Magistrate's ruling was then affirmed by this Court. D.E. 91.

1

2. On September 2nd, this Court ordered Plaintiff to appear for her deposition, taken by ZOOM, at the London offices of the Paul, Hastings LLP firm at 1:00 PM BST on September 6th. D.E. 91. The Court also affirmed the prior order of Magistrate Fitzpatrick that Plaintiff produce ordered discovery by noon on September 3rd to defense counsel for them to prepare for this deposition of Plaintiff. Plaintiff did not comply with this order, as is further explained in Defendant's first Notice of Plaintiff's Non-compliance with Court Orders. D.E. 96.

3. At this September 2nd hearing, and again in the subsequently issued court order, this Court admonished Plaintiff that:

> Plaintiff is advised that failure to appear for the deposition may result in dismissal of her complaint and being held in default as to defendant's counterclaims. . ..

D.E. 91.

4. At 11:46 PM on September 5th, counsel of record for Plaintiff confirmed in writing that she had communicated with Plaintiff regarding the ordered deposition.

5. Notwithstanding the Court's warning, on September 6th, Plaintiff did not appear to be deposed at 1 PM BST when the deposition was convened at the designated London location.

6. At the deposition, counsel of record to Plaintiff, Leslie McAdoo Gordon appeared, and she acknowledged that her legal representation of Plaintiff had previously been terminated by Plaintiff.

7. Despite Plaintiff's termination of her counsel, and Plaintiff's repeated refusals to comply with this Court's discovery orders, Plaintiff purports to be seeking relief from this Court, including summary judgment and disqualification of counsel, through her

former counsel.   Defendant objects to Plaintiff electing to disobey this Court's orders while nonetheless seeking relief from this Court through counsel whose legal representation she has terminated.

8. Plaintiff's refusal to abide by the Orders of this Court and of the Magistrate are profoundly prejudicial to Defendant Halper and preclude his ability to conduct the court-ordered deposition of Plaintiff; to respond to Plaintiff's pending motion for Summary Judgment; to defend against Plaintiff's claims for damages; and to pursue Defendant Halper's counterclaims.  We respectfully give notice that Defendant will ask that the Court grant appropriate relief.

Respectfully submitted,

By: ____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice.
granted April 1, 2021*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant/Counterclaimant
Stefan A. Halper*

3