IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Svetlana Lokhova, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| | ) | |
| Stefan A. Halper, | ) | |
| | ) | |
| Defendant/ | ) | |
| Counterclaimant | ) | |

**Defendant/Counterclaimant Halper's Memorandum in Support of His Motion to Dismiss, for Default Judgment, and to Strike Plaintiff Motion**

Defendant/Counterclaimant Stefan Halper ("Defendant") moves this Court pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure for an order dismissing Plaintiff Svetlana Lokhova's Amended Complaint (Docket Entry ("D.E.") 52), granting Defendant a default judgment on his counterclaims (D.E. 65), and striking the pending motion of Plaintiff for dismissal or summary judgment on the counterclaims along with the unsworn declaration of Plaintiff offered in support of Plaintiff's motion. D.E. 70 & 70-1.

In support thereof, Defendant asserts the following:

1. Plaintiff brought this, her second suit against Defendant Stefan Halper in December 2020, and after it was dismissed under Rule 11, perfected an appeal on the grounds that discovery was needed before addressing the defense of absolute immunity.

1

2. Defendant initially noticed Plaintiff's deposition in November 2021, but she failed to appear for her noticed deposition.  Reed Declaration.  Plaintiff likewise failed to respond to Defendant's August 2021 discovery requests and Defendant's first motion to compel discovery in 2021.  D.E. 30.  *See* D.E. 71, at 5-6 (describing disco very history).  Plaintiff's then-counsel (Mr. Biss), asserted that he did not possess responsive documents, and that responsive documents were exclusively in exclusive possession of Plaintiff (and government officials).  *Id*. & D.E.71-4.  Almost a year into this litigation, Plaintiff had yet to provide her counsel basic documentation of her claims.

3.  Upon remand from the Fourth Circuit, Plaintiff amended her Complaint in June 2022 with new counsel. D.E. 52.

4. On July 15, 2022, this Court denied a motion to dismiss (D.E. 60) and ordered that discovery commence immediately.  Defendant filed a timely Answer and Counterclaim on July 29th. D.E. 65.

5. In July, Defendant Halper commenced discovery by propounding interrogatories and document requests upon Plaintiff by email.  *See* D.E. 68-7 (Defendant's First Set of Requests for Production of Documents); D.E. 68-8 (Defendant's First Set of Interrogatories).  These same discovery requests were re-served by hand and regular mail upon Plaintiff counsel on August 1, 2022. D.E. 71-5.

6. On August 2, 2022, Defendant served upon Plaintiff a notice of deposition (D.E. 71-2) for the deposition of Plaintiff on September 6, 2022. D.E. 71-5.

7. On August 19, 2022, Plaintiff filed a motion for protective order seeking, among other things, to quash the noticed deposition of Plaintiff, and to defer Plaintiff's

obligations to respond to the pending document and interrogatory discovery. D.E. 68, at 9. As explained below, these requests were denied by the Magistrate (D.E. 76) on August 24th, were thereafter appealed by Plaintiff (D.E. 78), and on September 2nd this Court affirmed these Magistrate rulings. All of these rulings have been violated by Plaintiff.

8. In seeking a protective order, Plaintiff asked that she be excused from her pending discovery deadlines until after the resolution of her pending summary judgment motion on the counterclaims. This was denied by the Magistrate on August 24th. Plaintiff then appealed this ruling to this Court, asking specifically that her deposition "be stayed pending a ruling on the viability of Defendant's counterclaims." D.E. 78, at 14. The Magistrate's rejection of this protective order motion request would be affirmed by this Court on September 2d (D.E. 65) --before Plaintiff's deadline under the Magistrate's orders to produce discovery and submit to her noticed deposition. Despite this, Plaintiff would fail to produce responsive documents or attend her deposition, thereby attempting to achieve the very objective denied her by the Magistrate and this Court—deferring discovery until after this Court addresses her dispositive motion on the counterclaims.

9. The Magistrate's discovery orders required Plaintiff to provide written responses to Defendant's discovery, and to produce responsive documents, by noon on September 3, 2022. D.E. 76. This deadline was intended to give defense counsel at least three days to review this discovery to prepare for the noticed deposition of Plaintiff on September 6th.

3

10. To facilitate compliance with these deadlines, the Magistrate ordered Plaintiff to make objections to the discovery by August 26th, and then he resolved these objections at a four-hour hearing on August 31st. D.E. 87.

11. On September 2nd, this Court affirmed the Magistrates' prior order (D.E. 65), requiring discovery production by September 3rd and Plaintiff's deposition on September 6th. D.E. 91. To make it more convenient for Plaintiff, this Court ordered that the deposition take place by Zoom at defense counsel's London offices. D.E. 92. At this hearing, counsel of record for Plaintiff informed the Court that Plaintiff had not provided her with the requested discovery (even though it was due the following day), and that Plaintiff would not authorize her to provide the ordered discovery or to commit to appear at her ordered deposition. She confirmed that she was no longer authorized to represent Plaintiff and that she would be withdrawing as Plaintiff counsel. At the request of Plaintiff's counsel of record, this Court then ordered Plaintiff counsel to produce those responsive documents she already had in her possession.

12. At this September 2nd hearing, and again in the subsequently issued Court order, this Court admonished Plaintiff that:

> Plaintiff is advised that failure to appear for the deposition may result in dismissal of her complaint and being held in default as to defendant's counterclaims. . ..

D.E. 91.

13. On September 3rd, Plaintiff failed to serve any written interrogatory answers or document request responses. Plaintiff's counsel of record produced approximately 900 pages of documents that she claimed were in her possession, almost all of which

4

    are government-created documents relating to FBI investigations of the 2016 Presidential election, the Mueller investigation, the General Flynn prosecution, and the DOJ Inspector General's investigation of Operation Crossfire Hurricane.  The produced documents do not include any documents relating to the counterclaims or to Plaintiff's defamation claims or damages.  No copies of Plaintiff's manuscripts or book were produced, and none of Plaintiff's communications about Halper with anyone.  The document production was a wholesale violation of the Magistrate's production orders.  *See* D.E. 96 (Notice of Plaintiff Non-Compliance).

14. On September 6th, the deposition was convened as ordered, but Plaintiff failed to appear for her deposition.  Counsel of record for Plaintiff appeared and confirmed that Plaintiff had terminated her legal services.  *See* Second Notice of Plaintiff Non-Compliance. D.E. 100.

**Legal Standards**

    Under Rule 37 of the Federal Rules of Civil Procedure, a party's failure to comply with discovery orders is properly the subject of sanctions.  In particular, a party's failure to appear at her noticed deposition justifies sanctions.  Fed. R. Civ. P. 37(d)(1)(A)(i).  In addition, under Rule 41(b), dismissal is a proper response to a failure to comply with discovery orders or a failure to prosecute.  *Hussell v. Boggs*, 2021 WL 8082969, *2 (S.D. W.Va. Dec. 1, 2021) (citing cases), *adopted*, 2022 WL 1123801 (S.D. W. Va. April 14, 2022).  This Court expressly warned Plaintiff of this consequence if she failed to appear, including involuntary dismissal of her claims, and default upon the counterclaims.  D.E. 91. "The Federal Rules of Civil Procedure enable federal district courts to enforce the discovery rules and their own orders through a

variety of possible sanctions, including by "rendering a default judgment against the disobedient party." *McDonald v. Robinson*, 2019 WL 166548, *4 (E.D. Va. Jan. 10. 2019) (citing Fed. R. Civ. P. 37(b)(2)(A)(vi)), *reconsideration denied*, 2019 WL 8886439 (E.D. Va. August 7, 2019)).

"The standard for imposing dismissal as a sanction under Rule 37 is 'virtually the same' as that for dismissal for failure to prosecute under Rule 41." *Clatterbuck v. City of Charlottesville*, 2013 WL 4929519, *3 (E.D. Va. Sept. 12, 2013) (quoting *Carter v. University of West Virginia System*, 23 F.3d 400 (4th Cir. 1994) (unpublished)). In determining whether In weighing whether dismissal is appropriate, the Fourth Circuit has advised consideration of four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Anderson v. Foundation for Advancement, Educ. & Employ't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *McDonald*, at *4

"The presence or absence of any one of these factors is generally not decisive." *First Mariner Bank v. Resolution Law Group*, 2013 WL 5797381, *4 (D. Md. Oct. 24, 2013), *reconsidered on other grounds*, 2013 WL 6404998 (D. Md. Dec. 5, 2013). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Hussell,* at *2 (quoting *Taylor v. Huffman*, 1997 WL 407801, at *1 (4th Cir. July 22, 1997) (unpublished). The Fourth Circuit has recognized that a district court providing:

> clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits. Such notice of this drastic consequence is likely to prompt most plaintiffs to act diligently in meeting these conditions, thereby averting prejudicial dismissal.

*Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 472 (4th Cir. 1993).

That is the case here. Lokhova "is an educated woman who . . .. had the intellectual capacity to understand her obligation to follow court orders and to appreciate the warnings about possible sanctions for failure to follow those orders." *McDonald v. Robinson*, 2019 WL 166548, * 5 (E.D. Va. Jan. 10. 2019) (affirming Rule 37 default against defendants for discovery violations).

## ARGUMENT

The four factors supporting dismissal and default are plainly present here. Plaintiff sought to ignore, and then defer her discovery and deposition obligations until after she could obtain relief from this Court on her simultaneously filed dispositive motion. *See* D.E. 68 (protective order motion); D.E. 70 (dispositive motion). When the Magistrate, and then this Court rejected this demand, Plaintiff refused to abide by these rulings, and apparently terminated her counsel's representation.

This case is thus similar to the *Clatterbuck* case, in which this Court dismissed plaintiffs' claims because they failed to provide ordered discovery to their own counsel, and were otherwise unavailable to consult with or assist their counsel. *Clatterbuck*, 2013 WL 4929519, at *4 (E.D. Va. Sept. 12, 2013). As here, Plaintiff counsel informed the Court that he was unable to provide the discovery, leading the Court to conclude that plaintiffs' failures "to respond to the defendant's discovery requests amounts to willful neglect if not intentional abandonment of their claims and is tantamount to failure to prosecute." *Id*. So too here, the "[f]ault for this lies solely at the feet of" the plaintiff. *Id*. *Clatterbuck* considered other sanctions, such as evidentiary preclusion, rather than dismissal, but determined "the effect would be the same and such action

by the court would subject defendant to further undue expense in seeking summary judgment on that account." *Id*.

### A. The Four Factors Favor Dismissal and Default

Plaintiff clearly acted in bad faith here by failing to comply with the document, interrogatory, and deposition discovery ordered by the Magistrate and this Court. Noncompliance with a clear court order is bad faith, *Mutual Federal S&L Ass'n v. Richards & Associates,* 872 F.2d 88, 93 (4th Cir. 1989), and repeat violations make this even more obvious. *Harmon, Tr. of Harmon 1999 Descendants' Tr. v. Harmon*, 2021 WL 5416022, at *7 (E.D. Va. Nov. 19, 2021).

"'[W]illful disregard of the [F]ederal [R]ules and this court's Order' in the face of 'ample warning of the consequences of noncompliance' is 'the *sine qua non* of bad faith.'" *Al Ali v. Saudi Arabian Airlines Corp*., 2020 WL 9457063, *2 (E.D. Va. July 27, 2020). "In this circuit, bad faith includes willful conduct, where the plaintiff 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." *Bartley v. Merrifield Town Ctr. Ltd. P'ship*, 2011 WL 13227985, *4 (E.D. Va. May 16, 2011) (quoting *Rabb v. Amatex Corp*., 769 F.2d 996, 1000 (4th Cir, 1985)), *adopted*, 2011 WL 13227980 (E.D. Va. June 3, 2011).

Plaintiff's bad faith includes Plaintiff withholding responsive discovery from her own counsel, refusing authority to provide responsive discovery, and terminating counsel in an effort to avoid discovery. A party's refusal to comply with the urging of their own counsel to abide by court discovery orders is both willful and in bad faith. If discovery could be prevented by the device of firing counsel, courts would be powerless to enforce discovery.

In particular, Plaintiff's failure to appear for her deposition deprived Defendant of her personal knowledge about her claims and the counterclaims, and even the opportunity to assess

8

the full scope of the prejudice caused by Plaintiff's willful disregard of the other discovery orders aimed at making her deposition more useful.  No excuse has been offered for Plaintiff's continuing intransigence, and she has gone so far as to terminate her counsel and to withhold from her the discovery ordered by this Court.

"Under the second factor, the Fourth Circuit has explained that sufficient prejudice results when the adversary's noncompliance hinders the moving party's ability to get basic and responsive information needed to defend against the claims." *Hall v. Arlington County, Va.,* 2014 WL 12521382, *4 (E.D. Va. March 14, 2014) (dismissal for discovery violations), *adopted*, 2014 WL 12524651 (E.D. Va. April 8, 2014), *aff'd*, 585 Fed.Appx. 52 (4th Cir. 2014).   Here, the Magistrate overruled multiple objections of Plaintiff, and instead enforced Defendant's document requests and interrogatories seeking, among other things, details about Plaintiff's alleged damages (D.E. 68-8, Interrogatory 8), the precise defamatory statements alleged (i*d*., and the production of documents relied upon by Plaintiff, including relevant communications about Halper, and about her publications (D.E. 68-7, RFPs 2, 7-10, 16, 19).  The magnitude of the loss of basic responsive discovery is obvious from Plaintiff's complete refusal to respond to a court-ordered first set of interrogatories, a first set of document requests, and a plaintiff/counterdefendant's deposition.

The degree of prejudice is severe.  Plaintiff has brought her second defamation cause against Halper which is heavily dependent upon what communications were made by Defendant and Plaintiff to third parties.  No discovery has been produced of Plaintiff's communications about Defendant to anyone.  Conversely, Defendant has disclosed that one of his defenses is that Plaintiff's continuing self-publication of her own alleged defamation for years precludes any

9

liability of Defendant.[1]  Plaintiff has refused to produce any of her communications.  "These violations obstructed meaningful discovery as to every factual allegation [Plaintiff] made in this case." *Harmon*, at *8

The willful nature of Plaintiff's defiance of this Court's orders demonstrates the need for both specific deterrence of Plaintiff and general deterrence of others. "[N]oncompliance as stalling and ignoring the direct orders of the court with impunity ... must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 93 (4th Cir.1989).  "Parties that engage in repeated, willful violations by withholding discovery material must face consequences for their actions." *Harmon,* at * 8 (citing *Wright v. James City Cty.*, 2014 WL 1056693, at *2 (E.D. Va. Mar. 18, 2014), *aff'd,* 589 Fed.App'x. 186 (4th Cir. 2015) ("Plaintiff here has acted not out of an inability to comply, or out of confusion, but in obstinate, willful adherence to her incorrect and overruled positions.").

As this Court warned Plaintiff, a dismissal and default judgment are appropriate judicial responses to Plaintiff's discovery violations.  Plaintiff is a foreign resident, one who has asserted that this Court lacks personal jurisdiction over her despite her demands for judicial relief from this Court since May of 2019.  There is little this Court can do to enforce its orders against Plaintiff abroad.  Having purposely availed herself of this Court's resources for three years, Plaintiff cannot be permitted to avoid the consequences of defying this Court here.

No lesser sanction is justified here.

---

[1] *See, e.g.*, *Hickey v. St. Martin's Press, Inc.*, 978 F. Supp. 230, 237 (D. Md. 1997) ("The general rule is that, if a person claiming to be defamed communicates the allegedly defamatory statements to another, not liability for any resulting damages is incurred by the originator of the statements.").

10

Evidentiary sanctions commensurate with the withheld discovery, such as barring testimony from Plaintiff, or precluding reliance upon discovery concealed, in the context of the defamation claims and counterclaims here, is tantamount to a dismissal. *Hall v. Arlington Cnty., Virginia*, 2014 WL 12521382, at *4 (E.D. Va. Mar. 14, 2014) ("Other courts have noted that such lesser sanctions can be tantamount to dismissal because the exclusion of essential testimony and evidence would in effect eviscerate the plaintiff's case whereby making dismissal the more appropriate option."), *adopted*, 2014 WL 12524651 (E.D. Va. Apr. 8, 2014), *aff'd*, 585 Fed.App'x. 52 (4th Cir. 2014).

Financial sanctions are meaningless. When this Court imposed a $33,000 financial sanction upon Plaintiff under Rule 11, her counsel represented to defense counsel that she had no money to pay the judgment (as to which he was jointly liable). Whether this is true, or not, Plaintiff's real financial capacity has been evaded by Plaintiff's refusal to appear for her first noticed deposition about her financial ability to pay this Court's judgment, and her continuing evasion of a second deposition on all relevant financial issues.

Given the magnitude of the withheld discovery, it would be difficult, if not impossible to secure the core evidence relevant to this case from other sources. As the *Clatterbuck* opinion observed, an evidentiary preclusion sanction is not superior to dismissal because of the scope of the discovery loss would otherwise justify summary judgment.

**B. This Court Should Strike Plaintiff's Dispositive Motion and Supporting Declaration**

Plaintiff's objective in seeking to quash or stay her deposition was to obtain a ruling upon her dispositive motion (D.E. 70) before having to provide discovery relevant to Defendant's counterclaims. When she lost this effort before the Magistrate, and then this Court, she decided to achieve that objection by violating this Court's orders, choosing not to produce discovery to

11

her own counsel, and not attending her ordered deposition. To facilitate the stonewalling of discovery, Plaintiff terminated the legal services of her own counsel.[2] This Court should not reward this gambit by considering Plaintiff's dispositive motion. Instead, this Court should strike Plaintiff's dispositive motion, and require leave of Court before Plaintiff can seek any further judicial relief in this case.

One example of the prejudice flowing from Plaintiff's misconduct is Plaintiff's summary judgment motion's exclusive reliance upon an alleged declaration of Plaintiff dated August 19, 2022. D.E. 70-1. That declaration makes a number of factual assertions that are alleged to be material undisputed facts. *See* D.E. 70, at 2-3. By failing to produce discovery or submit to a deposition, Plaintiff has denied Defendant the ability to respond to this declaration.

In particular, the Declaration appears to be inadmissible. The declaration purports to be following the declaration language of 28 U.S.C. § 1746, but it fails to include the statutorily-required language for authentication of declarations signed abroad—that the declarant swear "under penalty of perjury under the laws of the United States." *Id*. § 1746(1). Instead, the Lokhova declaration follows the format required of persons located in the United States. *Id*. § 1746(2).

Courts refuse to consider declarations that fail to submit the Declarant to the penalty of perjury. *See, e.g., Forbes v. Villa*, 2013 WL 12164779, at *2 (C.D. Cal. Dec. 3, 2013) (citing

---

[2] This is an admission of Plaintiff that her counsel of record no longer is her agent capable of binding her. *See Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 279 (D.R.I. 2004) (citing *Restatement (Third) of Agency,* at § 2.03, cmt c.("Apparent authority terminates and a principal is no longer bound by the actions of his or her agent when the third party receives notice that the agent and principal have terminated their relationship or of an event that makes it reasonable for the third party to infer that the principal no longer consents to the agent's acting on the principal's behalf. *Schock,* 56 F.Supp.2d at 194; *Schock v. United States,* 21 F.Supp.2d 115, 121–22 (D.R.I.1998); *Restatement (Second) of Agency,* § 125 & cmts. a & c.")

cases), *aff'd sub nom. Forbes v. Cnty. of Orange*, 633 Fed.App'x. 417 (9th Cir. 2016); *Ostrow v. GlobeCast Americas, Inc.*, 2011 WL 4853568, *4n.4 (S.D. Fl. Oct. 13, 2011) (refusing to consider declaration on summary judgment lacking reference to perjury laws of the United States), *aff'd*, 489 Fed.Appx. 433 (11th Cir. 2012).  In addition, "'unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.'" *Lee v. Wal-Mart Stores, Inc.*, 2011 WL 796784, *4 (E.D. Va. March 1, 2011) (quoting *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)).

Given Plaintiff's refusal to appear in the United States, it is more than likely that her Declaration was signed abroad, but failed expressly to submit Plaintiff to the perjury laws of the United States.  This would have been one of many topics at her deposition, but she failed to submit to such an examination.  This Court can, and should, disregard and strike Plaintiff's declaration until it is properly authenticated through discovery.

Moreover, Plaintiff counsel of record has indicated that Plaintiff has terminated her services as counsel for Plaintiff.  Under Virginia law, discharged counsel must withdraw from the representation.  Va. Rule Prof. Conduct, 1.16(a)(3).  Plaintiff should not be permitted to terminate the services of her counsel to avoid compliance with the Court's discovery orders, while using the services of her former counsel to seek judicial relief from this Court.  Defendant respectfully submits that, given Plaintiff's termination of her own counsel, this Court should preclude Plaintiff from seeking judicial relief—including the pending dispositive motion—through discharged counsel.

**Conclusion**

For the foregoing reasons, this Court should dismiss Plaintiff's claims, grant default judgment on Defendant's counterclaims, and bar Plaintiff from seeking further judicial relief in this case without leave of Court.

Respectfully submitted,

By: ____/s/_____

Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant
Stefan A. Halper*