IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Svetlana Lokhova, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1603 (LMB)(WEF) |
| ) | |
| Stefan A. Halper, ) | |
| ) | |
| Defendant/ ) | |
| Counterclaimant ) | |
| _____) | |

## Defendant Halper's Third Notice of Plaintiff's
## Non-compliance with Court Orders

Defendant Stefan Halper hereby submits his third notice that Plaintiff has been, and remains, in non-compliance with the orders of this Court. In support thereof, Defendant Halper states as follows:

1. On September 13, 2022, the Court filed on the record a letter ("Letter") dated September 6th from Plaintiff Svetlana to the Court regarding her failure to attend her noticed, and court-ordered, September 6th deposition in London. D.E. 111. The Letter claims that Plaintiff had previously instructed her "then-counsel" to inform the Court: (i) that she had "been suffering for some time from severely deteriorating health," and (ii) that

1

    Plaintiff is prohibited from providing discovery under an agreement with Special Counsel Durham. *Id*. The Letter contains no affidavit or other support for Plaintiff's representations made therein.

2. The Letter states that Plaintiff received a forwarded copy of Defendant's discovery in July 2022, that she fired her counsel on August 26, 2022, and that she could not travel to the United Kingdom. D.E. 111. The Letter further states that she advised her then counsel "in advance" that she would not be able to attend her deposition that had been noticed for September 6, 2022. *Id*.

3. The defense written discovery in question (interrogatories and document requests) was emailed to Plaintiff counsel (Ms. Gordon) on July 25, 2022, ten days after the commencement of the discovery period. D.E. 68-7, at 17 (Exhibit G) (document requests); D.E. 68-8, at 14 (Exhibit H) (interrogatories). Because Plaintiff counsel objected on July 30th to service of any discovery by email (D.E. 68-2), this discovery was then re-served by hand upon Plaintiff counsel on August 1st, D.E. 71-5 (declaration of service). Because Plaintiff's Letter asserts that Plaintiff

received a forwarded copy of this discovery in July, she received the original sets of discovery emailed to Plaintiff counsel on July 25th.

4. Plaintiff Lokhova should have known upon her July receipt of defendant's discovery requests, that firing her counsel on August 26th--two days after discovery responses were due--would have the effect of further delaying the timely production of the requested discovery. Plaintiff has taken no steps since then to respond to this discovery or to the court orders enforcing it.  Plaintiff's Letter to the Court offers no such discovery, or discovery assurances. D.E. 111. To the contrary, it asks for a stay of Plaintiff's own lawsuit, in an apparent effort to continue her ongoing contempt of this Court's prior discovery orders.

5. Plaintiff's stay request is based upon an alleged but unidentified conflict between Plaintiff's prosecution of her own case and her alleged obligations to Special Counsel Durham dating from early 2020.  For context, Plaintiff brought this suit in December 2020 and then perfected an appeal to the Fourth Circuit claiming that she was unfairly deprived of discovery that she had never propounded.  Now, plaintiff seeks a litigation stay to justify her continuing violations of this Court's discovery orders.

Plaintiff's litigation and discovery obligations to this Court and to Defendant do not take a backseat to her claimed duties to the Special Counsel. Such a claim is meritless on its face. Nonetheless, Plaintiff's failure to raise this objection until *after* violating this Court's discovery orders constitutes a waiver of it.

6. On August 1, 2022, defense counsel served a notice for Plaintiff to be deposed at defense counsel's Alexandria office on September 6th. D.E. 71-5 (service); D.E. 71-2 (notice).

7. On August 19th, Plaintiff counsel Gordon filed a motion for a protective order seeking to quash the deposition notice, to extend her expired time to file objections under Local Rule 26, and to delay all prospective deadlines for Plaintiff discovery responses by 15 to 30 days. D.E. 68. Plaintiff did not seek this protective order based upon any health claim or obligation to Special Counsel Durham, but rather on Plaintiff's counsel's schedule in another matter. Plaintiff's counsel did not identify these issues to the Court, notwithstanding the fact that Plaintiff now asserts that she had so-advised her counsel to do so. D.E. 68. Defendant agreed to facilitate

resolution of the filed protective order motion by agreeing to notice it for the scheduled initial pretrial conference of August 24th.

8. On the same day (August 19th), Plaintiff filed a motion for summary judgment on the counterclaims that was supported by a Declaration of Plaintiff dated August 19th. That Declaration did not identify where it was executed by Plaintiff.

9. Defendant opposed the protective order motion on August 22nd (D.E. 71), and Magistrate heard the motion on August 24th. At this hearing (the initial pretrial conference), Plaintiff counsel did not raise Plaintiff's health or Special Counsel Durham as a justification for any discovery delay, but instead claimed that the demands of her own professional schedule [1] prevented her from reading the July discovery until August 17th.[2] The

---

[1] Plaintiff counsel raised a scheduling issue regarding a trial during the first half of August (from August 8th to 15th), which was why she claimed that she "did not personally receive and review these discovery requests until Wednesday, August 17, when she began opening the mail." DE. 68, at 4. Plaintiff counsel obviously had received a copy of this discovery when emailed on July 25th because she responded with an email objecting to email service of this discovery on July 30, 2022, noting that a response would otherwise be due within thirty days, or by August 24th. D.E. 68-2. According to Plaintiff's Letter to this Court, Plaintiff herself received forwarded copies of these same discovery requests in July, presumably from Plaintiff counsel. D.E. 111.

[2] Plaintiff's counsel found time to file motions on August 19th for a protective order motion (D.E. 68) and for summary judgment (D.E. 70) and a motion to disqualify defense counsel on August 23rd (D.E. 73), and subsequent briefs.

Magistrate found that Plaintiff's counsel's schedule constituted excusable neglect for her failure to tender timely objections under Local Rule 26.

10. On August 24th, the Magistrate otherwise denied the protective order motion in its entirety and confirmed the September 6th deposition date for Plaintiff.  D.E. 76.  To ensure that the discovery was produced in time for use in advance of this deposition, the Magistrate scheduled a process whereby objections would be resolved in advance of the discovery production deadline he set for noon on September 3rd.  Specifically, Plaintiff was given until 5 PM on August 26th to file her overdue objections, Defendant until August 29th to respond, Plaintiff until August 30th to reply, and the Magistrate would hold a hearing on Plaintiff's objections on August 31st.

11. On August 26th, according to the Letter, however, Plaintiff terminated the legal representation of her counsel, Ms. Gordon. D.E. 111. That would be one month after the original service date of Defendant's discovery on July 25th.

12. Plaintiff's counsel nonetheless timely filed Plaintiff's discovery objections at 5 PM on August 26 (D.E.78) and replied to Defendant's Opposition brief (D.E. 82) on August 30th (D.E.83)   In these filings, Plaintiff did not raise any objections based upon her health or obligations to Special Counsel Durham. *Id*.  Nor did Plaintiff's counsel mention in this briefing from August 26th to August 30th that Plaintiff had terminated her legal representation on August 26th (as Plaintiff now represents in her Letter).

13.  Also on August 26th, Plaintiff's counsel filed a Rule 72 appeal to this Court from the Magistrate's denial of her protective order motion, seeking to stay the deposition of Plaintiff, to delay Plaintiff's discovery deadlines, and to restrict her discovery obligations to Plaintiff's claims. D.E. 78, at 14.  On September 1st, Plaintiff counsel also filed a Reply Brief in support of this appeal.  D.E. 89.  Plaintiff counsel noticed the hearing on her motion for the Friday following her motion, on September 2nd, providing Plaintiff a second opportunity prior to September 6th to delay Plaintiff's deposition.  D.E. 79.

14. In Plaintiff's appeal briefing, Plaintiff did not mention the termination of Plaintiff counsel, Plaintiff's health, or any obligations to Special Counsel Durham. D.E. 78 & 89.

15. On August 31st, the Magistrate held a hearing to address Plaintiff's numerous objections to Defendant's document requests and interrogatories. Plaintiff counsel objected to all defense discovery requests. *See* D.E. 80 & 80-2 & 3. The hearing on Plaintiff's discovery objections took four hours. The Magistrate made it clear that Plaintiff had to disclose whether any documents were being withheld on the basis of Plaintiff's stated objections, in accordance with Fed. R. Civ. P 34(b)(2)(C). Plaintiff counsel did not raise during the hearing any objection or issue regarding her prior termination as counsel, Plaintiff's health, or any obligations to Special Counsel Durham.

16. At the August 31st hearing, Plaintiff counsel argued that the several paragraphs of the Amended Complaint recycling Plaintiff's allegations from *Lokhova I* about Operation Crossfire Hurricane, the Russian hoax, and the smearing of General Flynn (*see, e.g.*, D.E. 52, Amended Complaint, ¶¶ 1-4, 6, 49, 98) were no longer part of this case, and

therefore not the proper subject of discovery. When defense counsel raised doubts about the process of amending a complaint in open court, the Magistrate responded that defense counsel could hold Plaintiff to the representations of her counsel made in open court. At that time, neither the Magistrate nor Defendant were aware that Plaintiff counsel had been terminated the week before (on the 26th).

17. Plaintiff counsel also argued that no discovery should be permitted on the counterclaims because they were "specious" and subject to a dispositive motion. The Magistrate rejected this objection, but indicated that Plaintiff could revisit this issue if the counterclaims were dismissed.

18. During the August 31st hearing, the Magistrate found that the timing of Plaintiff's deposition and related discovery was appropriate given the circumstances of this case. At the conclusion of the August 31st hearing, the Magistrate ordered Plaintiff to produce the enforced discovery to defense counsel by noon on September 3rd. D.E. 87. This was timed to give defense counsel access to the enforced discovery in advance of Plaintiff's September 6th deposition. Plaintiff's counsel did not then

advise the Magistrate that she had previously been terminated on August 26.

19. On September 2nd, this Court overruled Plaintiff's objections to the Magistrate's denial of Plaintiff's protective order and the discovery deadlines that had been set. D.E. 91. This Court also found that the timing of the discovery and the deposition was appropriate for this case. At the hearing, Plaintiff counsel indicated that she was having difficulties communicating with her client, was therefore intending to withdraw at some time in the future, and currently had no discovery from Plaintiff to produce the following day other than some documents counsel had previously obtained.[3]

20. At the September 2nd hearing on Plaintiff's objections to the Magistrate's denial of a protective order, Plaintiff counsel asked the Court to order her to produce the documents already in her possession, which it did. To

---

[3] Plaintiff had nonetheless been sufficiently in contact with Plaintiff's counsel to forward her Declaration dated August 19th in support of summary judgment. D.E. 70-1.

accommodate Plaintiff, the Court *sua sponte* ordered that the deposition take place in London, at defense counsel's offices, by ZOOM, at 1 PM BST on September 6th.  D.E. 91 & 92.  At this hearing, Plaintiff counsel did not object to the convening of the deposition in London by Zoom, nor did she disclose that Plaintiff was not then residing in the United Kingdom.

21. On September 3rd, at about noon, Plaintiff counsel emailed two cover letters (Exhibit 1 & 2) to defense counsel indicating that counsel was producing only documents in the possession of Plaintiff counsel, and was doing so on behalf of Plaintiff.  *Id*.  Plaintiff counsel explained that "I had expected that Plaintiff would have responsive documents and would be receiving them from Ms. Lokhova, or others," but "do not have such documents to produce now."   Exhibit 2. The letters do not state that counsel had been terminated by Plaintiff a week before. No written interrogatory answers or written document responses were tendered.  The September 3rd letters do not claim that responsive discovery was being withheld based upon Plaintiff's health, or because of any obligation to Special Counsel Durham.

22. The documents produced were almost exclusively public government investigation documents from Operation Crossfire Hurricane, the Mueller investigation, the Flynn prosecution, and the DOJ Inspector General's investigation of Operation Crossfire Hurricane—the very topics that Plaintiff counsel had represented to the Magistrate fell outside of the latest abbreviated version of Plaintiff's lawsuit, and therefore should not be discoverable. For example, 92% of the documents produced (849 out of 924 pages) were public government documents about these investigations, as opposed to only three emails from Plaintiff, totaling 4 pages. The balance of the production (71 pages) consists largely of two media articles from *Lokhova I*, duplicate copies of a potential publication agreement, and copies of exhibits which plaintiff counsel claimed to have previously filed in this case. Exhibit 2.

23. On Monday, September 5th, Defendant filed a first Notice with the Court of Plaintiff's non-compliance with the discovery orders of the Magistrate and this Court. D.E. 96.

24. As ordered by the Court, defense counsel arranged for a ZOOM deposition at his firm's London offices at 1 PM BST on September 6th.

At midnight before Plaintiff's counsel confirmed by email that she was in contact with Plaintiff, and Plaintiff would not be present for her deposition.  Plaintiff did not appear for the deposition.  Plaintiff counsel appeared and claimed that she had announced to the Court at the September 2nd hearing that her legal representation had been terminated. No claim or objection was made by Plaintiff's counsel at the deposition that Plaintiff's failure to attend was due to illness or to any obligation to Special Counsel Durham, or that Plaintiff was not in the United Kingdom. Given the short notice on the London deposition location directed by the Court to accommodate the convenience of Plaintiff, the non-legal expenses to conduct the Zoom deposition exceeded $3,000.

25. On September 6th, defense counsel filed a second Notice of Plaintiff's non-compliance with the orders of this Court regarding appearing for her deposition. D.E. 100.

26. On September 7th, Defendant filed a motion to dismiss, and for default judgment, based upon Plaintiff's prior violations of this Court's discovery orders.

13

27. On September 8th, this Court ordered Plaintiff's counsel to advise the Court immediately whether she still represented Plaintiff, and if not, to file a withdrawal motion.  D.E. 104.  Plaintiff counsel filed a motion to withdraw as counsel, which this Court granted that day, rendering Plaintiff a *pro se* litigant, and requiring the furnishing of "an address at which Plaintiff can receive notices from the Court."  D.E. 106.

28. On September 9, 2022, this Court issued a show cause order directing Plaintiff to show why her complaint should not be dismissed and default entered on the counterclaims and mandating that she "immediately" provide the Court and defense counsel with an address to which communications can be sent.  D.E. 108. This Court's Order warned Plaintiff that a pro se litigant's failure to provide reliable contact information "can be an independent ground for dismissal of that party's complaint or answer."  *Id.*

29. As of this date, September 15th, defense counsel has not received any address from Plaintiff to which to send notices, filings, or communications.  This has prejudiced Defendant from conducting discovery because former Plaintiff counsel has refused Plaintiff's consent

to receive discovery by email. D.E. 68-2. In addition, under Fed. R. Civ. P 45(a)(4), third party discovery must be first served upon an opposing party, which cannot happen here because Plaintiff is in noncompliance with this Court's order to provide a reliable address for notices.

30. As of this date, September 15th, the time has expired for Plaintiff to object to the Magistrate's discovery objection rulings of August 31st.

## Conclusion

For the foregoing reasons, this Court should recognize that Plaintiff has been in continuous non-compliance with the orders of this Court since September 3, 2022, has received notice from this Court of her non-compliance, and has taken no steps to bring herself into compliance. The grounds asserted by Plaintiff for her non-compliance with certain of the Orders of the Court cannot be reconciled with representations made to the Court and the Magistrate in the course of the Court's consideration of these issues.

Respectfully submitted,

By: ____/s/_____

Terrance G. Reed
(VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone) : 703-299-5000
(Facsimile) : 703-299-8876
tgreed@lrfirm.net


Robert D. Luskin (*pro hac vice.
granted April 1, 2021*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com


*Counsel for Defendant
Stefan A. Halper*