IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SVETLANA LOKHOVA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1603(LMB)(WEF) |
| ) | |
| STEFAN A. HALPER ) | |
| ) | |
| ) | |
| Defendant/Counterclaimant ) | |
| ) | |

## Defendant Halper's Fourth Notice of Plaintiff Noncompliance with Court Orders

Defendant and Counterclaimant Stefan Halper ("Defendant") hereby gives his fourth consecutive notice of Plaintiff's noncompliance with the orders of this Court. *See* prior notices at Docket Entries (D.E.) 113, 100, 96. Since this Court's Show Cause Order of September 9, 2022 (D.E. 108), the Plaintiff has defaulted upon the following deadlines:

1. The deadline to "immediately provide the Court and defense counsel with an address to which communications may be sent." (D.E. 108) (September 8, 2022).

1

    Defense counsel has received no such address from Plaintiff, nor does the Docket contain any reference to a communication by Plaintiff to the Court of such an address. Exhibit 1 (Reed Declaration, ¶ 2).

2. The deadline of September 15, 2022 to file any objections to the Magistrate's rulings of August 31st order (D.E. 87) denying Plaintiff's discovery objections.

    No such objections have been filed.

3. The deadline to file a response to Defendant's September 7th Motion to Dismiss for Failure to Prosecute and for Default on the Counterclaims (D.E. 103).

    A response was due either September 21st (as a represented party) or at the latest September 28th (as a subsequent *pro se* party). Plaintiff is thus in default of Defendant's motion to dismiss her claims and for default on the counterclaims. D.E. 103.

4. The deadline to file a response to Defendant's counterclaims.

    Plaintiff's answer to the counterclaims was due by September 29th under this Court's scheduling order (D.E. 66), that is, twenty days from the September 9th Order denying Plaintiff's motion to dismiss (D.E. 107) which was September 29, 2022.[1] Plaintiff is therefore in default of the counterclaims under Rule 55(a) of the Federal Rules of Civil Procedure. Exhibit 1 (Reed Declaration, ¶ 3). In other words, while Plaintiff was subject to a show cause order why default should not be entered on the counterclaims for her prior violations of court orders, Plaintiff affirmatively defaulted under Fed. R. Civ. P. 55(a) by not timely answering the counterclaims.

---

[1] This Court's Scheduling Order (D.E. 85) afforded Plaintiff with more time to answer than the 14 days provided under Fed. R. Civ. P. 12(a)(4)(A).

5. The Scheduling Order (D.E. 85) deadline of September 30, 2022 to serve Rule 26(a)(1) mandatory disclosures.

    Plaintiff has not served any such disclosures, although Defendant has timely done so.  Exhibit 1 (Reed Declaration, ¶¶ 5-8).

6. The deadline to show cause by September 30th why the complaint should not be dismissed and a default entered upon the counterclaims. D.E. 108.

    As of this filing (October 3rd), Defendant has not received any response from Plaintiff to this Court's show cause order, and the Docket does not contain any Plaintiff response other than the response ruled insufficient by this Court on September 13, 2022 (D.E. 112).  Exhibit 1 (Reed Declaration, ¶¶ 9, 10).

Plaintiff is therefore in default of this Court's Show Cause Order (D.E. 108). Plaintiff is further in default under Rule 55(a) of Defendant's counterclaims (D.E. 65). Plaintiff is also in default of the Rule deadline to oppose Defendant's motion to dismiss her claims and for entry of default of the counterclaims (D.E. 103). Local Rule 7F(1).

These pleading and filing defaults are in addition to, and subsequent to, Plaintiff's multiple violations of court discovery orders that led this Court to issue its Show Cause Order of September 9, 2022. D.E. 108.  These discovery violations include:

Plaintiff's failure to produce interrogatory answers and document request responses as ordered by the Magistrate, D.E. 87, and enforced by this Court. D.E. 91;

3

>Plaintiff's failure to produce responsive documents ordered by the Magistrate and this Court on September 3rd (*id*.);[2] and

>Plaintiff's failure to appear for her court-ordered deposition in London on September 6th.  D.E. 91 & D.E. 113 (summary of discovery violations).

These successive discovery order violations occurred at a time when Plaintiff was still represented by counsel. *i.e*., through September 7th, making Plaintiff presumably aware of these deadlines.  Moreover, all of these missed deadlines, save the Show Cause Order deadlines, were set by Court Order or rule when Plaintiff was still represented by counsel.

The record in this case demonstrates Plaintiff's consistent failure to participate in discovery.   More than half of the discovery period has passed (80 out of 147 days) without any participation by Plaintiff.   A complete failure to participate in discovery justifies dismissal and default. *Unifi Export Sales, LLC v. Mekfir Int'l Corp*., 233 F.R.D. 443 (M.D.N.C. 2005); *Construction Laborers Trust Funds for Southern California administrative Company v. Rosal*, 2008 WL 4500757 (C.D. Cal. Oct. 6, 2008).

---

[2] As explained in Defendant's Third Notice of Plaintiff Noncompliance (D.E. 113), Plaintiff's former counsel produced some documents that were already in her possession on September 3rd, but she explained in her production letters that she had not received responsive documents from Plaintiff to produce.  *Id*. at ¶¶ 21-22; D.E. 113-1 & 2.   Most of these documents were public government documents.

## Conclusion

For the foregoing reasons, Defendant respectfully submits that Plaintiff is in continuing noncompliance with the Court's orders and the obligations of a Plaintiff in this Court.

Respectfully submitted,

By: ____/s/_____
Terrance G. Reed (VA Bar No. 46076)
Lankford & Reed, PLLC
120 N. St. Asaph St.
Alexandria, VA  22314
(Phone): 703-299-5000
(Facsimile): 703-299-8876
tgreed@lrfirm.net

Robert D. Luskin (*pro hac vice*)
Paul Hastings LLP
875 15th ST NW
Washington, DC 20005
202-551-1966
202-551-0466
robertluskin@paulhastings.com

*Counsel for Defendant*
*Stefan A. Halper*